# EXHIBIT M



United States Marshals Service POLICY DIRECTIVES

### SERVICE OF PROCESS

## 11.1  SERVICE OF PROCESS, GENERAL

**A.**   **Purpose:**  to set policy for United States Marshals Service (USMS) execution of certain civil process, criminal process, foreign process, admiralty (maritime actions) and sales of property.

*B.*   **Authority:**  28 U.S.C. § 566(c) provides general authority for the USMS to execute civil and criminal process.  Foreign process should be served in the United States in accordance with Rule 4 of the *Federal Rules of Civil Procedure*.  The Director's authority to supervise and direct all activities of the USMS is set forth in 28 U.S.C. § 561(g).

**C.**   **Policy:**

1.   *Criminal Process*:  The USMS is responsible for serving most federal court criminal process.  When appropriate, the USMS should make a request to the court or the U.S. Attorney to appoint or grant an alternate server.  The USMS should not question the jurisdictional authority or any aspect of the piece of process unless there is good reason to believe the process is not legal on its face.  All returns on process executed by USMS will be promptly filed with the appropriate court.

2.   *Civil Process*:  The USMS is primarily responsible for the service of civil process (except for a summons and complaint or subpoena unless directed to do so by the federal court).  In any district where immediate service of civil process can more easily be affected by someone other than the USMS, the U.S. Marshal should request that the court or the U.S. attorney appoint or approve alternate servers.

3.   *Admiralty*:  The USMS, by carrying out federal court orders, becomes involved in admiralty matters of two types: actions that enforce maritime liens or actions against a person(s).  The U.S. Marshal can be directed by a warrant or writ to arrest, attach, or garnishee the vessel, property, or cargo and to hold it pending further order of the court.

4.   *Foreign Process*:  The USMS is responsible for service of foreign process as assigned by the Civil Division, Office of Foreign Litigation (OFL), Department of Justice.  U.S. Marshals are not authorized to travel to foreign countries to deliver subpoenas in either criminal or civil cases.  Service on foreign states or their agencies or instrumentalities must be made in accordance with the relevant provisions of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1608.

5.   *Sales*:  The USMS is responsible for conducting sales under writ of execution, judicial sales, judicial foreclosure sales, and forfeited or condemned property.

**D.**   **Responsibilities:**

1.   **U.S. Marshals:**  follow guidelines in USMS *Service of Process* directives to do the following:

   a.   Execute civil process as ordered by the federal court.

   b.   Execute federal court criminal process as directed.

    c.      Serve foreign process in accordance with the Hague Service Convention.

    d.      Carry out proceedings *in rem* and *in personam* as ordered by the federal courts.

    e.      Conduct sales when necessary.

    f.      File returns on all process executed with the appropriate court.

    g.      Enter all process service information into the Justice Detainee Information System (JDIS), Service of Process module within five working days after the end of the month for inclusion into the USM-360, Workload Report.

2.    **Deputy U.S. Marshals:**  are authorized to execute process as directed by the U.S. Marshal and the federal courts.  Deputy Marshals will follow the USMS *Service of Process* directives.

**B.**    **Definitions:**

1.    **The Hague Service Convention:**  a multilateral treaty that provides for the service of foreign documents.

2.    **Form OBD-95, *Record of Service of Foreign Judicial Document*:**  form used to facilitate processing of Hague Service Convention requests by the Office of Foreign Litigation.

3.    **Proceeding *In Rem*:**  actions brought to enforce any maritime lien.

4.    **Proceedings *In Personam*:**  proceedings against one or more individuals.

5.    **Civil Summons:**  process beginning a civil action requiring the defendant to appear and answer the complaint (*Federal Rules of Civil Procedure*, Rule 4).

6.    **Criminal Summons:**  In the form of a warrant, a criminal summons commands the appearance of an individual before the court (*Federal Rules of Criminal Procedure*, Rule 4).

7.    **Subpoena:**  A subpoena commands the appearance of an individual and/or the production of specified items before the court (*Federal Rules of Criminal Procedure*, Rule 17; *Federal Rules of Civil Procedure*, Rule 45).

United States Marshals Service **POLICY DIRECTIVES**

### SERVICE OF PROCESS

## 11.1  FEES, EXPENSES, AND COMMISSIONS

**A.**     **Authority:**  28 U.S.C. § 1921 provides the statutory basis for the U.S. Marshal to receive fees, expenses, and commissions in executing federal court civil process.  The attorney general has established regulations at 28 C.F.R. § 0.114 setting forth the applicable U.S. Marshal's fees. For additional information, see USMS directive, *5.2 Financial Management, District Accounts*.

**B.**     **Fees:**

1.     **Procedures:**

a.     **Fee Schedule:**  The U.S. Marshal will charge the following fees to private litigants for service of process by a Deputy U.S. Marshal (or contract guard):

1.     For each item served by mail or forwarded for service in another judicial district: $8

2.     For each item served (or service attempted) in person: $55 per Deputy U.S. Marshal per hour or portion thereof. (There is no time minimum or separate overtime charge.)

b.     **Administrative Costs:**  Preparation of a notice of sale, bill of sale, or U.S. Marshal deed will be charged at $20 per item.  Copies will be charged at $.10 per page.

c.     **Number of Deputies Used:**  The U.S. Marshal has the discretion to determine the number of deputies used to execute process in a secure manner.  But because the number of deputies used in serving a particular piece of process is calculated into the process fee, the number of deputies utilized must be subject to a reasonableness standard.  In other words, the number of deputies used must be related to the security concerns of a particular execution and not for the purpose of generating additional revenue for the USMS.

2.     **Definitions:**

a.     **Item:**  An item is defined as all papers issued in one action which are served simultaneously on one person or organization.  A consolidated multicase action is construed as one action under this definition.  A person or organization includes any individual, entity or thing that is subject to service of process under federal law.  The U.S. Marshal has the discretion to determine the number of items upon which fees will be calculated; however, this number is subject to a reasonableness standard to avoid excessive charges.

**Examples:**

1.     A summons and complaint, temporary restraining order and writ of attachment to be served simultaneously on a defendant should be construed as one item.

    2.      A summons and complaint, temporary restraining order, and writ of attachment to be served simultaneously on two separate defendants in the same lawsuit should be construed as two items.

        a)     A summons and complaint, temporary restraining order and writ of attachment in two separate lawsuits but served simultaneously on a single defendant should be construed as two items.

    b.      Even though the service in two of the above examples has been construed as two items, the U.S. Marshal should only charge one mileage expense.

**C.    Expenses:**

    1.     **Definitions:**

       a.     **Out-of-pocket Expenses:**  These may include mileage at Federal Travel Regulation rates, tolls, parking, guard hire (other than using a guard to serve process, which is calculated at the same rate as service by a deputy), storage, advertising, appraisal and insurance, etc., and are recoverable items of expenses from private litigants.

       b.     **Procedures:**

         1.     **Mileage:**  Mileage rate is computed at the applicable rate set forth in the Federal Travel Regulations.

         2.     **Overtime:**  Because of the existence of the fee schedule, which applies to service of process during non-duty hours, a separate hourly overtime rate will not be charged.

         3.     **Deposit:**  A private litigant is required to provide the U.S. Marshal with a sufficient advance deposit to cover the amount of U.S. Marshals' fees and expenses expected to be incurred in executing the process.

         4.     **Indigent Litigants:**  Under 28 U.S.C. §§ 1915, 1920 and 1921, the court may order the U.S. Marshals Service to serve a summons and complaint on behalf of an indigent litigant.  The U.S. Marshal, however, should not undertake collection of the associated USMS fees and expenses unless he or she believes that such collection efforts would be cost-effective. Instead, the U.S. Marshal should present his or her fees and expenses for pauper service to the court and request that the court tax the fees and expenses in favor of the U.S. Marshals Service.  In the case of a favorable judgment for the indigent person or other circumstances, such as settlement, collection of these fees and expenses would then be possible.

**D.    Commissions:**

    1.     **Policy:**

       a.     Determination of the U.S. Marshal's commission is governed by 28 U.S.C. § 1921. Under that section, the U.S. Marshal is entitled to receive as a commission 3 percent of the first $1,000 collected and 1.5 percent on the excess of any amount over $1,000.  In any case, the attorney general has determined that the

minimum commission to be charged is $100 and the maximum allowable commission charged is $50,000.

b.    In order for the U.S. Marshal to be entitled to the statutory formula-based commission, the U.S. Marshal must perform three functions:

1)    seize or levy on property

2)    dispose of the property by sale, set off or otherwise and

3)    receive and pay over money.

c.    If the U.S. Marshal fulfills all these requirements, the amount of the commission must be computed according to the above-referenced formula and cannot be altered by the court.  If the U.S. Marshal does not perform all three requirements, he or she is not entitled to receive the statutory commission, but may receive a commission determined by the court, within the $100 - $50,000 range established by the Attorney General

d.    **Credit Bid:**  A credit bid submitted by judgment creditor constitutes "receipt and pay over of money" within the meaning of 28 U.S.C. § 1921; thus, a judgment creditor will generally be liable for paying the U.S. Marshal's statutory commission when a credit bid is submitted at a USMS sale.  In some cases (commonly in private mortgage foreclosure actions), a judgment creditor may submit a credit bid of a nominal sum, such as $1.00, in an attempt to avoid payment of the U.S. Marshal's commission.  In such a case, the U.S. Marshal's commission should be calculated on the basis of the amount of the judgment lien or, if established, the appraised value of the property under levy, whichever is smaller.  For example, if a creditor holding a $1 million dollar judgment directs the U.S. Marshal to execute a levy on a parcel of real estate worth $500,000.00, and the judgment creditor submits a credit bid of "$1.00 plus costs," the U.S. Marshal commission should be based on $500,000.00, which amounts to $7,515.00.

2.    **Definitions:**

a.    **Seizure or Levy:**  Service of a writ of foreclosure in a judicial foreclosure action constitutes a "seizure" or "levy" within the meaning of 28 U.S.C. § 1921.

E.    **Government Agencies:**

1.    **Background:**

a.    As a general matter, service of process on behalf of the federal government is considered to be a part of the normal duties for which the USMS is funded to perform in the Salaries and Expenses Appropriation.  Thus, when the U.S. Marshal serves process on behalf of the U.S. Attorney, the Department of Justice, or Congress, the costs of such service are borne by the USMS.  In addition, the U.S. Marshal is expected to bear all costs in executing civil process in cases brought by the Department of Justice to enforce federal laws on behalf of agencies such as the Food and Drug Administration (FDA).

b.    There are several federal agencies, however, that engage in commercial practices, such as providing low-interest loans to private entities.  Although the following list is not exhaustive, the more common lending agencies that engage in commercial litigation are:  the Farm Services Agency (FSA), a component within the Department of Agriculture; Small Business Administration (SBA); and

the Department of Veterans Affairs (VA).  With the exception of the FSA, a federal agency in this category is authorized to sue in its own agency name and receive appropriated funds for such litigation expenses.  As explained below, these "sue and be sued" agencies may be required to pay certain expenses of the USMS in executing civil process on behalf of the agencies.

c.      Finally, there are government corporations, such as the Federal Deposit Insurance Corporation (FDIC), Federal National Mortgage Association (FNMA), and Federal Home Loan Mortgage Corporation (Freddie Mac), which may obtain government agency status for certain purposes, yet may not be considered government agencies for purposes of being charged USMS fees and commissions.

2.      **Procedures:**

a.      **Fees:**  Generally, when serving process on behalf of the Department of Justice and other federal agencies, including agencies engaged in commercial litigation, the U.S. Marshal will not charge the agency a service of process fee.  Even though fees are not generally charged, the U.S. Marshal should nevertheless record all applicable fees and mileage on a form USM-285 for record keeping purposes.

b.      **Expenses:**  In cases involving federal agencies engaged in commercial litigation, the U.S. Marshal will charge the agency the out-of-pocket expenses incurred, which may include mileage, tolls, parking, guard hire, storage, advertising, appraisal, insurance and recording fees.  There is an exception, however, for out-of-pocket expenses incurred in FSA foreclosure actions which are the responsibility of the U.S. attorney.

c.      **Overtime and Per Diem:**  Overtime and per diem expenses are considered to be intrinsic costs and should not be charged, but are assumed to be constructive earnings in government foreclosure sales.  These charges should not be collected unless an excess remains after the out-of-pocket expenses and the deficiency judgment are subtracted from the funds created by the sale.  Consequently, U.S. Marshals should avoid incurring overtime and per diem expenses in serving civil process on behalf of federal agencies.  But if special services are needed in a time-critical fashion by a federal agency and the agency is willing to pay overtime and per diem expenses, the U.S. Marshal may, on a case-by-case basis, charge such expenses to the requesting agency.

d.      **Commissions:**  Generally, if the receipt of a commission will deprive the government agency of payment on its judgment, the U.S. Marshal's commission will be waived to the extent of that deprivation.

e.      **Write-off of Uncollected Charges for Processing Fees and Mileage:**  Write-off authority is delegated to the U.S. Marshal to terminate collection activity for charges in private civil matters of $100 or less for each court case.  A form USM-109, *Request for Write-Off of Uncollectible Charges*, must be completed, listing the details of the collection efforts, and signed by the U.S. Marshal.  Requests for write-off of charges in excess of $100 must be forwarded to the Office of Finance for approval on form USM-109.  The request must be accompanied with a detailed USM-286 listing the charge to be terminated.  Upon receipt of the approved request from either the U.S. Marshal or Office of Finance, the district fiscal personnel will enter the write-off into the automated accounting system.  A copy of the approved request will be placed in the USM-286 file to document

termination of the collection activity.  A second copy of the document will be placed with the current month's financial accounting records.

**Examples:**

1.  If a third party (a private party or nonfederal agency) bids the highest bid at a USMS sale and the federal agency is a junior lien creditor, the U.S. Marshal receives out-of-pocket expenses first.  If taking a commission would deprive the federal agency of partial or full payment of its lien, then no commission will be charged.  Otherwise, the U.S. Marshal is entitled to charge a commission.  The balance remaining is then further reduced to reimburse the U.S. Marshal for any overtime and per diem expended.

2.  If a third party bids the highest bid at a USMS sale and the federal agency is the senior lien creditor, the U.S. Marshal receives out-of-pocket expenses first.  The next expense would be the agency's judgment lien.  If proceeds from the sale remain after those expenses are paid, the U.S. Marshal is reimbursed for any overtime and per diem expended.

3.  If the government agency submits a credit bid, the U.S. Marshal shall not charge a commission, overtime, or per diem expenses.

F.  **Government Corporations:**

1.  **Policy:**

    a.  **FDIC:**  When the FDIC acts as a receiver, it acts on behalf of a failed bank's creditors and shareholders.  Consequently, because payments resulting from the sale of the failed bank's assets would benefit private parties, the FDIC should be treated as a private litigant and the U.S. Marshal should collect applicable fees, expenses, and commissions.

        When the FDIC acts as a corporate insurer, it acts on behalf of the United States in insuring the failed bank's deposits.  In its corporate insurer capacity, the FDIC is treated as a federal agency and is not required to pay the U.S. Marshal's fees, but in any event, will still be required to pay the U.S. Marshal's out-of-pocket expenses, and possibly commissions.

    b.  **Freddie Mac:**  Freddie Mac is a government corporation; however, it is a publicly held organization.  Consequently, funds recovered by Freddie Mac do not benefit the government, but rather the private shareholders of the corporate stock. Thus, Freddie Mac should be treated as a private litigant and the U.S. Marshal should charge and collect applicable fees, expenses, and commissions.

    c.  **FNMA:**  While the FNMA is a government corporation, it is publicly held. Consequently, funds recovered by the FNMA do not benefit the government but the private shareholders of the corporate stock.  Thus, the FNMA should be treated as a private litigant, and the U.S. Marshal should charge and collect applicable fees, expenses, and commissions.



United States Marshals Service POLICY DIRECTIVES

**SERVICE OF PROCESS**

## 11.1 WORKLOAD REPORT

A.     **Background:**  Form USM-360, *Service of Process Workload Report* will be prepared in accordance with the guidelines below by Headquarters.  Districts must ensure that all information is entered into the SOP within five days of the end of each month.  A copy of the report can be run and maintained in district files.

B.     **Definitions:**

1.     **Service of Process Workload Report:**  a report that captures the number of federal or private court orders with attempted service (returned unexecuted) or successful service (by mail/in person) by the USMS.  Some process items are not required to be entered into the SOP module due to their tracking in PTS.  Refer to the SOP module drop down list for process that must be entered.  [Items that are excluded on the report: *Writ of Habeas Corpus*, *Judgment and Commitment* and *Warrants of Removal* (captured in PTS), *Notices Before Arrest* (administrative documents associated with Form AO 238, *Warrant of Arrest* (which is already captured in WIN), and Form USA-475, *Request of U.S. Attorney for Production of Federal Prisoner in the Custody of the U.S.* (this is not a court order requiring a return of service).]

2.     **Process (Item):**  a legal document signed and sealed by the clerk of court, U.S. District Judge, or U.S. Magistrate Judge and requiring a return of service.

3.     **Count of Items:** Process that has a USM-285 associated with it will be entered into Justice Detainee Information System (JDIS), Service of Process module as one piece of process and entered with the USM-285 process type. If multiple pieces of process are associated with one USM-285, they will be entered as "Additional Related Process" under the main USM-285 process type.  Process which does not have an associated USM-285 will be counted as individual pieces of process. In addition, refer to the USMS Policy Directive 11.1, *Fees, Expenses, and Commissions* for definition of Items.

4.     **Indigent Litigant:**  a person who is lacking a sufficient amount of funds, as determined by the court, to be able to fund the prosecution of defense of litigation.

C.     **Guidelines:**

1.     **Procedures:**

a.     Upon receipt, an item should be entered into JDIS, Service of Process module with the following data at a minimum:

1)     Process Type

2)     Court/Case Number

3)     Process Number (automatically generated and cannot be changed)

4)     Received Date (defaults to current date but can be modified)

5)      Created By fields (defaults to user who is logged in and cannot be changed)

6)      Organization Type (government vs. private)

7)      Case Type (civil vs. criminal)

8)      Other related attributes including Indigent, FLU-Debt Collection, Admiralty, Foreclosure, Eviction, and Asset Forfeiture as they appropriately categorize the process.  **If Asset Forfeiture is checked, the Asset Identification Number must be included in the text box to the right.**

Upon confirmation of service (by mail or in person), or attempted service (returned unexecuted), the "item" should be closed out and the following data entered at a minimum:

a)      Assigned To:

- District

- Deputy

- Date Assigned

b)      Service History:

- Date

- Badge number of deputy responsible for the service

- Action

All other available fields should be utilized at the discretion of the district based on individual reporting requirements and operating procedures.

b.      Process forwarded to another district should be entered into JDIS, Service of Process module by the district it was received and forwarded in the application to the correct district.  The actual piece of process is then manually transferred (i.e. mailed, faxed, etc.) to that district for action.  The district that serves the process is responsible for completing all data entry related to the process including, but not limited to, the Assigned to Deputy and the Service History.

c.      All endeavors should be tracked in JDIS, Service of Process module.  If service by mail is unsuccessful, and personal service on the same item is successful, the item should show two attempts, one successfully closing out the process. If two attempts to serve by mail and serve in person on the same item are unsuccessful, the item should be closed out as returned unexecuted.

**D.      Categories of Process on Report:**

1.      **Definitions:**

a.      **Government Civil Process**:  subpoena, writ of attachment, writ of garnishment, writ of sequestration, writ of replevin, writ of assistance, writ of execution, writ of

body attachment, injunction and temporary restraining order, notice of condemnation of real estate and/or personal property, summons and complaint, summons, complaint and warrant of arrest *in rem*, and juror summons originating from a government agency or U.S. District Court.

b.   **Government Criminal Process:**  summons and subpoenas or other process originating from a U.S. District Court.  Some Criminal Process is captured in other systems (WIN, PTS, etc.) and is not included in the USM-360 Report, these include writ of habeas corpus (*ad prosequendum* and *ad testificandum*), warrants of removal, etc.  Refer to the SOP module drop down list for process that must be entered.

c.   **Private Civil Process:**  court-ordered injunctions and civil commitments (summons and complaint, subpoenas, and writs) on behalf of a private or indigent litigant.

d.   **Private Criminal Process:** court-ordered service (summons and subpoenas) on behalf of a private or indigent litigant.

E.   **Validity Checks:**

1.   **Procedures:**  Each district should review the USM-360 Report to ensure accurate data entry prior to ISD's running of the report in JDIS on the fifth day after the end of each month.

2.   Reports may be amended throughout the fiscal year; however, cutoff for the fiscal year is October 10.  After that date, revisions will not be accepted.  Service of process data must remain consistent with those submitted to the Financial Services Division for inclusion in the annual report.



## SERVICE OF PROCESS

**11.1  SALES**

**A.      Sales Under Writ of Execution:**

    1.      **Policy:**

        a.      Sales pursuant to a writ of execution are to be conducted pursuant to the law and procedures of the state in which the district court is located, except to the extent that state law and procedures conflict with applicable federal law (*Federal Rules of Civil Procedure*, Rule 69[a]).  Although the court is generally not involved in directing the manner in which an execution sale is conducted, the court has discretionary authority at all times, and the U.S. Marshal may seek guidance from the court when a dispute arises in a particular matter.

        b.      Proceeds from the sale are to be turned over to the clerk of the court, together with the executed writ, bearing full and proper return and showing the fees and expenses incurred by the U.S. Marshal.

        c.      Each U.S. Marshal should develop procedural guidelines for his or her district regarding the conduct of execution sales.

**B.      Judicial Sales:**

    1.      Judicial sales are conducted under judicial supervision, and the U.S. Marshal is not obligated to follow state law and procedure.  In judicial sales, the U.S. Marshal has broad discretionary authority to determine the manner and conditions of conducting the sale, except to the extent that federal law or an order of the court provides otherwise.  The U.S. Marshal may look to state law for guidance, particularly on interstitial questions which are not addressed by federal procedure; however, he or she is not bound to do so.  Ultimately, the procedures he or she establishes are subject to a test of reasonableness and compliance with conditions set forth in the notice of sale.

    2.      Judicial sales are subject to confirmation by the court.

**C.      Judicial Foreclosure Sales:**

    1.      **Policy:**

        a.      Judicial foreclosure sales should be scheduled at the earliest date possible, and within the statutory requirements of publication under 28 U.S.C. § 2001, *et seq*.  Generally, this should be accomplished without waiting to aggregate several sales in the same locality; however, whenever outlying geographical areas are involved, the U.S. Marshal may allow 10 days to aggregate other foreclosure sales.  If the U.S. Marshal wishes to use the 10-day permissible aggregation period for sales of foreclosed properties in outlying areas, the date scheduled for the sale will be established according to this time period, and publication will proceed without delay.  Other properties that may be subsequently foreclosed in

the outlying area may be scheduled for sale on the same date provided that time requirements for publication can be met.

b.      Unless otherwise advised by the U.S. attorney, the U.S. Marshal will conduct the public sale at the site designated in the notice of sale.  Unless the interested agency desires a sale at the premises, the sale should be scheduled at the courthouse of the county, parish, or city in which the greater part of the property is located (28 U.S.C. § 200l(b)).  If the interested agency will not have a representative present to enter a protective bid, the U.S. attorney may give written authorization for the entry of one bid in a definite amount on behalf of the interested agency.  If the latter procedure is followed, only the authorized bid should be entered for the agency, and no lower or step bids should be entered for the agency.

c.      Except where the decree of foreclosure or other order of the court provides for a redemption period following the foreclosure sale, the U.S. Marshal's deed, as prepared by the U.S. attorney, should be executed and delivered to the successful bidder by the U.S. Marshal or the U.S. attorney as customary in the district.  Delivery should be effected upon payment of the required consideration, if the purchaser is a party other than a government agency.  If the client agency is the successful bidder, as is usually the case, the deed should be issued immediately upon confirmation of the sale by the court, absent a redemption period provided by court order.  If a redemption period is provided for by court order, a certificate of sale is normally delivered immediately following the sale to the government agency, or upon payment of the required consideration by a successful bidder other than the mortgagee, and the deed itself is executed and delivered immediately upon the expiration of the redemption period, absent a redemption.

d.      While the U.S. attorney may advise the U.S. Marshal when a specified action– such as delivery of a deed after a redemption period–is required, each office should have a working suspense system to ensure that all steps in the handling of foreclosures by the U.S. Marshal are conducted promptly.

**D.      Forfeited or Condemned Property:**

1.      **Policy:**

a.      Sales of forfeited or condemned property will be carried out according to Management Support Division Program Directive No. 5, *Seizure, Maintenance, and Disposal of Real Property and Personal Property Subject to Forfeiture*.

b.      If it is necessary for a U.S. Marshal to issue a deed in connection with any sale of property, he or she should consult the U.S. attorney for information and assistance in drawing up the appropriate form under the laws of the particular state.



United States Marshals Service **POLICY DIRECTIVES**

                                                          **SERVICE OF PROCESS**

**11.1 PROCESS RECEIPT AND RETURN, FORM USM-285**

**A.    Background:**   This is a five-copy form set designed as a control document for all civil process and for criminal process involving fees or other charges.

**B.    Procedures:**

1.    One USM-285 is required for each individual or corporation to be served.  The originator of the process will follow instructions for completion on the back of the last copy of the form set.

2.    Upon receipt of process and the completed USM-285 from an attorney or litigant, the U.S. Marshal or designee will indicate the code of the originating district and the district which will serve the process and will acknowledge receipt by signing and entering the date of receipt in the appropriate spaces.

3.    The codes for the originating and serving districts are the last two digits of the disbursing office symbols and are the same as shown in the Marshals Telephone Directory next to each district's name.

4.    Copy five is then returned to the originator, along with a form USM-303, *U.S. Marshal's Receipt* if a deposit was received.  If more than one USM-285 is submitted at the same time for the same case, only the first set is used to acknowledge receipt of process, but the fifth copy of all forms USM-285 submitted are returned to the originator.  All process and transactions in the same court case are recorded under the same case number.

5.    **In-district Service:**

a.    The individuals assigned to make service receive copies 1, 2 and 3 of form USM-285 together with a copy of the process to be served.  Copy four (Billing Statement) of the USM-285, together with the original of the writ to be served, is retained in the U.S. Marshal's office until service is completed.

b.    The deputy assigned to make service maintains copies 1, 2, and 3 as a set and certifies either service of the process or his or her inability to serve it by marking the applicable space on the form.  The date of each unsuccessful endeavor to serve the process is recorded in the appropriate space and the number of miles traveled for each endeavor is entered under remarks.

c.    Actual service of the process is indicated by entering the date, time, and signature of the serving deputy in the space provided.  The appropriate fee for the type of process served and the total cost of all mileage traveled to make service (including endeavors), at the rate established in the Federal Travel Regulation, are entered.

d.    If service is made on a person other than the defendant named in the upper portion of the form USM-285, the name of the person served must be entered by the serving deputy in the space provided in the lower portion of the form; the

address of the person served should also be entered in the lower section, if different from the address in the upper portion.

e.     When all required entries have been made on the form USM-285, the three copies will be delivered to the U.S. Marshal.  Copy 1 is transmitted to the clerk of the court with the original process.  The U.S. Marshal will indicate on copies 2, 3, and 4, any amount owed by or due the originator, such amount being the difference between the costs of fees and mileage and the amount of any advance deposit made.

6.     **Out-of-district Personal Service (other than seizures):**

a.     When process must be served in person at a location in another district, the U.S. Marshal who first receives the process and associated form USM-285 completes the spaces on the form USM-285 titled, *Deposit, District of Origin, and District to Serve*; he or she then signs and dates the form and gives copy five to the originator.  Copies 1, 2, and 3 are mailed to the U.S. Marshal of the district in which service is to be made.  Copy four is retained in the form USM-286, *Receipt and Disbursement Record/Process Record Folder* for control purposes.

b.     The district office first receiving the process (the forwarding district) is to request two checks from the private attorney.  The forwarding district is entitled to the first check for the $3.00 processing fee.  The second check, for the amount of advanced deposit required by the serving district, is to be forwarded along with the USM-285 and any third party check for advance of fees or mileage to be provided to a subpoenaed witness, to the serving district.

c.     Once the service of process has been completed, the serving district will disburse any remaining funds from the advance deposit directly to the private attorney.

d.     The three copies of the form USM-285 and the process are given to the deputy who will make service.  Endeavors and actual service are recorded on the USM-285 as if the process originated in the serving deputy's own district, but after service is made, or when it is determined that service cannot be made, the completed USM-285 (copies 1, 2, and 3) is returned to the district in which it originated, where it will be processed as though service had been made in that district.

e.     When process is received from an attorney in another district, the process must be returned to the attorney with instructions to forward the process to the U.S. Marshal in his or her district.

7.     **Out-of-District Seizures:**  Where a warrant *in rem* or other order to seize property is received from another district, the U.S. Marshal for the district where the property is seized will prepare a form USM-286, *Receipt and Disbursement Record/Process Record Folder*, using the district office number and case number of the originating district.

a.     All costs and income will be recorded and accounted for by the district where the property is seized.

b.     All further process issued by the court in the originating district related to the case will be promptly forwarded to the district where the property was seized.

8.     **Service by Certified Mail:**

a.    When process is to be served by certified mail, copy five of the USM-285 is returned to the originator and copies one through four are retained by the U.S. Marshal pending receipt of post office form 3811, *Return Receipt Registered, Insured, and Certified Mail* indicating delivery of the process.

b.    When the form 3811 is received, copies one, two and three of the USM-285 are completed to indicate that service was effected, including a statement in the remarks space on the form that the service was made by mail.  The mileage space on the USM-285 is left blank when service is made by mail.

c.    The form 3811 and the original process are appended to copy one of the Form USM-285 and returned to the clerk of the court.  Copies two, three and four are processed as though personal service was made.

9.    **Billing for Services:**

a.    The originator of the process must be billed if an advance deposit was not received or if an advance deposit was not sufficient to cover the cost of service.  The amount due must be recorded in the automated accounting system as an uncollected charge.

b.    Billing can be made after the completion of service of all process in a series.  Discretion should be used, however, with regard to billing.  If difficulty is incurred in completing service of process, billing should not be delayed for an extended period of time.  Three months is the limit.

c.    Copies 3 and 4 are forwarded to the originator of the USM-285.  Only copy 2 is retained in the form USM-286, *Receipt and Disbursement Record/Process Record Folder* as the official USMS record copy of the receipt and return of process.

d.    Copy four of form USM-285 will be stamped with a billing stamp as indicated below.  The use of this stamp provides the billed party with a record of total costs and/or balance due after subtracting the initial deposits or advances and to whom the remittance should be made payable:

**Initial Deposit:**

$

**Cost of Service:**

$

**Balance Due:**  Please make remittance payable to United States Marshal

e.    Copy four (Billing Statement) should be returned by the originator with his or her remittance.  Copy two is to be maintained on file by the USMS as proof of service.



United States Marshals Service POLICY DIRECTIVES

**SERVICE OF PROCESS**

**11.1**   *RECEIPT AND DISBURSEMENT RECORD/PROCESS RECORD*, Form USM-286

**A.**   **Procedures:**

1.   The Form USM-286 is a folder designed to hold records and pending copies of form USM-285 as well as provide a printed format for recording important information and activity concerning the service of process. The USM-286 is established for all process whether or not fees or other costs are incurred.

2.   Entries on form USM-286 are handwritten. Initial entries are made immediately upon receipt of the form USM-285.

3.   The uncollected charges balance (column 12) is used to post charges when no advance deposit is made. If an advance was received, but was insufficient to cover charges, the difference remaining to be collected is entered in this column.

4.   When service is on behalf of another federal agency or corporation, only actual expenses, including mileage at the current rate established by GSA (Federal Travel Regulation (FTR), Chapter 301, Part 301-4) are entered.

5.   **Form USM-286 Files:** The following files must be maintained for form USM-286 folders:

   a.   **Current File:** This file includes all forms USM-286 upon which some action must be taken, such as execution of process, refund of balance, collection of expenses incurred where a deposit was not secured in advance, and transfers to Miscellaneous Receipt Accounts.

   Whenever a case is transferred to another district, the records should be closed out and any money balance on hand transferred to the new district. Uncollected earning should also be reported to the other U.S. Marshal for establishing the proper liability in his or her district. When uncollected charges have been reported to another district in connection with the transfer of the case, appropriate entries should be made on the Form USM-286 by each district.

   If desired, the current files may be subdivided to provide separate groupings for folders having uncollected balances.

   b.   **Holding File:** This file facilitates any reconciliation necessary and the location of any errors in the month's work. It contains folders on which all required actions have been completed during the current month. Folders should be transferred from the current to the holding file at the time the last entry is made. After the U.S. Marshal's accounts have been balanced for the month, the holding file is then cleared by transfer of the folders to the closed file.

   c.   **Closed File:** This file represents the historical file and must be maintained for reference purposes. Folders are transferred from the holding file to the closed file at the end of each month as explained above. If further action is taken on a case that has been placed in the closed or holding file, it is removed, posted, and

placed in the current file until all action has again been completed. Before a file is transferred to a closed status, a review is to be completed to ensure that the folder includes copies of all documents to substantiate all transactions recorded for that case in the accounting system.



United States Marshals Service POLICY DIRECTIVES

**SERVICE OF PROCESS**

## 11.2 CRIMINAL PROCESS

**A.     General:**

1.     **Background:**  In accordance with 28 U.S.C. § 566(c) and *Federal Rules of Criminal Procedure*, Rules 4 and 9, U.S. Marshals or their deputies are authorized to execute federal court criminal process.  Historically, the USMS has taken responsibility for serving most federal court criminal process; however, the courts have become more receptive to other law enforcement personnel serving criminal process.

2.     **Authority:**  These general guidelines are presented as an application, not a duplication, of the Federal Rules of Criminal and *Civil Procedure* and of the United States Code, Titles 18 and 28.  In accordance with 28 C.F.R. § 0.111(i) and Rule 32.2(b)(3) of the *Federal Rules of Criminal Procedure*, U.S. Marshals or their deputies are authorized to serve protective orders under 21 U.S.C. § 853(e) and to execute orders of forfeiture under the authority of 21 U.S.C. § 853(g).  All concerned USMS employees are required to become familiar with those rules and statutes in order to appropriately execute the duties described here.

3.     **Policy:**

a.     A law enforcement presence is usually required in the execution of criminal process.  Often the court will order the U.S. Marshal to execute this process.  But if service can more easily be affected by another law enforcement officer, the U.S. Marshal should request that the court or the U.S. attorney appoint or approve an alternate server.

b.     Once an order has been issued by the court, the jurisdictional authority or any aspect of a piece of process should not be questioned by the U.S. Marshal unless there is good reason to believe that the document on its face is not legal.

c.     USMS employees will promptly file returns with the appropriate court on all process executed by the USMS.  The U.S. Marshal is only concerned with the returns for process served by USMS employees.

**B.     Criminal Summons:**

1.     **Criminal Summons:**  In the form of a warrant, a criminal summons commands the appearance of an individual before the court (*Federal Rules of Criminal Procedure*, Rule 4).

2.     **Procedures:**

a.     **Service:**  The U.S. Marshal or deputy will execute service if ordered to by the court.  A criminal summons should be delivered personally to the defendant or delivered to the defendant's residence and left with someone of suitable age, after which a copy of the summons should be mailed to the defendant at the

same address.  In many instances it will be more feasible for an agent of the organization associated with the complaint to execute this process.  U.S. Marshals are encouraged to request such alternate service when it is reasonable.

b.    **Return:**  The return is completed on the original summons by the serving party and filed with the court of issuance before the date that appearance is required.

## C.    Subpoena:

1.    **Subpoena:**  A subpoena commands the appearance of an individual and/or the production of specified items before the court (*Federal Rules of Criminal Procedure*, Rule 17).

2.    **Policy:**

a.    **Service:**  Unless specifically required by the court under *Federal Rules of Criminal Procedure*, Rule 17(b) or requested by the U.S. attorney, U.S. Marshals will seek to be relieved of this responsibility whenever feasible.  Service must be made personally on the individual named or on someone authorized to accept service.  In many instances it may be more feasible for an agent of the organization associated with the prosecution to serve a witness subpoena on the government's behalf.  U.S. Marshals are encouraged to request such alternate service when it is reasonable.

b.    **Return:**  The serving party completes the return on the subpoena form and files it with the court of issuance.

c.    **Military Subpoenas:**  The U.S. Marshal is authorized to serve subpoenas upon civilians issued under the Uniform Code of Military Justice in court-martial cases.  But prior to requesting USMS assistance in serving such a subpoena, the military official should make every effort to use the military's own resources to serve the subpoena.

d.    **Congressional Subpoenas:**  All actions related to the service of congressional subpoenas must be coordinated through the Office of Congressional Affairs (OCA).  The OCA will work with congressional staff and USMS districts to ensure the timely delivery of these subpoenas to the USMS.  The OCA will coordinate with the Deputy Director's office if service of a congressional subpoena is to be on a member of the president's Cabinet or a senior-level Justice Department official.  Additionally, the Deputy Director will be notified if the congressional subpoena is to be served on a private citizen who has received media attention. The district may bring any questions or concerns regarding the service of congressional subpoenas to the OCA.

## D.    Writ of Habeas Corpus:

1.    **Writ of Habeas Corpus:**  A writ of habeas corpus orders the custodian of an individual in custody to produce the individual before the court to make an inquiry concerning his or her detention, to appear for prosecution (*ad prosequendum*) or to appear to testify (*ad testificandum*).  State courts may issue such writs to prisoner custodians to produce federal prisoners.

2.    **Procedures:**

a. **Service:**  The issuing court will specify the party to execute the writ.  The U.S. Marshal or Deputy U.S. Marshal will do so if ordered to by the court.  A copy of the writ may be forwarded to the U.S. Marshal for information only even if he or she isn't ordered to execute it.

b. **Return:**  The executing party will make the return once the prisoner has satisfied the court-ordered appearance(s) and has been returned to the original place of incarceration.  A partial return will be made when the custody of the prisoner has been relinquished to another authorized party for further removal.  Due to the variation in forms, certification may be made either on the front of the writ where indicated or on the reverse side.

3. **Note on Writs of Habeas Corpus:**

a. State prisoners appearing before federal court to satisfy a writ of habeas corpus *ad prosequendum* or *ad testificandum* in federal criminal cases will remain in the U.S. Marshal's custody until the proceedings for which the writ was issued conclude, if so ordered by the court.  In cases where the Interstate Agreement on Detainers Act applies, after the prisoner's appearance in court, the court may order the prisoner to be returned to the state custodian pending further court proceedings.

b. If the case is a federal criminal matter, the USMS will provide for the transportation and custody of state or federal prisoners whose production is commanded.  If a state court issues the writ, the state must provide for the transportation and custody of the federal prisoner.  It is inappropriate for a federal court to issue a writ of habeas corpus to produce a federal prisoner in a state legal proceeding.

c. When a federal court seeks production of a state prisoner for testimony in a civil case in which the federal government is not a party, the court should direct the writ of habeas corpus to the prisoner's state custodian.  The state custodian is responsible for production of its prisoner from the state institution, and this responsibility cannot be shifted by the federal court to the USMS (see *Pennsylvania Bureau of Corrections* v. *United States Marshals Service,* 474 U.S. 34 (1985).  Any court order to the contrary should be opposed.  Furthermore, state authorities should retain custody of the prisoner within the federal courthouse and produce the prisoner each day directly before the court proceeding and house the prisoner for the duration of the proceeding.  Although the U.S. Marshal may opt to permit state authorities to use a USMS cellblock, the state remains responsible for its prisoner.  While the federal court may have some discretion to order the USMS to guard the prisoner during the proceedings, the principal responsibility in this area should lie with the state custodian throughout the prisoner's production in court.  At the conclusion of the proceeding, state authorities are responsible for returning the prisoner to his or her custodian.  The U.S. Marshal should not permit a state prisoner to be housed in a federally contracted local jail facility at the expense of the USMS in such cases.

E. **Warrant of Removal:**

1. **Warrant of Removal:**  A warrant of removal orders that a prisoner be moved from one federal district, where the prisoner is incarcerated, to another that has jurisdiction in the case (*Federal Rules of Criminal Procedure*, Rule 40).

2. **Procedures:**

    a. **Service:**  The U.S. Marshal or Deputy U.S. Marshal will execute the process; he or she should transport a defendant who has been ordered to be transferred to the charging district within 10 days.

    b. **Return:**  The return is completed by the escorting party and delivered to the court where the matter is pending.

    c. **Unlawful Flight to Avoid Prosecution Cases:**  The U.S. Marshal will not execute a warrant or order of removal in an unlawful flight to avoid prosecution case unless specifically authorized by the Department of Justice, Criminal Division.

**F.    Judgment and Commitment:**

1. **Judgment and Commitment:**  A judgment and commitment is a court order to transport and commit a defendant to a designated institution.

2. **Procedures:**

    a. **Execution:**  The U.S. Marshal or Deputy U.S. Marshal will execute the process unless a court orders a voluntary surrender commitment.

    b. **Return:**  Return of this process is filed by the escorting party with the court of issuance.  A return must also be filed at the receiving institution.  In some jurisdictions a copy of the judgment and commitment order should be provided to the prisoner.  A partial return is made if the defendant is temporarily committed to a jail for further removal to the final designated institution.  In the case of a voluntary surrender commitment, the return will be completed by the appropriate Bureau of Prisons official and returned to the originating U.S. Marshal's office.

**G.    Protective Order:**

1. **Protective Order:**  A protective order, including restraining orders or injunctions, is an order of the court used to preserve the availability of property subject to criminal forfeiture and which may be necessary to protect the interest of the United States in property

2. **Procedures**

    a. **Service:**  If ordered to by the court, the U.S. Marshal or Deputy U.S. Marshal will execute service, delivering the summons to the defendant, or leaving it at the defendant's residence with a person at least 18 years old.

    b. **Return:**  The return is completed on the original summons by the U.S. Marshal or Deputy U.S. Marshal and filed with the court of issuance before the date that the defendant must appear in court.

**F.    Final Order of Forfeiture:**

1. **Final Order of Forfeiture:**  A final order of forfeiture is entered by the court as part of the judgment in a criminal case and sets forth the conditions upon which the U.S. Marshal is authorized to dispose of the forfeited assets (Rule 32.2(c) of the *Federal Rules of Criminal Procedure*).

2. **Procedures:**

      a.      **Service:**  In all actions (except forfeiture actions where the cause of action is based upon a criminal statute administered by the Department of Treasury) a U.S. Marshal or Deputy U.S. Marshal executes the final order of forfeiture.

      b.      **Return:**  The return is completed on the original summons by the U.S. Marshal or Deputy U.S. Marshal and filed with the court of issuance before the date of court appearance.

**F.**      **Preliminary Order of Forfeiture:**

    1.    **Preliminary Order of Forfeiture:**  A preliminary order of forfeiture is entered by the court as part of the judgment in a criminal case and sets forth the conditions upon which the U.S. Marshal is authorized to seize or to otherwise encumber the forfeited assets (Rule 32(d)(2) of the *Federal Rules of Criminal Procedure*).

    2.    **Procedures:**

      a.      **Service:**  In all actions (except forfeiture actions where the cause of action is based upon a criminal statute administered by the Department of Treasury) a U.S. Marshal or Deputy U.S. Marshal executes the preliminary order of forfeiture.

      b.      **Return:**  The return is completed on the original summons by the U.S. Marshal or Deputy U.S. Marshal, and filed with the court of issuance before the date of court appearance.



**SERVICE OF PROCESS**

**11.3  CIVIL PROCESS**

**A.      General:**

    1.      **Policy:**

        a.      These general guidelines are presented as an application of relevant portions of the *Federal Rules of Civil Procedure* and of 28 U.S.C.  All concerned USMS employees are required to become familiar with those rules and regulations.  The *Federal Rules of Civil Procedure*, Rules 4 and 4.1, and Rule E(4) of the *Supplemental Rules for Certain Admiralty and Maritime Claims*, clearly define the cases in which the USMS is responsible for service of civil process and the manner in which such service will be made.

        b.      In any district, if service of civil process can more easily be effected by someone other than USMS officials, the U.S. Marshal should request the court or the U.S. attorney to appoint or approve an alternative server.  An amicable working relationship among the U.S. Marshal, the court and the U.S. attorney will allow the U.S. Marshal to keep unexpected or extraordinary workload demands on his or her district for service of civil process to a minimum.

        c.      The U.S. Marshal, as the enforcement arm of the federal court, must execute any order in whatever manner the court requires.  Thus, once the court has issued an order to serve civil process, the jurisdictional or other authority of process generally should not be questioned by the U.S. Marshal unless there is good reason to believe that the document on its face is not legal.

        d.      The U.S. Marshal may validly refuse to serve process when it is clear, on the face of the document, that the process is illegal.  For instance, when a U.S. Marshal was ordered to serve a summons and complaint upon an ambassador, it was held that the Marshal could refuse because it was clear from the face of the complaint that the process was invalid.  But when process is not clearly invalid– i.e., when process may be served in a legal manner–this rule does not apply.  For example, the U.S. Marshal should not refuse to serve a subpoena to a witness for attendance at trial outside of the 100-mile rule, because the witness may choose not to contest validity of service.  Similarly, a summons and complaint served in an area beyond the court's jurisdictional reach should be served because the litigant may choose to waive the personal jurisdictional defect.  When the U.S. Marshal has significant doubts concerning the propriety of executing particular process, he or she should contact the Office of General Counsel, USMS, for advice.

        e.      Returns on all process executed by the USMS will be promptly filed with the appropriate court.  The U.S. Marshal is concerned with returns only for process served by USMS employees.

f.   The Federal Debt Collection Procedures Act of 1990 (28 U.S.C. § 3001-3308) created a uniform federal procedural system for executing prejudgment attachment and postjudgment execution writs issued for collection of debt owed to the United States.  Before the act, this area was governed by state law under *Federal Rules of Civil Procedure,* Rule 64 and 69, and federal debt collection procedures varied among federal districts.  As a result, state law procedures no longer apply.  Rather, U.S. Marshals are to follow the act's uniform federal procedures for attachment and execution of federal debtor property in a government debt collection court proceeding.

**B.   Subpoena:**

1.   **Subpoena:**  A subpoena commands the appearance of an individual and/or the production of specified items on a specific date, time, and place.  The rules for service of a subpoena in bankruptcy cases follow the rules for service of a civil subpoena.

2.   **Territorial Limits:**  Generally, a civil subpoena may be served within the issuing district or outside of the district but within 100 miles of where the deposition, hearing, trial or production is to occur.  Nevertheless, under *Federal Rules of Civil Procedure,* Rule 45(c)(3)(B))(iii), the court may, upon proper showing of need by the requesting party, require a person to travel more than 100 miles to attend trial provided that he or she is reasonably compensated.  A subpoena for the attendance of a witness at a deposition must be issued from the court in which the deposition is to be taken.  A subpoena for the attendance of a witness at a trial must be issued by the court in which the trial is to be held.

3.   **Procedures:**

a.   **Issued By:** The clerk of the U.S. District or Bankruptcy Court signs and issues the subpoena to the requesting party, who will complete it before service.  An attorney, as an officer of the court, may also issue and sign a subpoena.

b.   **Served By:** A subpoena may be served by any person who is not a party and is at least 18 years of age.  Service by a U.S. Marshal is rare, occurring only when ordered by the court or the U.S. attorney.

c.   **Manner of Service:**  A copy of the subpoena must be personally served upon the within-named individual unless local rules permit registered or certified mail service.

d.   **Return:** Return on service of a civil subpoena is to be filed with the clerk of the issuing court by the individual who effects service.  Return should be executed on a copy of the subpoena, either in a designated space on the form or as otherwise required by local rules.  No fees must be tendered if the subpoena is issued on behalf of the United States.

**C.   Writ of Attachment:**  A writ of attachment is a form of prejudgment process in which the court orders the seizure or attachment of property specifically described in the writ.  Such property is seized and kept in the custody of a designated official, usually the U.S. Marshal, under order and supervision of the court.  A writ of attachment is commonly used by a plaintiff to secure a contingent lien on a defendant's property in the event that the plaintiff obtains a judgment against the defendant.  There are various types of attachments, including garnishment, and sequestration, and replevin.

1.  **Territorial Limits:**  The writ is normally limited to execution within the state in which the district court is held unless extended by federal statute, rule or court order.

2.  **Procedures:**

    a.  **Issued By:**  The clerk of the U.S. District or Bankruptcy Court issues a writ, under seal, at the request of a party, upon order of a judge.

    b.  **Served By:**  The writ is served by a U.S. Marshal or another person, presumably a law enforcement officer, specially appointed by the court under the *Federal Rules of Civil Procedure*, Rule 4.1(a).

    c.  **Manner of Service:**

        1)  A U.S. Marshal will serve a writ according to the instructions contained in it and in accordance with state law, which governs procedures for attachment.

        2)  Prior to serving a writ, the U.S. Marshal should make sure it precisely describes the property to be levied and its exact location.

        3)  The requesting party may be ordered to provide an indemnity bond and an advance deposit to cover the U.S. Marshal's estimated out-of-pocket expenses.

        4)  The requesting party should accompany the U.S. Marshal in serving the writ in case questions arise during the execution.

        5)  Generally, the U.S. Marshal will maintain custody of the attached property under court supervision.  Alternatively, the requesting party may be named substitute custodian for the U.S. Marshal and have direct responsibility for the attached property, either by court order or by written agreement with the U.S. Marshal.  If the requesting party has arranged for the property to be moved or stored, he or she must provide the U.S. Marshal with written proof that the storage fees have been paid and adequate insurance against loss or damage has been obtained as evidenced by an insurance certificate.  In addition, if the requesting party is named substitute custodian, he or she must provide a custodian, and he or she must provide the U.S. Marshal with a signed statement holding the U.S. Marshal harmless for any damages incurred as a result of the seizure while the property is in his or her custody.

        6)  **Return:** The individual who effects service will provide proof of service by recording on the writ a description of the action taken according to the instructions contained in it.

D.  **Writ of Garnishment:**

    1.  **Writ of Garnishment:**  A writ of garnishment is a process by which the court orders the seizure or attachment of a defendant's or judgment debtor's property in the possession or control of a third party.  The garnishee is the person or corporation in possession of the defendant's or judgment debtor's property.

    2.  **Background:**

a.     In accordance with Rule 64 of the *Federal Rules of Civil Procedure*, a writ of garnishment may be issued pre- or postjudgment, according to state law and practice.

b.     The U.S. Marshal should ensure that the writ precisely identifies exactly what is to be garnished and where.

c.     The requesting party may be required to provide an indemnity bond and an advance deposit to cover the U.S. Marshal's estimated out-of-pocket expenses.

d.     But under Rule 69 of the *Federal Rules of Civil Procedure*, any process issued to enforce a judgment for the payment of money is called a writ of execution. Consequently, in federal practice, there are no postjudgment writs of attachment or garnishment.  Rather, the writ of attachment is denominated a writ of execution.  Regardless of this denomination, however, enforcement of the writ is governed by state law as applicable to the analogous state law writ and procedure.  Thus, a writ issued by a federal district court in Florida for enforcement of a judgment by garnishment will be called a writ of execution, but the USMS will enforce the writ according to Florida state procedures for garnishment.

3.     **Territorial Limits:**  The writ is normally limited to execution within the state in which the district court is located unless extended by federal statute, rule, or court order.

4.     **Procedures:**

a.     **Issued By:**  The clerk of the U.S. District or Bankruptcy Court will issue the writ, under seal, at the request of a party, upon order of a judge.

b.     **Served By:**  The writ is served by the U.S. Marshal, another person, presumably a law enforcement officer, specially appointed by the court under the *Federal Rules of Civil Procedure*, Rule 4.1(a).

c.     **Manner of Service:**

1)     The writ may be served on the person named or his or her agent.  When a corporation is the named garnishee, the U.S. Marshal may serve the president, vice president, an officer or any person authorized to accept service on behalf of the corporation.  When an individual's salary is being garnished, the U.S. Marshal may serve the pay master.  In all cases, the U.S. Marshal should follow the instructions contained in the writ.

2)     Service usually involves locating, identifying and personally presenting the writ to the named party(ies); physically locating the property; identifying it as garnished; making an inventory; posting the writ and public notice of attachment; and placing the property under the control of the U.S. Marshal pending further instruction by the court.

3)     There is a distinction between garnishment on wages and garnishment on property.  The former places the responsibility upon the employer to collect the debtor's wages, while the latter means the U.S. Marshal must attach material property of the debtor equal to the value of the debt.

d.     **Return:** The individual who effects service will provide proof of service by recording on the writ a description of the action taken in accordance with the instructions contained in it.

E.    **Writ of Sequestration:**

1.    **Writ of Sequestration:**  A writ of sequestration is a prejudgment process which orders the seizure or attachment of property to be maintained in the custody of the U.S. Marshal or other designated official, under court order and supervision, until the court determines otherwise.  The purpose of the writ is to preserve the named property pending outcome of the litigation.

2.    **Territorial Limits:**  The writ is normally limited to execution within the state in which the district court is located unless extended by federal statute, rule or court order.

3.    **Procedures:**

    a.    **Issued By:**  Upon posting of an indemnity bond, the clerk of the U.S. District or Bankruptcy Court issues the writ, under seal, at the request of a party.

    b.    **Served By:**  The writ is served by the U.S. Marshal or another person, presumably a law enforcement officer, specially appointed by the court in accordance with *Federal Rules of Civil Procedure,* Rule 4.1(a).

    *c.*    **Manner of Service:**

        1)    The U.S. Marshal should serve the writ according to the instructions contained within it and in accordance with state law, which governs procedures for sequestration.

        2)    Prior to effecting service, the U.S. Marshal should ensure that the writ precisely describes the property to be sequestered and the location.

        3)    The requesting party may be required to provide an indemnity bond and an advance deposit to cover the U.S. Marshal's estimated out-of-pocket expenses.

        4)    The requesting party should accompany the U.S. Marshal in executing the writ so that he or she may answer any questions that arise.

        5)    Generally, the U.S. Marshal will maintain custody of the seized property under court supervision.  Alternatively, the requesting party may be named substitute custodian for the U.S. Marshal and have direct responsibility for the seized property, either by court order or by written agreement with the U.S. Marshal.  If the requesting party has arranged for moving or storage of the property, he or she must provide the U.S. Marshal with written proof that storage fees have been paid and that adequate insurance against loss or damage has been obtained, as evidenced by an insurance certificate.  In addition, if the requesting party is named substitute custodian, he or she must provide the U.S. Marshal with a signed statement holding the U.S. Marshal harmless for any damages incurred as a result of the seizure while the property is in his or her custody.

    d.    **Return:**  The individual who effects service will provide proof of service by recording on the writ a description of the action taken according to the

instructions contained in it.  The instructions may require that an inventory be done, including the proper value of the property seized.

**F.     Writ of Replevin:**

1.     **Writ of Replevin:**  A writ of replevin is a prejudgment process ordering the seizure or attachment of alleged illegally taken or wrongfully withheld property to be held in the U.S. Marshal's custody or that of another designated official, under order and supervision of the court, until the court determines otherwise.  This type of writ is commonly used to take property from an individual wrongfully in possession of it and return it to its rightful owner.

2.     **Territorial Limits:**  The writ is normally limited to execution within the state where the district court is located unless extended by federal statute, rule or court order.

3.     **Procedures:**

   a.     **Issued By:**  The clerk of the U.S. District or Bankruptcy Court issues the writ, under seal, at the request of a party, upon posting of an indemnity bond.

   b.     **Served By:**  The writ is served by the U.S. Marshal or another person, presumably a law enforcement officer, specially appointed by the court in accordance with *Federal Rules of Civil Procedure*, Rule 4.1(a).

   c.     **Manner of Service:**

      1)     The U.S. Marshal should serve the writ according to the instructions contained in it and in accordance with state law, which governs replevin procedures.

      2)     Prior to effecting service, the U.S. Marshal should ensure that the writ precisely describes the property to be replevied and its location.

      3)     The requesting party may be required to provide an indemnity bond and an advance deposit to cover the U.S. Marshal's estimated out-of-pocket expenses.

   d.     **Return:**  The individual who effects service will provide proof of service by recording on the writ a description of the action taken according to the instructions contained in it.  The instructions may require an inventory to be done, including the proper value of the property seized.

**G.     Injunctions or Temporary Restraining Orders:**

1.     **Injunction or Temporary Restraining Order:**  An injunction or temporary restraining order is an order from the court prohibiting a party from performing or ordering a specified act, either temporarily or permanently.  Also, the court may issue a protective order, including restraining orders or injunctions, to preserve the availability of property subject to civil forfeiture and to protect the interest of the United States in property subject to forfeiture.

2.     **Territorial Limits:**  The injunction or order is normally limited to execution within the issuing district, but may extend outside the district or state upon order of the court if the court has personal (in personam) jurisdiction over the named individual or under statutory authority– i.e.,  in trademark and copyright cases.  However, the parties may only

challenge the court's personal jurisdiction.  The U.S. Marshal will not do so provided the process to be served is regular on its face.

3.    **Procedures:**

    a.    **Issued By:**  A U.S. District Court judge issues the injunction or order under the seal of the clerk of the court.

    b.    **Served By:**  The injunction or order is served by a U.S. Marshal or another person, presumably a law enforcement officer, specifically appointed by the court in accordance with *Federal Rules of Civil Procedure,* Rule 4.1(a).

    c.    **Manner of Service**

        1)    Except in forfeiture actions when the United States is the plaintiff, the requesting party may have to provide an indemnity bond and an advance deposit to cover the U.S. Marshal's estimated out-of-pocket expenses.

        2)    Service is accomplished by serving the within-named individual(s) or addressee(s) in person.

        3)    Unless there is specific enforcement language in the order directed to the U.S. Marshal, the Marshal has no responsibility or authority to assure compliance with the order.  If the party served fails to comply, the requesting party or the court may pursue legal action.

    d.    **Return:**  The individual effecting service will provide proof of service by recording on the writ a description of the action taken according to the instructions contained in it.  The instructions may require that an inventory be done, including the proper value of the property seized.

H.    **Notice of Condemnation of Real Estate and/or Personal Property:**

1.    **Notice of Condemnation:**  A notice of condemnation is the process used to notify a person, corporation, company or counsel that property owned by that party is to be condemned for use by the United States government for reasons as may be explained in the writ.  This notice must contain a description of the property to be seized.  In real estate condemnations, the notice may enumerate all present and past owners of the property.

2.    **Territorial Limits:**  The notice may be served anywhere within the United States.

3.    **Procedures**

    a.    **Issued By:**  The clerk of the U.S. District Court issues and signs the notice under seal.

    b.    **Served By:**  The notice is served by any person who is not a party and who is at least 18 years old.  Because service by the U.S. Marshal may continue to be appropriate in cases brought by the United States, the Marshal should coordinate with the U.S. attorney regarding whether the former should serve the notice in a particular case.

    c.    **Manner of Service:**  The notice may be served in any manner permitted under the service of process law of the state where the district court is located or under

the service of process law of the state where the notice is to be served.  In states where first-class mail service is allowed, Form USM-298, *Notice and Acknowledgment for Receipt of Notice of Condemnation*, can still be used as long as the U.S. Marshal deletes the reference to Rule 4(c)(2) (C)(ii).

4.    **Return:**  The individual who effects service of a notice of condemnation will provide proof of service to the court on form USM-285, *Process Receipt and Return*.

I.    **Summons and Complaint:**

1.    **Summons:**  A civil summons is a written notification to a party named in a lawsuit directing the party to appear at the issuing court and defend or answer before a specified time.  Failure to appear or answer may allow judgment to be entered against the non-responsive party in favor of the plaintiff.

2.    **Complaint:**  A complaint is a statement of the jurisdiction of the court, the allegations constituting the cause of action, and a demand for judgment.  This is the first or initial pleading on the part of the plaintiff.

3.    **Territorial Limits:**  Service of a summons and complaint may be effected within any judicial district in the United States subject to constitutional and statutory restraints.

4.    **Procedures:**

a.    **Issued By:**  Upon presentation by the plaintiff, the summons is signed by the clerk of the court and issued to the plaintiff.

b.    **Served By:**  The summons and complaint may be served by any person who is not a party and is at least 18 years old.  Service is effected by the U.S. Marshal only when specifically ordered by the court.  In general, such court-ordered service will be limited to cases where the plaintiff is authorized by the court to proceed in forma pauperis, under 28 U.S.C. § 1915, or as a seaman, under 28 U.S.C. § 1916.  However, in any case, the court has discretion to order service by the U.S. Marshal.

c.    **Service in Cases Brought by the United States:**  When the party seeking service is the United States, the U.S. Marshal is no longer required to effect service.  The United States, like other civil litigants, is expected to use individuals who are at least 18 years old and not parties to serve its summons and complaints.  Because service by the U.S. Marshal may continue to be appropriate in certain cases, the Marshal should consult with the U.S. attorney about whether the former should continue to effect service of a summons and complaint on behalf of the United States.

d.    **Waiver of Service:**  It is the responsibility of the defendant to avoid the unnecessary costs of serving a summons and complaint; therefore, he or she may waive formal service of process by the plaintiff.  If the defendant fails to waive formal service, he or she may have to pay the costs of obtaining formal service of process on him or her.

1)    For a waiver, the plaintiff must send to the defendant two copies of a *Notice of Lawsuit and Request for Waiver of Service of Summons* form along with a copy of a *Waiver of Summons* form, the complaint, and a self-addressed, stamped envelope for the return of the *Waiver of Summons*.  The plaintiff may obtain the forms from the clerk of the court and may send the notice of waiver, request for waiver form, and

complaint to the defendant by any reliable means, including mail, messenger or fax.

2)     The defendant is allowed a reasonable time to return the waiver–at least 30 days from the date on which the request for waiver is sent.  If the defendant returns the waiver in a timely fashion (within 30 days if addressed within the United States, 60 days if addressed abroad), he or she is not required to answer the complaint until 60 days (90 days if addressed abroad) after the date on which the plaintiff sent the request for waiver and complaint.

3)     If the defendant waives service of a summons, he or she still has the right to object to venue or personal jurisdiction.

4)     If the defendant fails to return the request for waiver in a timely fashion, the plaintiff must request the issuance of a summons and effect formal service on the defendant.  The costs incurred in effecting formal service will be charged to the defendant unless the defendant demonstrates good cause for his or her failure to waive service.

5)     The waiver provision does not apply to several classes of defendants, and these defendants are not expected to waive service of a summons.  The defendants are infants and incompetent persons; foreign, state and local governments; and the United States, its agencies, corporations and officers.  Consequently, these defendants must be served with the summons and complaint.

e.     **Waiver of Service in Pauper and Seaman Cases:**  Although the U.S. Marshal is required to serve a summons and complaint on behalf of paupers and seamen, waiver of service is not actual service of summons and complaint.  Consequently, the U.S. Marshal may not be required to prepare and send the notice of lawsuit and request for waiver forms, along with the complaint, to the defendant.  This may be done by the pauper and seaman plaintiff or the clerk of court.  The waiver, however, is optional for a plaintiff; thus, the pauper or seaman plaintiff cannot be compelled to initiate the waiver process.  It may be beneficial for the U.S. Marshal to send the notice and waiver of service forms to the defendant in order to initially avoid expending resources to effect actual service and to assure that the Marshal will be able to collect service costs from a defendant who fails to voluntarily waive service and, thus, must be actually served by the U.S. Marshal.

f.     **Manner of Service:**

1)     The summons and complaint must be served together as a single piece of process.

2)     Service on individuals and corporations may be effected in any manner permitted under the law of the state where the district court is located or that of the state where the summons is to be served.  In most states the only method of appropriate service is to deliver a copy of the summons and complaint to the defendant personally, to a person of suitable age and discretion residing at the defendant's usual home, or to an agent authorized to receive process for the defendant.  Some states provide for certified mail service as an alternative to personal service.  Several other states provide for service by either personal, certified mail or first-class mail service.  The list of Methods of Service on Individuals by State contains a brief list of state law methods of service on individuals.  The

U.S. Marshal should become familiar with the methods of service in his or her state.

3)   In states where first-class mail service is permitted, a copy of the process will be sent via first-class mail to the address indicated on the USM-285. Form USM-299, *Notice and Acknowledgment for Service by Mail*, can still be used in these states.  The U.S. Marshal should also ensure that the continued use of the USM-299 agrees with his or her state law guidelines for service of process by first-class mail.  Two copies of the USM-299, top portion completed, and a return-addressed, postage-paid envelope must also accompany the process.

4)   When the U.S. Marshal is required to serve federal officials sued in their individual capacities, service may be effected in any manner permitted under the law of the state where the district court is located or under that of the state where the summons is to be served.  When a federal official sued in his or her individual capacity is being served and such service can be accomplished by first-class mail in accordance with state law, the U.S. Marshal can continue to use Form USM-299.  When a federal official is served, the U.S. Marshal should delete the reference to 20 days to answer the complaint in paragraph 5 of the USM-299 and insert, by hand, **"60 days** to answer."

5)   In all cases where the summons and complaint is mailed first class to the federal official, a note should be made on the USM-299 informing the federal official to contact his or her agency, counsel, or responsible U.S. attorney upon receiving the form and the summons and complaint.

g.   **Service on the United States, its Agencies, Corporations or  Officers:**

1)   When the U.S. Marshal is required to effect service on the United States, he or she will use the following procedures in accordance with Rule 4(i), *Federal Rules of Civil Procedure*:

- The U.S. Marshal will deliver a copy of the summons and complaint to the U.S. attorney for the district in which the action is brought.  Alternatively, the U.S. Marshal may deliver a copy of the summons and complaint to an assistant U.S. attorney or clerical employee designated by the U.S. attorney to accept process.  The U.S. Marshal may also send a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. attorney's office.

- In addition to serving the U.S. attorney's office, the U.S. Marshal must also send two copies of the summons and complaint by registered or certified mail to the U.S. attorney general in the District of Columbia.  In tax-refund cases, however, three copies should be sent to the attorney general.

- In any action attacking the validity of an order of an officer or agency of the United States not made a party, the U.S. Marshal must send a copy of the summons and complaint by registered or certified mail to the officer or agency.

2)   In suits against an officer of the United States in his or her official capacity, or against a federal agency or federal corporation, the U.S.

Marshal will effect service as described in Section 2-9(J)(1).  In addition, the U.S. Marshal must send a copy of the summons and complaint by registered or certified mail to the appropriate federal officer, agency or corporation.

h.  **Service of Summons and Complaint on the U.S. Attorney General:**

1)  When the attorney general is sued as a named defendant in his or her official capacity or as part of service on the United States, service is by registered or certified mail to the attorney general in the District of Columbia.  Mail service of this nature is delivered by the Department of Justice mailroom to the appropriate litigating division, not to the attorney general's office.

2)  When the attorney general is sued in his or her individual capacity, because District of Columbia law provides for first-class mail service on individuals, service may be made using the revised USM-299.  When this type of service is received by the Department of Justice mailroom, it is directed to the attorney general's office.

3)  When the attorney general is sued in both capacities, two services should be made–one by registered or certified mail and one by first-class mail–with each reflecting that the other service is also being made.

4)  Because it is difficult for the U.S. Marshal to determine whether the attorney general is being sued in his or her official capacity only, his or her individual capacity only, or both, the U.S. Marshal should request that the clerk of the court, the U.S. magistrate judge or the U.S. District Court judge specify how service is to be made.

i.  **Service on Infants or Incompetent Persons:**  When the U.S. Marshal is required to effect service on infants or incompetent persons, he or she should rely on the procedures that apply under the law of the state where process is to be served.

j.  **Service on State, Municipal Corporations or Other Local Government Organizations:**  When the U.S. Marshal is required to effect service on state, municipal corporations or other local government organizations, he or she should rely on the procedures that apply under the law of the state where process is to be served.  Alternatively, the U.S. Marshal can effect personal service on the local government's chief executive officer.

k.  **Return:**

1)  The person effecting service, if other than a U.S. Marshal, must make proof of service to the court in the form of an affidavit.  If service is effected by the U.S. Marshal, no affidavit is required.  However, the U.S. Marshal must notify the court that service has been effected.  This is generally accomplished by certifying on the form USM-285 that service has been effected and forwarding a copy of the certified form USM-285 to the clerk of the court.

2)  In cases where first-class mail service is appropriate, the suspense copy of the form USM-285 will be held for return of the form USM-299, signed and dated by the recipient of the process.  Once the Form USM-299 is received in the U.S. Marshal's office, certification of return can be made

by the appropriate Marshals Service employee, who will then forward a copy of the certified form USM-285, the signed and dated Form USM-299, and a copy of the process served to the clerk of the court.  It is appropriate for Marshals Service administrative personnel who are involved in the mail service to certify returns on civil process.

l.  **Time Limits:**  Under Rule 4(m) of the *Federal Rules of Civil Procedure*, service must be effected within 120 days after the filing of the complaint.  Therefore, the U.S. Marshal is obligated to ensure the prompt service of the summons and complaint when directed to effect service.

## J.  **Summons, Complaint and Warrant of Arrest *In Rem*:**

5.  **Summons, Complaint and Warrant of Arrest *In Rem*:**  A warrant of arrest *in rem* may be initiated either by a private party or by a federal agency.  Where initiated by a private party, the warrant is issued to enforce a maritime lien against a particular vessel or cargo.  Where initiated by a federal agency, the warrant is issued to enforce a forfeiture pursuant to a federal statute.  When the forfeiture action is against real property, a notice of the complaint will be posted in lieu of serving a warrant of arrest *in rem*.

6.  **Territorial Limits:**

a.  **Maritime Actions:**  *In rem* warrants or notice of the complaint may be executed only within the district of issuance, with the exception of the concurrent jurisdiction between the Eastern and Southern districts of New York [28 U.S.C. § 112 (b) and (c)].

b.  **Forfeiture Actions:**  A forfeiture action may be instituted either in the district in which the property was located at the time of seizure or in the district to which the property was moved for storage after seizure.  In addition, in forfeiture actions under the Controlled Substances Act [21 U.S.C. § 881 (j)], the action may be brought in the district where the person whose actions gave rise to the forfeiture is located.  In the latter case, the warrant of arrest *in rem* or notice of the complaint is forwarded to the district where the property is located for execution.

7.  **Procedures:**

a.  **Issued By:**  A warrant of arrest *in rem* or notice of the complaint is issued by the Clerk of the U.S. District Court.  The warrant or notice of the complaint is issued under Rule C, Supplemental Rules for Certain Admiralty and Maritime Claims, pursuant to a complaint for forfeiture brought by the U.S. Attorney, in a case brought by the Federal Government, or in a private matter, pursuant to a complaint by a private litigant.  The summons directs the party to be served (owner or other interested party) to answer the complaint.

b.  **Served By:**  In all actions (except forfeiture actions where the original seizure was made by the U.S. Customs Service or complaint for forfeiture originated with the U.S. Customs Service), the warrant *in rem* or notice of the complaint is executed by a U.S. Marshal or Deputy U.S. Marshal.  In forfeiture actions where the original seizure was made by the U.S. Customs Service or complaint for forfeiture originated with the U.S. Customs Service, the warrant *in rem* or notice of the complaint may be executed by a U.S. Customs agent.

c.  **Manner of Service:**  The complaint and warrant are posted on the property by the U.S. Marshal, Deputy U.S. Marshal, or, in customs cases only, by a U.S. Customs officer.  Unless otherwise specified on a form USM-285, service of the

complaint and warrant may be accomplished by certified mail to the party(ies) identified on the form USM-285.

    d.    **Return:**  Return will be made by means of a form USM-285, recording any action taken pursuant to the instructions contained on the form.

**K.**    **Writ of Assistance:**

    1.    **Writ of Assistance:**  A writ of assistance is an order directing that a party convey, deliver, or turn over a deed, document, or right of ownership.  This writ, which may also be called a writ of restitution or writ of possession, usually serves as an eviction from real property.  In addition, if a judgment directs a party to execute a conveyance of land, to deliver a deed or other document, or to perform any other specific act, and the party fails to comply within the time specified, the court may direct the act to be done by some other person appointed by the court at the cost of the disobedient party.  Where so performed, the act has like effect as if done by the party.

    2.    **Territorial Limits:**  The writ is normally limited to execution within the state in which the district court is located unless extended by federal statute, rule or court order.

    3.    **Procedures:**

        a.    **Issued By:**  The writ is issued by the Clerk of the U.S. District or Bankruptcy Court, at the discretion of the judge, after judgment is rendered.

        b.    **Served By:**  The writ is served by a U.S. Marshal or other person, presumably a law enforcement officer, specially appointed by the court in accordance with *Federal Rules of Civil Procedure,* Rule 4.1(a).

        c.    **Manner of Service:**  The writ is served according to the exact instructions outlined in the writ.  (Caution:  The writ should specifically identify the party or property to be moved, turned over, or evicted, particularly where two or more parties occupy a dwelling.)

        d.    **Return:**  The person who effects service shall make proof of service by recording the action taken pursuant to the instructions contained in the writ.

**L.**    **Writ of Execution:**

    1.    **Writ of Execution:**  A writ of execution is a process issued by the court directing the U.S. Marshal to enforce and satisfy a judgment for payment of money (*Federal Rules of Civil Procedure,* Rule 69).

    2.    **Territorial Limits:**  The writ is normally limited to execution within the state in which the district court is held unless extended by federal statute, rule, or court order.

    3.    **Procedures:**

        a.    **Issued By:**  The writ is issued by the Clerk of the U.S. District or Bankruptcy Court under seal of the court.

        b.    **Served By:**  The writ is served by the U.S. Marshal or other person, presumably a law enforcement officer, specially appointed by the court pursuant to *Federal Rules of Civil Procedure,* Rule 4.1(a).

        c.    **Manner of Service:**

1)      The U.S. Marshal should serve the writ according to the instructions contained within the writ and in accordance with state law, which generally governs procedures for levy.

2)      Prior to effecting service, the U.S. Marshal should ensure that the writ precisely identifies the location and description of the property to be levied.  The U.S. Marshal should also determine whether any state law-based time limits affect service of the writ.

3)      The judgment creditor may be required to provide an indemnity bond and an advance deposit to cover the U.S. Marshal's estimated out-of-pocket expenses.

4)      The judgment creditor should accompany the U.S. Marshal in executing the writ so that he or she may answer any questions that may arise during execution.

d.      **Custody of Seized Property:**  Generally, the U.S. Marshal will maintain custody of the attached property, under court supervision.  Alternatively, the judgment creditor may be named substitute custodian for the U.S. Marshal and maintain direct responsibility for custody of the attached property, either by court order or by written agreement with the U.S. Marshal.  If the requesting party has arranged for moving or storage of the property, he or she must provide the U.S. Marshal with written proof that storage fees have been paid and that adequate insurance against loss or damage has been obtained, as evidenced by an insurance certificate.  In addition, if the requesting party is named substitute custodian, he or she must provide the U.S. Marshal with a signed statement holding the U.S. Marshal harmless for any damages incurred as a result of the seizure while the property is in his or her custody.  The U.S. Marshal is responsible for advertising and selling the seized property..

e.      **Till Tap:**  A till tap consists of the direct seizure of money from the cash register of a particular business by the U.S. Marshal pursuant to a writ of execution. The propriety of executing a till tap depends on applicable state law. Generally, cash in the individual possession of an employee or owner of a business is not subject to a till tap writ of execution. Generally, where several cash registers are located on the premises of a single business and operating under a single license, only one writ is required to tap all of the cash registers. Conversely, one business location may have cash registers belonging to several different businesses which are legally independent from each other. In the latter situation, if all of the cash registers are to be tapped, the writ must either name and identify every business or a separate writ must be issued for each business. In addition, there may be a situation where several businesses under a cooperative arrangement are using the same cash registers. In such a situation, the U.S. Marshal, in his or her discretion, may decline to execute the writ until the judgment creditor furnishes the U.S. Marshal with a sufficient indemnity bond and adequate assurance that only the judgment debtor's assets are to be seized.

f.      **Return:**  The person effecting service will make proof of service by recording the action taken pursuant to the instructions contained within the writ and by including any answer of attachment and/or inventory. If money is collected, the return must specify how the funds were applied.

**M.     Summoning Jurors:**

1.      **Juror Summons:** A juror summons is a process issued by the court commanding the appearance of an individual to attend and be available for duty on a petit or grand jury at a specified location, time and date.  28 U.S.C. § 1866(b).

2.      **Territorial Limits:**  The summons may be served any place within the district of the court summoning the jury.

3.      **Procedures:**

   a.      **Issued By:**  The summons is issued by the clerk or jury commission of the U.S. District Court.

   b.      **Served By:**  If service is accomplished by mail, the summons may be served by the U.S. Marshal, clerk or jury commission.  If personal service is required, the summons is served by the U.S. Marshal.

   c.      **Manner of Service:**  The clerk or jury commission will first attempt mail service via registered, certified or first-class mail addressed to the named individual at his or her usual residence or business address.  If mail service is not effective, the clerk or jury commission will deliver the summons to the U.S. Marshal for personal service upon the named individual.

   d.      **Return:** Where service is accomplished by mail, the individual who effects service shall make affidavit of service and shall attach thereto any receipt from the addressee for a registered or certified summons.  Where the U.S. Marshal is required to effect personal service, no affidavit is required and return may be recorded on a form USM-285, *Process Receipt and Return*.

**N.     Writ of Body Attachment:**

1.      **Writ of Body Attachment:** A writ of body attachment is a process the court issues directing the U.S. Marshal to bring a person who has been found in civil contempt before the court.  The process may also be called an order of commitment for civil contempt or a warrant for civil arrest.

2.      **Territorial Limits:**  An order of civil commitment of a person held to be in contempt of a decree or injunction issued to enforce the laws of the United States may be served and enforced anywhere in the United States.  An order of civil commitment of a person held to be in contempt of a decree or injunction not involving the enforcement of federal law may only be served at any place within the state in which the district court is located or at any place outside of the state that is within 100 miles of the courthouse.

3.      **Procedures:**

   a.      **Issued By:**  The writ is issued as an order of a U.S. District Court judge, U.S. magistrate judge or U.S. bankruptcy judge under the seal of the clerk of the court.

   b.      **Served By:**  The writ is served by the U.S. Marshal or a Deputy U.S. Marshal.

   c.      **Manner of Service:**  Service is accomplished by taking the named individual (the contemnor) into custody and bringing the individual before the court without undue delay.  Because the writ is civil in nature, the U.S. Marshal generally

should not forcibly enter a residence to execute the order unless the court has provided the U.S. Marshal with specific entry language in the order.  Although the U.S. Marshal may have implicit authority to use reasonable force to execute the order, it is preferable for the U.S. Marshal to seek specific language in the order providing for the use of force.

d.      **Return:** The individual who effects service will make proof of service to the court promptly according to district rules.

**Methods of Service on Individuals by State**

| | |
|---|---|
| ALABAMA | Rules of Civil Procedure, Rule 4(c) provides for either personal service or residence service.  If a written request is filed with clerk, Rule 4.1(c) allows service by certified mail, restricted delivery. |
| ALASKA | Rules of Civil Procedure, Rule 4(d)(1) provides for either personal service or residence service.  In addition, Rule 4(h) allows for service by certified mail, restricted delivery. |
| ARIZONA | Rules of Civil Procedure, Rule 4.1(d) provides for either waiver of service, personal service, or residence service. |
| ARKANSAS | Court Rules, Rule 4(d) provides for either personal service or residence service.  In addition, Rule 4(d)(8)(A) allows for service by certified mail, restricted delivery.  Further, Rule 4(d)(8)(B) allows for service by first-class mail postage prepaid, together with two copies of a notice and acknowledgment of receipt of summons and complaint, and a return envelope, postage prepaid, addressed to sender.  If no acknowledgment is received within 20 days, must attempt personal service. |
| CALIFORNIA | Code of Civil Procedure, § 415.10 provides for personal service.  § 415.20 provides for residence or office service.  § 415.30 provides for service by first-class mail postage prepaid, together with two copies of a notice and acknowledgment of receipt of summons and complaint, and a return envelope, postage prepaid, addressed to sender.  If no acknowledgment is received within 20 days, must attempt personal service. |
| COLORADO | Rules of Civil Procedure, Rule 4(e) allows for personal or residence service. |
| CONNECTICUT | General Statutes § 52-57 allows for personal or residence service. |
| DELAWARE | Court of Common Pleas Civil Rules, Rule 4(f) provides for personal or residence service. |
| DISTRICT OF COLUMBIA | Superior Court - Civil Procedure Rule 4(c)(2) allows for personal or residence service.  In addition, Rule 4(c)(4) allows for service by first-class mail postage prepaid, together with two copies of a notice and acknowledgment of receipt of summons and complaint, and a return envelope, postage prepaid, addressed to sender.  If no acknowledgment is received within 20 days, must attempt personal service.  Rule 4(c)(3) allows service by registered or certified mail. |
| FLORIDA | Florida Statutes, 48.031 allows for personal or residence service. |

| GEORGIA | Georgia Code § 9-11-4 allows for either waiver of service, personal or residence service. |
|---|---|
| GUAM | Rules of Civil Procedure, Rule 4(d) allows for personal or residence service. |
| HAWAII | Rules of Civil Procedure, Rule 4(d) allows for personal or residence service. |
| IDAHO | Rules of Civil Procedure, Rule 4(d)(2) allows for personal or residence service. |
| ILLINOIS | Illinois Rules of Civil Procedure, Rule 5/2-203 allows for personal or residence service. |
| INDIANA | Rules of Trial Procedure, Rule 4.1(A) allows for personal, residence, or  registered or certified mail service. |
| IOWA | Rules of Civil Procedure, Rule 56.1 allows for personal or residence service. |
| KANSAS | Code of Civil Procedure, § 60-303(d) allows for personal or residence service.  In addition, § 60-303(c) allows for certified mail, restricted delivery, or other personal delivery service. |
| KENTUCKY | Rules of Civil Procedure, 4.04 allows for personal or residence service. |
| LOUISIANA | Code of Civil Procedure, Article 1232 allows for personal service.  Article 1234 allows for residence service. |
| MAINE | Rules of Civil Procedure, Rule 4(d) allows for personal or residence service.  In addition, Rule 4(c)(1) allows for service by first-class mail, postage prepaid, together with two copies of a notice and acknowledgment of receipt of summons and complaint, and a return envelope, postage prepaid, addressed to sender.  If no acknowledgment is received within 20 days, must attempt personal service. |
| MARYLAND | Rule 2-121(a) allows for either personal service, residence service, or certified mail, restricted delivery service. |
| MASSACHUSETTS | Rules of Civil Procedure, Rule 4(d) allows for personal or residence service.  Service on state government, county, town, or political subdivision can be made by registered or certified mail. |
| MICHIGAN | Court Rules 2.105(A) allows for either personal, registered mail, or certified mail, restricted delivery service. |

| MISSISSIPPI | Rules of Civil Procedure, Rule 4(d) allows for personal or residence service.  In addition, Rule 4(c)(3) allows for service by first-class mail, postage prepaid, together with two copies of a notice and acknowledgment of receipt of summons and complaint, and a return envelope, postage prepaid, addressed to sender.  If no acknowledgment is received within 20 days, must attempt personal service. |
|---|---|
| MINNESOTA | Rules of Civil Procedure, Rule 4.03 allows for personal or residence service.  In addition, Rule 4.05 allows for service by first-class mail, postage prepaid, together with two copies of a notice and acknowledgment of receipt of summons and complaint, and a return envelope, postage prepaid, addressed to sender.  If no acknowledgment is received within 20 days, must attempt personal service. |
| MISSOURI | Rules of Civil Procedure, Rule 54.13 allows for personal or residence service.  In addition, Rule 54.16 allows for service by first class mail, postage prepared, together with two copies of a notice and acknowledgment of receipt of summons and complaint and a return envelope, postage prepaid, addressed to sender.  If no acknowledgment is received within 20 days, must attempt personal service. |
| MONTANA | Rules of Civil Procedure, Rule 4D allows for personal service.  In addition, Rule 4D allows for service by first-class mail, postage prepaid, together with two copies of a notice and acknowledgment of receipt of summons and complaint, and a return envelope, postage prepaid, addressed to sender.  If no acknowledgment is received within 20 days, must attempt personal service. |
| NEBRASKA | Nebraska Revised Statutes § 25-505.01 allows for either personal service, residence service, or certified mail service. |
| NEVADA | Rules of Civil Procedure, Rule 4(d) allows for personal or residence service. |
| NEW HAMPSHIRE | New Hampshire Revised Statutes, § 510:2 allows for personal or residence service. |
| NEW JERSEY | Civil Practice Rules, Rule 4:4-4(a)(1) allows for personal or residence service.  In addition, Rule 4:4-4(c) allows for either registered, certified, or ordinary mail service, which is effective only if the party serves answers or otherwise appears in response to the lawsuit. |

| | |
|---|---|
| NEW MEXICO | Rules of Civil Procedure, Rule 1-004(F) allows for personal or residence service.  In addition, Rule 1-004(E) allows for service by first-class mail, postage prepaid, together with two copies of a notice and acknowledgment of receipt of summons and complaint, and a return envelope, postage prepaid, addressed to sender.  If no acknowledgment is received within 20 days, must attempt personal service. |
| NEW YORK | Civil Practice Law and Rules, § 308 allows for personal or residence service.  In addition, § 312-a allows for service by first-class mail, postage prepaid, together with two copies of a notice and acknowledgment of receipt of summons and complaint, and a return envelope, postage prepaid, addressed to sender.  If no acknowledgment is received within 20 days, must attempt personal service. |
| NORTH CAROLINA | Rules of Civil Procedure, Rule 4(j)(1) allows for either personal, residence, or registered or certified mail, restricted delivery service. |
| NORTH DAKOTA | Rules of Civil Procedure, Rule 4(d) allows for either personal, residence, or registered or certified mail, restricted delivery, or other personal delivery service. |
| OHIO | Rules of Civil Procedure, Rule 4.1 allows for either personal, residence, or certified, or express mail service. |
| OKLAHOMA | Oklahoma Statutes, Title 12 § 2004(C) allows for personal residence service or certified mail, restricted delivery service. |
| OREGON | Rules of Civil Procedure, Rule 7(D)(2) allows for either personal, residence, office, or registered or certified mail service. |
| PENNSYLVANIA | Rules of Civil Procedure, Rule 402 allows for either personal, residence, or office service. |
| PUERTO RICO | Puerto Rico Laws, Title 32, App. III, Rule 4.4 allows for personal service. |
| RHODE ISLAND | Superior Court Civil Rules, Rule 4(e) provides for personal or residence service if there is no waiver of service. |
| SOUTH CAROLINA | Rules of Civil Procedure, Rule 4(d) allows for either personal, residence, or registered or certified mail, restricted delivery service. |
| SOUTH DAKOTA | Rules of Civil Procedure, Rule 15-6-4(d) allows for personal service.  In addition, Rule 15-6-4(i) allows for service by first-class mail, postage prepaid, together with two copies of a notice and acknowledgment of receipt of summons and complaint, and a return envelope, postage prepaid, addressed to sender.  If no acknowledgment is received within 20 days, must attempt personal service. |

| TENNESSEE | Rules of Civil Procedure, Rule 4.04 allows for personal, residence, or registered or certified mail service. |
|---|---|
| TEXAS | Rules of Civil Procedure, Rule 106 allows for personal, or registered or certified mail service. |
| UTAH | Rules of Civil Procedure, Rule 4(e) allows for personal or residence service. |
| VIRGINIA | Virginia Code § 8.01-296 allows for personal or residence service. |
| VERMONT | Rules of Civil Procedure, Rule 4(d) allows for personal or residence service if there is no waiver of service. |
| VIRGIN ISLANDS | Rules of Civil Procedure, Rule 4(d) allows for personal or residence service if there is no waiver of service. |
| WASHINGTON | Superior Court Rules, Rule 4(d) allows for personal or residence service. |
| WEST VIRGINIA | Rules of Civil Procedure, Rule 4(d) allows for either personal or residence service.  If personal service is unsuccessful, registered or certified mail, restricted delivery service is allowed.  If registered or certified mail service is unsuccessful, service may be made by first-class mail, postage prepaid, together with two copies of a notice and acknowledgment of receipt of summons and complaint, and a return envelope, postage prepaid, addressed to sender.  If no acknowledgment is received within 20 days, must again attempt personal service. |
| WISCONSIN | Rules of Civil Procedure, Rule 801.11 allows for personal service.  If personal service is unsuccessful, residence service is allowed. |
| WYOMING | Rules of Civil Procedure, Rule 4(d) allows for personal or residence service. |



**SERVICE OF PROCESS**

**11.3   ADMIRALTY**

**A.**   **Jurisdiction:**  Admiralty and maritime jurisdiction is part of the judicial power conferred upon the courts of the United States by the Constitution which provides "[t]he judicial power shall extend . to all cases of admiralty and maritime jurisdiction" (Article III, Section 2).  Subject to specific statutes, the authority of a district court is generally limited to the geographical limits of the district, including the territorial waters bordering the district (a distance of approximately 3 miles offshore and approximately 9 miles on the Gulf coast of Florida and Texas).  However, bodies of water that are wholly located within a single state and are not navigable nor used in interstate or foreign commerce would not be included in the admiralty jurisdiction.  In short, admiralty *in rem* jurisdiction of the federal court and the USMS authority to arrest vessels is limited to vessels and/or cargo physically within the territorial jurisdictional authority of the district.

**B.**   **U.S. Marshal's Authority:**  The USMS becomes involved in admiralty matters by carrying out orders of the federal courts (28 U.S.C. § 566) as well as mandates found in the *Supplemental Rules for Certain Admiralty and Maritime Claims*.

**C.**   **Types of Maritime Actions:**  There are three types of maritime actions:  *in rem*, *quasi in rem* and *in personam*.

    1.   **Proceedings *In Rem*:**  *In rem* actions are brought to enforce any maritime lien, which is a right against a particular vessel, its engines, boilers, appurtenances, furnishings, fittings, etc., her bunkers or cargo involved directly in the incident.  The action could have stemmed from a ship mortgage, repairs, the supplying of necessaries, crew wages, collision liability, loss of, or damage to cargo, bodily injury, salvage, wrongful death, or in accordance with authority granted under an applicable statute including some types of forfeiture actions.  Execution of a warrant of arrest of the vessel or cargo in admiralty cases is necessary to acquire jurisdiction in an in rem action.  An in rem suit in an admiralty action must be started in the district where the vessel or cargo or tangible property is located [supplemental rule C(2)(c) and E(3)(a)].  However, if the vessel or cargo or tangible property cannot be found or located therein, then the complaint may be filed in any district of the United States and the allegation made that it is expected within the district within the pendency of the action.  The court will not acquire admiralty jurisdiction until the vessel or cargo or tangible property is actually arrested within that district or dependent on the facts, the parties otherwise agree to jurisdiction.

    2.   ***Quasi In Rem***:  The *Writ of Maritime Attachment* (sometimes referred to as the *Writ of Foreign Attachment*) *and/or Garnishment* is used to acquire personal jurisdiction, to the extent of the value of the property seized, over a defendant not found in the district (not being physically present therein for purposes of service as opposed to doing business in the district) and also acts as security for any judgment that might be obtained in the action.  This section should be followed for the protection, maintenance, and upkeep of that property.  When process in rem or of maritime attachment or garnishment has been issued, the vessel may be seized only in the district issuing the process [supplemental rule E(3)(a)].  Unless otherwise authorized by statute, a U.S. Marshal may not arrest, attach, or garnish property outside the territorial jurisdiction of his or her district [supplemental rule E(3)(a)].

3. ***In Personam***:  In personam actions are proceedings against a person or persons (e.g., the owner or owners of a vessel).  An action in personam is used to secure a judgment against the person rather than against the vessel or other property involved in the incident.  Often an action will be brought both in personam and in rem.

**D.** **Basis for Seizure:**

1. **Procedures:**

   a. The warrant or writ is directed to the U.S. Marshal and commands him or her to arrest, attach, or garnishee the vessel, property, or cargo, and to hold it pending further order of the court.

   b. In cases involving maritime attachment, the complaint must include a request for issuance of the *Writ of Maritime Attachment* and must be accompanied by an affidavit by the plaintiff or his or her attorney that the in personam defendant cannot be found in the district [Supplemental Rule B(l)].  This affidavit should state what efforts were undertaken by the plaintiff to locate the defendant (e.g., checked last known address and defendant not located there or it is outside the district; no listing in the telephone book, etc.).  The U.S. Marshal is entitled to rely on these statements and does not have to commence an independent search for the defendant.

**E.** **General Procedures:**  Upon authorization of the court or the clerk, the clerk will issue a warrant for the arrest of the vessel or other property that is the subject of the action or will issue a *Writ of Maritime Attachment or Garnishment* and deliver it to the U.S. Marshal for service.  There are basic procedures that should be reviewed and followed in order to achieve the arrest, attachment, or garnishment.  Although the *Supplemental Rules for Certain Admiralty and Maritime Claims* authorize persons or organizations other than the U.S. Marshal to be named by the court to execute the warrant of arrest, or writ of attachment or garnishment, seizure of a vessel and tangible property on a vessel remain exclusively the task of the USMS.  Seizure of other tangible or intangible property can now properly be undertaken by other persons or organizations if named by the court in the warrant of arrest, writ of attachment, or garnishment.  In addition, many districts have local rules pertaining to admiralty procedures and these must be followed where applicable.

1. **Receipt of Process:**  Upon receipt of a warrant or writ, the U.S. Marshal should ensure that sufficient copies of the warrant or writ, summons and complaint, and any other pertinent documents (e.g., an order for substitute custodian), have been received; that adequate instructions are included therewith; that appropriate advance fees are received; and that the duties, obligations, and responsibilities of the U.S. Marshal, the attorney for plaintiff, and the substitute custodian, as appropriate, are discussed and understood by all concerned and reduced to writing, as appropriate, on form USM-285, *Process Receipt and Return*. This Form must be filled out by the arresting party and must provide complete detailed instructions for service of process, including the exact location and description of the vessel or property to be seized, the estimated value of the vessel and the cargo; the registry of the vessel; and any other actions required of the U.S. Marshal subsequent to the service.  Whenever possible, the attorney for the plaintiff should contact the U.S. Marshal to discuss the procedures, proposed orders and instructions before commencing the initial procedures (e.g., to discuss any problem related to the seizure, deposits, insurance, substitute custodian orders, etc.).  In some districts, the local rules require this meeting.  If there are any questions which cannot be resolved, the U.S. Marshal may apply to the court for further directions.

2.        **Special Circumstances:**  Wherever possible, information should be provided by the arresting party as to the condition of the vessel ("live" or "dead"); whether a crew is aboard; whether machinery is operable or will have to be operated; whether the vessel is moored or anchored; whether cargo is aboard and, if so, whether it is perishable or nonperishable; whether repair work is being performed; the condition of the vessel; whether a crew will have to be maintained aboard; whether water transportation will be needed; whether the cargo is dangerous or hazardous in nature; whether there may be any problems related to oil pollution; whether the vessel will have to be moved; and any other information that would pertain to the protection, maintenance, and upkeep of the vessel or the property while under seizure, as well as involving the safety of the harbor. This information should be presented to the court and, also, referred to in the court order whenever possible.  If cargo work or repairs are being undertaken, the court order should also provide whether it is to continue; who will be responsible for the performance of the work; and whether the expenses related to such work shall be considered administrative expenses.  There are many situations where the plaintiff only intends to arrest or attach cargo or property upon a vessel (e.g., bunkers), but the aforelisted information will still be necessary and the same approach required as in arresting or attaching the vessel itself since the seizure of the cargo or the property will result in the vessel being detained until provision is made for the removal of the cargo or the property.

Particular problems are presented by the increasing number of attempted arrests of sunken vessels, cargo, and "treasure."  Generally, in handling cases involving special circumstances, contact should be made with the Office of General Counsel, USMS. However, this is particularly true in sunken vessel, cargo, or treasure cases due to both the legal and practical problems related to possession, control, and safekeeping of the property and to obtaining insurance.

3.        **Advance Deposits for Costs:**  Under 28 U.S.C. § 1921, the U.S. Marshal shall collect in advance sufficient fees to cover the cost of service of the process, U.S. Marshal's insurance, and sufficient keeper and maintenance fees [supplemental rule E(4)(e)].  Due to local labor situations and prevailing work conditions, some districts are required to pay a higher hourly or daily rate for keepers, wharfage, etc., than other districts.  Regardless of the going rate, the U.S. Marshal shall insist on a 10-day advance for his or her expenses unless the local rules provide otherwise.  The custody and safekeeping of vessels, cargo, and other seized property pursuant to civil, admiralty, or bankruptcy actions on behalf of private litigants, rests with the U.S. Marshal effecting the seizure and are conditioned upon the advance of sufficient funds by the arresting party to cover the costs incidental to the safekeeping and custody requirements.  If special circumstances exist which will require greater expenditures, then the required deposit should take that into account.  If a substitute custodian is to be immediately appointed, then the amount of the deposit required should also take that into consideration.  The "initial" arresting party is responsible for making the payments; however, there may be a provision in the court's local admiralty rules that covers this situation.

a.        While under seizure the vessel and/or the cargo or property is to be protected and kept safely in essentially the same condition as when it was arrested or attached.  Unless otherwise ordered by the court or provided in the local admiralty rules, all cargo work or repair is to stop at the time of seizure.  No movement of the vessel or improvements or work of a special nature, except emergency actions, may be undertaken without an order of the court.

b.        Following the seizure of a vessel, cargo, or other property, and throughout the litigation, the U.S. Marshal will maintain a minimum balance equal to half of the arresting party's initial deposit, i.e., the equivalent of five days' deposit, to cover the continuing costs of the seizure.  When the arresting party's deposit reaches the five-day minimum, the U.S. Marshal will request an additional deposit of

funds which is sufficient to cover the continuing costs of the seizure for a reasonable time, e.g., 10 days.  If this party fails to deposit the requested funds, the U.S. Marshal will immediately seek relief from the district court including, but not limited to, the right to release the property from arrest or attachment and the arresting party and its counsel will be obligated for any balance due and any sanctions deemed appropriate by the court. Notice of such application shall be given to any or all of the parties as the court may direct [supplemental rule E(4)(d)].

c.    In accordance with 31 U.S.C. § 1341, no government employee, including the U.S. Marshal, has the right to obligate government funds to defray costs or expenses incurred in seizures on behalf of private litigants.  Therefore, no vessel or property should be seized or continued under seizure without receipt of the required advance deposit.  This mandate applies to actions by seamen [see 28 U.S.C. § 1921(a)(2)].  Directions should be obtained from the court when necessary.

d.    When the United States requests the arrest or attachment in an admiralty case, no deposit is required.  The federal government agency referring the claim for action/collection to the Department of Justice will be responsible for all costs and expenses of the arrest or attachment, not the USMS.  Whenever possible, the initiating government agency should be appointed by the court as substitute custodian at the time the warrant is executed by the U.S. Marshal.  It is then the responsibility of the initiating government agency as substitute custodian to bear all costs and expenses pertinent to keeping and maintaining the property following seizure.

4.    **Keeper:**  A "keeper" is a person or party appointed by the U.S. Marshal to act on behalf of the U.S. Marshal who is usually a private person or company that is not an employee of the U.S. Marshal or the United States.

a.    They receive instructions from and are responsible to the U.S. Marshal and will not adhere to instructions, orders, etc., from other sources.

b.    The arresting deputy will review the duties and responsibilities of a keeper with the latter to ensure that the appointed keeper is well acquainted with his or her duties and responsibilities, including any applicable local court rules.

c.    Depending upon the circumstances, it may be necessary to obtain a qualified seaman, engineman, or both to act as keeper of the vessel (e.g., where engines have to be "turned over" or an anchor watch maintained).

d.    If the U.S. Marshals Service selects an independent contractor to act as keeper of the vessel, that contractor must be capable of performing all necessary services as keeper and be financially able to resolve all claims of damages and injuries which may result from the keeper's negligence.

e.    Under certain circumstances, dependent upon the type and size of the vessel and her condition, a "ship's agent" may be used as a keeper.  In that case, the ship's agent will obtain the necessary personnel and equipment required to perform the service.

f.    No keeper will be appointed without an express written agreement for keeper services.

5.      **Substitute Custodian:**  In many instances, an arresting party will obtain an order from the court for the appointment of a substitute custodian to act in place of the U.S. Marshal and his or her keepers.  Often this assumption of responsibility occurs immediately upon the arrest or attachment of the vessel, the cargo, or the property by the U.S. Marshal.  A court order for the appointment of a substitute custodian will accompany the warrant or the writ.

a.      As a requirement of obtaining the order appointing the substitute custodian, the arresting party will file proof satisfactory to the court of financial ability or sufficient insurance coverage to ensure that the substitute custodian can respond to any damages or injuries that might result from the negligence of the substitute custodian.

b.      The order appointing the substitute custodian will discharge the U.S. Marshal from his or her duties of safekeeping the seized property.

c.      The order appointing the substitute custodian, and not the substitute custodian's affidavit alone, must contain a hold harmless and indemnity clause which releases and indemnifies the U.S. Marshal and the United States.

d.      When the United States is the arresting party in an admiralty case, it will act in most cases as a self-insurer.

e.

f.      When the U.S. Marshal releases a vessel, and/or other property seized, to the custody of a substitute custodian, the U.S. Marshal should complete an appropriate return and the substitute custodian should complete an appropriate receipt for the property (see form USM-285, *Process Receipt and Return*).

g.      Generally, an order appointing a substitute custodian also provides that the reasonable expenses of that substitute custodian will be considered administrative expenses.  The substitute custodian, or the arresting party on his or her behalf, is responsible for payment of all custodian expenses incurred, NOT the U.S. Marshal.

F.      **Insurance:**

1.      **Policy:**  The U.S. Marshal will maintain insurance at all times, including when a substitute custodian or keeper has been appointed.  Payments for the premiums must be deducted from the advance deposit collected for the seizure and as subsequently needed. 28 U.S.C. § 1921.

a.      **Type of Insurance:**  Protection and indemnity insurance covering the U.S. Marshal and the United States is required.  There should be no other beneficiaries named.  Other persons or entities seeking insurance should arrange for coverage separately.  Liability is based on fault arising from the negligence of the U.S. Marshal or those acting on his or her behalf pertaining to the custody of the seized property.  The coverage does not cover pollution claims, sunken wrecks sunken cargo or other such property, or claims arising out of underway operations of the vessel.  It is NOT a direct non-liability type of insurance (i.e., insurance that will result in payment for loss of the seized property without fault of the U.S. Marshal).

b.      **Availability of Insurance:**  The U.S. Marshals Service has made insurance available to arresting parties; however, this insurance is not intended to be exclusive.  Any other insurance provided by an arresting party must be at least equivalent to the coverage and amount provided in the insurance provided by the

U.S. Marshals Service.  If the arresting party provides another appropriate insurance, the U.S. Marshal may not purchase an insurance policy on the arresting party's behalf.  Insurance that contains a deductible, an exclusion for property in the care, custody or control of the insured, or an exclusion for property under detention by law is not appropriate liability insurance coverage for the U.S. Marshal in admiralty cases.  Any required inventories, reports, etc., should be made and premiums submitted promptly.  As with other expenditures incurred by the U.S. Marshal, appropriate deposits must be collected in advance to cover such costs.  There are usually a minimum number of days of coverage required by insurance policies.  Also, special situations (e.g., property recovered from wrecks, oil pollution, and dangerous cargoes) may require special arrangements for insurance.  If such insurance is not available, the court and the Office of General Counsel, U.S. Marshals Service, should be notified immediately.

c.     **Amount of Coverage Required:**  The amount of the coverage is not limited solely by the value of the property seized.  Although the property may be of relatively low value, the U.S. Marshal's exposure to potential liability for negligent injury to third parties or property requires that a minimum insurance coverage of $1 million per seizure be obtained.  If the vessel or other property seized is valued over $1 million, then a higher coverage is required.  Moreover, if there are special circumstances (e.g., dangerous cargo on board a vessel to be seized), additional coverage may be required.

d.     **Determination of the Coverage:**  The arresting party is required to provide the value of the property to be seized.  When the seizure will affect other property (e.g., cargo on a seized vessel), the value of that property must also be provided.  Further, any special situations (as discussed in this section, e.g., cargo operations, movement of the vessel) should also be considered.

e.     **Informing the Insurer:**  The insurer must be kept informed of each seizure, the value of the property seized and any existing special circumstances.  If the vessel must be moved, or if work or repairs on the vessel or cargo operations must be performed, the U.S. Marshal must notify the insurer.  If the arresting party or its agent procured the insurance, the arresting party is responsible for notifying the insurer.

f.     **Payment of Insurance Premiums:**  If the insurance is obtained through the U.S. Marshal, the U.S. Marshal must pay the premiums from the advance deposit provided by the arresting party.  If the insurance is obtained by the arresting party or its agent, the arresting party is responsible for paying the premiums.

g.     **Amount of Premium:**  The specific amount of each premium and the method and time of payment, as well as the requirement for the reporting of each seizure, will necessarily depend upon the arrangements made with any particular insurer.  The U.S. Marshal will receive instructions regarding these requirements for any insurance policy obtained by the U.S. Marshal.

h.     **Independent Contractors as Keepers:**  Independent contractors who act as keepers for the USMS must have insurance equivalent to that required for the U.S. Marshal.  Independent contractors can obtain appropriate insurance coverage as keepers through the USMS.

i.     **Substitute Custodians:**  Substitute custodians are required to maintain insurance at least equivalent to that maintained by the U.S. Marshal when the latter is acting as custodian.  If the substitute custodian or the plaintiff have

sufficient assets to act as "self insurer," they may seek an order from the court and must satisfy the court that they can be self-insurers.  Insurance coverage is preferred.  Arrangements have been made by the USMS for substitute custodians to obtain insurance coverage equal to that maintained by the U.S. Marshal when the latter is acting as custodian.  The substitute custodian is responsible for paying the insurance premiums on the substitute custodian's policy.

j.    **Production of the Policy:**  Since the plaintiff will be paying the premiums for the U.S. Marshal's policy and the substitute custodian's policy, if appropriate, that party is entitled to review a copy, or obtain a copy of the policy.  Each U.S. Marshal's office should have available a copy of the policy covering the U.S. Marshal or if requested should obtain one from the insurer.

k.    **Reporting of Incidents:**  Any incident resulting in possible or actual damage or injuries pertaining to or in relation to the property in custody should be immediately reported to the insurer.

G.    **The Actual Arrest:**  Unless otherwise authorized by statute, a U.S. Marshal may not arrest, attach or garnish property outside the territorial jurisdiction of his or her district; thus, a vessel on the high seas (e.g., more than three miles from shore - except Florida on the Gulf Coast and Texas, both of which have limits of three marine miles, or approximately nine miles off the coast) may not normally be arrested by the U.S. Marshal.  Also, depending on the circumstances, not every vessel transiting through the waters of the district may be arrested.  Under concepts of international law (the doctrine of "free passage"), a vessel may transit territorial waters without being subject to arrest.  If a question regarding the U.S. Marshal's authority to arrest a vessel arises from the location of an offshore vessel, the U.S. Marshal should contact the Office of General Counsel, USMS.

H.    **Safety Factors:**  Although a vessel may be physically located within a district, environmental factors such as storms or heavy seas may render it unsafe to attempt to arrest the vessel (e.g., a vessel at anchor during a storm).  The U.S. Marshal should not take undue risks.  Use of helicopters is not recommended under normal circumstances.  Usually, the U.S. Coast Guard will assist in providing water transportation if necessary; however it will not use force to stop a vessel, nor, except under exceptional circumstances, should it be requested.  Boarding of moving vessels should be avoided. Safety for all parties involved should be the first consideration.

I.    **Public Notice of Arrest or Attachment:**  Sufficient copies of the *Notice of Arrest or Attachment* to adequately post the vessel should be prepared.  The original of the *Notice* should accompany the complaint and warrant or writ.

J.    **Water Transportation:**  If water transportation is needed to reach the vessel, the U.S. Marshal should ensure that arrangements for such transportation have been made prior to his or her departure from the office.  As stated, the Coast Guard, if available, will assist in this manner in U.S. government-initiated admiralty seizures.  In private litigation actions, the initiating party is responsible for payment of such transportation costs.

K.    **Service of the Papers:**

1.    **Procedures:**  Upon arrival at the vessel, the deputy will serve a copy of the warrant or writ, the complaint, and the *Notice of Arrest or Attachment* upon the captain or person having custody of the vessel, cargo, or other tangible property, and affix a copy of the public notice in a conspicuous place on the vessel, preferably the wheel house.

a.    The captain or person having custody of the vessel, cargo or other tangible property, should be informed that the vessel, cargo and/or other tangible property

is under seizure, and may not be moved from its present location except in an emergency without the express permission of the U.S. Marshal and in accordance with an express court order.

b.　　　Arrangements should also be made to ensure that the keeper has adequate shelter aboard the vessel, including lodging, if he or she is expected to remain aboard at night.  Subsistence concerns should be resolved before the U.S. Marshal returns to his or her office.

c.　　　The keeper should be instructed to record events concerning the vessel in a log and to contact the U.S. Marshal's Office upon the occurrence of any unusual circumstances effecting the vessel, cargo or other tangible property under seizure

d.　　　As soon as practical, the U.S. Marshal should promptly complete a return indicating the exact time, date and place of the seizure, and any other pertinent information, including the identity of the keeper, on a Form USM-285.

e.　　　Unless the vessel is immediately released pursuant to the posting of a bond, the U.S. Customs Service should be informed of the seizure and requested to deny the vessel clearance to depart the port without notification of release from the USMS [Supplemental Rule E(4)(b)].

L.　　**Special Procedures:**  Upon arresting or attaching the vessel or property, the U.S. Marshal should complete a Form USM-102, *Seized Property and Evidence Control*, and determine whether any special procedures are necessary.  Special procedures will apply whether the vessel is a "dead" vessel, i.e., a vessel whose machinery is not operating and/or no crew is on board, or a "live" vessel.  (The former refers to situations where the machinery is not operating and/or a crew is not aboard.)  The following are examples and are not "all inclusive."  Situations vary not only within different ports, but within ports themselves.  If there are any questions related to any required procedures the U.S. Marshal should contact the Office of General Counsel or the admiralty counsel in the U.S. Department of Justice.

1.　　　If a crew is aboard, all possible information pertaining to the condition of the vessel, its machinery, cargo, lines, anchors, operating capability, etc., should be obtained.

2.　　　Unless the court order or local admiralty rules provide otherwise, all cargo work or repair work must stop.

3.　　　If the cargo is perishable, if there is food aboard, and/or if the refrigeration units are not operating, the U.S. Marshal should be notified, appropriate arrangements should be made and court orders obtained, as needed.

4.　　　If the crew is a foreign crew, the Immigration and Naturalization Service should be notified, as the crew may not be allowed ashore.

5.　　　If any dangerous conditions relating to the seaworthiness or safety of the vessel or the cargo are found or suspected, it may be necessary to obtain a surveyor.

6.　　　If machinery is expected to be operated on the vessel and the crew is aboard, the U.S. Marshal should notify the court so that appropriate orders may be obtained regarding the services to be provided by the crew.

7.　　　In some instances it may be necessary to take photographs, and/or a photographic inventory of the contents.

8.      Whenever possible, an inventory should be made as to valuable portable equipment, property, or other items which may be subject to pilferage.

9.      No property should be removed from the vessel without appropriate authority.  Many vessels contain radios, tape decks, and television sets that belong to the vessel owner and are not crew's property.

10.     Information should be obtained as to the location and contents of sealed areas and rooms, and keys to these areas, if appropriate, should be obtained.  The locations and availability of emergency equipment and services, including shoreside equipment and services, should be determined.  The location and availability of communications equipment for contact with the U.S. Marshal's office and local emergency services should be immediately determined.

11.     The U.S. Marshal should immediately alert the court and the parties to any problems which may relate to, or result in, oil pollution or hazardous cargo.

**M.**     **Special Situations:**  If the vessel or property that is subject to seizure appears at the time of arrest to be in a dangerous condition (e.g., a sinking or sunk vessel, a cargo or vessel on fire, a vessel leaking oil, hazardous cargo aboard), the U.S. Marshal should refuse to arrest the vessel, absent  knowledge of and instruction from the court as stated in the court's orders or supporting documents.  The U.S. Marshal should immediately notify the Office of General Counsel for further instructions, including instructions from the court.

**N.**     **Visitors to Vessel:**  Unless an order of the court has previously been issued making provisions for visitors to board the vessel, no visitors should be allowed aboard the vessel.  The order should contain an appropriate indemnity provision, and all visitors should be required to sign an appropriate waiver form relating to liability for injuries or damage to the property or other persons.

**O.**     **Release of Vessel or Property:**

1.      **Policy:**  A vessel, cargo or other property may be released by order of the court.  Usually this release is based upon the defendant providing a special bond or a general bond.  Dependent upon the type of bond, the parties may also stipulate to the amount and nature of the security.  Additionally, except as to possessory, petitory, and partition actions, under Supplemental Rule E(5)(c), the U.S. Marshal may release property under arrest, attachment, or garnishment upon the U.S. Marshal's acceptance and approval of a stipulation, bond, or other security signed by the party on whose behalf the property is detained or his or her attorney.  Such documents must expressly authorize such release.  Additionally, all costs and charges of the court and its officers, including the U.S. Marshal's, must be paid before the property may be released.  Under Supplemental Rule E(5)(c) it is not necessary that the defendant also sign the document.  Further, under Supplemental Rule E(5)(c), only the U.S. Marshal has the authority to release the property in this manner, even if the property is in the custody of another person or organization having the warrant.  Unless otherwise provided in a court order, the submission of a USM-285 instructing the Marshal to release the seized vessel or property and signed by the party seizing the vessel or property, is acceptable for these purposes.

2.      **Procedures:**

a.      Upon release of the detained property, the party receiving custody from the USMS should sign a receipt for the vessel and the items of property shown on the inventory, Form USM-102, *Seized Property and Evidence Control*.  The party receiving possession should, in the company of the keeper, re-inventory the property or, at the least, be given an opportunity to do so.  Any party who takes

possession of the seized property without an inspection or inventory does so at his or her own risk.

b. Upon receipt of a stipulation by the parties to release the vessel, the U.S. Marshal should release the vessel promptly within a reasonable time. Interveners who have neither placed notice in a public place or notified the U.S. Marshal of their respective claims, nor physically arrested the vessel or property may not delay or prevent the release of a vessel, absent a court order, where the parties who have seized the vessel have stipulated to its release.  The substitute custodian, absent a court order authorizing him or her to do so, does not have the authority to release a vessel or property.

**P.** **Sales of Vessels and Property:**  Although Supplemental Rule E(9)(b) and (c) requires that only the U.S. Marshal arrest or attach a vessel and tangible property thereon, the court may order a person or entity other than the U.S. Marshal named in the warrant *in rem* or a writ to seize and sell other property.  Further, a vessel or other tangible property on board the vessel may be sold by a person assigned by the court if the U.S. Marshal is a party in interest.  Also see 28 U.S.C. § 1921 (c)(1) regarding the use of a public auctioneer.

1. **Policy:**  The U.S. Marshal will sell a vessel or other property seized in an admiralty action for the following types of sales:  an interlocutory sale and a final sale.

a. **Interlocutory Sale:**  This type of sale may be ordered because the property is perishable; because the property or vessel may be subject to deterioration, decay or damage pending final disposition of the action; because the expense of keeping the property or vessel is excessive or disproportionate to its value; Prior to the final disposition of a case, the court may authorize the sale of a vessel or other property under arrest or attachment.  This is usually designated as an "Interlocutory Order of Sale."  This type of sale may be ordered because the property is perishable; because the property or vessel may be subject to deterioration, decay or damage pending final disposition of the action; because the expense of keeping the property or vessel is excessive or disproportionate to its value; or because there is an unreasonable delay in securing the release of the property or vessel.  Any party or the U.S. Marshal may move for an interlocutory sale under Supplemental Rule E(9)(b).

b. **Final Judgment Sale:**  This sale is based upon the judgment that has been issued at the final disposition of the case.

2. **Procedures:**  In some districts, there are extensive local rules pertaining to the performance of an admiralty sale.  These rules should be followed whenever possible.  If the U.S. Marshal is unclear regarding the application of these rules, or any of them, he or she should request instruction from the court.

a. **Sales Orders:** The order authorizing the sale of the vessel or other property will be issued by the court.  Specific provisions contained therein must be followed by the U.S. Marshal.  The U.S. Marshal may set reasonable conditions for implementing the sale if they are not specified in the order itself.  Generally, the parties, or one of them, will contact the U.S. Marshal to determine a convenient date, time and place for the sale, and the conditions or requirements which the U.S. Marshal would like to see included in the order.  The U.S. Marshal should review the proposed order or orders to determine: (1)  whether a minimum bid amount has been set; (2) whether there are required minimum increments in the bidding, e.g., $100 or more, whether credit bids are allowed; (3) whether a certain amount of deposit or down payment is required; whether the number of days for the balance to be paid is designated; (4), whether there are any

limitations regarding who may bid, e.g., an alien restricted from bidding on the purchase of an American flag vessel; (5) whether any special methods of payment are designated, e.g., cashier's or certified checks; (6) whether there are any provisions regarding the filing of objections with the court; (7) whether, in the absence of objections, the court or local rules provide for automatic confirmation of the sale; (8) whether the successful bidder is required to file an order for the clerk of the court's signature stating that no opposition of the sale has been filed to provide a written record for the court and documentation for submission by the new owner to the U.S. Coast Guard or other authorities where the new owner may wish to register the vessel.

b.     **Notice of Sale:**  After the order of sale is issued by the court, a notice of the sale must be prepared.  Usually this is prepared by the initiating party or his or her attorney.  Alternatively, Form USM-62, *Notice of United States Marshal's Sale in Admiralty*, can be used.  This notice should contain the date, location, time of sale, and all conditions connected with the sale as outlined in the order authorizing the sale.  Usually the U.S. Marshal will publish the notice of sale in accordance with the local rules and procedures.  Some courts may provide for publication in newspapers which are not listed in the local rules or may require publication for a number of days which exceeds those required by the local rules. The U.S. Marshal should remind the newspaper publishers of the need to provide him or her with an affidavit of publication immediately subsequent to the required publication.  These affidavits must be available for purposes of confirmation of the sale.

c.     **The Sale:**

1)     Prior to the sale, the names and addresses of the prospective bidders and the companies they represent, if applicable, should be obtained by the U.S. Marshal.  This listing should be retained in the U.S. Marshal's file as part of the record of the sale to verify the presence of the persons at the sale and to list the bids received from each such prospective buyer.

2)     Also prior to the sale, the U.S. Marshal conducting the auction will read aloud the requirements specified in the order of sale, including the *Notice of Sale*.  After the reading of those documents and any other documents required by the court to be read at the sale, the U.S. Marshal will announce that the auction is now open for bids.  If there is no specific requirement, and the persons present at the auction agree, the reading of documents other than the *Notice of Sale* may be waived.

3)     The sale should be conducted in the same manner as any public auction. The auction will be opened at the place, date, and time of sale as specified in the court order and *Notice of Sale*.  There should be no change in the direction stated in the court's order without authority of the court.

4)     If a minimum bid amount has been set by the court, the U.S. Marshal must state the amount and that all bids must commence from that level.

5)     Each bid should be written down by the U.S. Marshal or an assistant when received and placed alongside the name of that bidder.

6)      The U.S. Marshal selling the property should repeat the highest bid three times and, if no further bids are made, announce that the property is sold to the highest bidder unless there is reason to not finalize the sale.

7)      If the highest bidder does not meet the requirements for the deposit or, subsequently, for payment of the balance, all of the names of the bidders should be presented to the court at the hearing that will follow.  Under these circumstances, the sale does not automatically revert to the second highest bidder.  It is generally in the discretion of the court whether the sale should be confirmed to anyone other than the original highest bidder or whether a new sale will have to take place.

8)      In most districts, an order of sale will usually provide that any person bidding with the intent to delay or hinder the sale may be subject to sanctions by the court.  Even in those situations where there is no specific order or rule pertaining to this problem, the court should be informed of the name of the party involved in the event the court chooses to exercise its jurisdiction regarding interference with a court order.

## Q.      Confirmation of Sale:

1.      **Procedures:**

a.      Most districts have local admiralty rules that provide for automatic confirmation of the sale of a vessel.  Some do not provide for the issuance of a formal order.  The U.S. Marshal should confirm that no objections have been filed before releasing the vessel.  Since the automatic confirmation takes effect generally, if no objections are filed, within a certain time period (e.g., three court days), a bill of sale should not be issued by the U.S. Marshal until after the close of the court's business on the specified day.  Since the U.S. Marshal's office will also probably be closed at that time, the bill of sale should be issued immediately on the following day.

b.      The bill of sale [Department of Transportation form CG 1356 (Rev. 9-92)] should be completed in original form with at least three copies.  The original and one certified copy should be given to the purchaser; one copy should be given to the clerk of the court; and the third copy should be kept for USMS files.  The bill of sale conveys the property "as is, where is" with no warranties.

## R.      Bidder's Failure to Pay, Objections of Sale, or Non-Confirmation:

1.      **Procedures:**

a.      If the successful bidder does not pay the balance required in accordance with the court order or otherwise defaults, the U.S. Marshal should immediately notify the court for instructions.  The court may require a hearing pertaining to a possible second sale or confirmation of the sale of another bidder.  Generally, the deposit money received from the successful bidder will be used to pay the added costs of maintenance and upkeep, and any other expenses incurred as a direct result of the default, until the vessel is either subsequently sold or otherwise disposed of in accordance with a court order.

b.      In instances where objections to the confirmation of the sale are filed, normally the local rules provide that the person making the objection shall deposit a sufficient sum with the U.S. Marshal to cover the cost of maintenance and upkeep during the time required for the determination of the validity of the

objection.  Also, generally, local rules provide for further payments if the objection is upheld or denied.  If there are no applicable local rules, the U.S. Marshal should request instructions from the court regarding the payment of expenses during the interim period.

S.  **Proceeds of Sale:**  In accordance with 28 U.S.C. § 1921, the U.S. Marshal is entitled to is entitled to have his or her fees, commission and expenses deducted from the proceeds of the sale.  The balance is then, usually, paid into the registry of the court.

1.  In some circumstances, the court order may provide for other payments from the proceeds or, may direct the U.S. Marshal to deduct his or her fees, commission and expenses from the proceeds, and to remit the net proceeds to the court.  Generally, the U.S. Marshal should follow the directions in the court order regarding the disposition of proceeds.  However, if he or she has questions concerning the language of the order concerning payments, or any other matter addressed in the order, he or she should immediately notify the Office of General Counsel, USMS.

2.  In private actions, for admiralty sales, the U.S. Marshal is entitled under 28 U.S.C. § 1921, to his or her fees, commission, and expenses when the purchaser is a credit bidder.  The purchaser should be notified of the necessity of paying these amounts.

3.  When the proceeds of the sale are remitted to the clerk of the court, they must be accompanied by a U.S. Marshal's bill showing his or her fees and expenses, including his or her commission.  The proceeds of the sale and the U. S. Marshal's bill should be submitted to the court as soon as possible.  Accordingly, the U.S. Marshal should pay all bills promptly as due, or resolve all issues concerning bills promptly during detention, and submit complete records, or copies thereof, to the court, as required.

4.  Absent local rules providing otherwise, or objections filed regarding the U.S. Marshal's bill, no motion is necessary to confirm the payments to the U.S. Marshal.  If any objections or problems arise regarding these payments, the Office of General Counsel should be immediately notified.

5.  Under 28 U.S.C. § 1921 (c)(1) and (2), the amount of the commission will be determined by the range that is in effect at the time and is set by the attorney general.  Currently, this range is found in 28 C.F.R. § 0.114.

6.  Substitute custodians should file their own claims for expenses with the court.

T.  **Local Rules:**  The U.S. Marshal must comply with the specific provisions of the local rules for his or her district.  If there are any problems or questions related to the implementation of those rules, the U.S. Marshal should contact the court for instructions.

U.  **Assistance:**  Problems or questions may arise in relation to the performance of the U.S. Marshal's duties and responsibilities.  At the first indication of a potential problem, the U.S. Marshal should contact the Office of General Counsel, USMS, 202-307-9054.  If Office of General Counsel, USMS, cannot be reached, the U.S. Marshal may also contact the following Department of Justice personnel:

1.  Department of Justice, Torts Branch, Assistant Director (Admiralty), Washington, D.C., 202-616-4126

2.  Attorney in charge, West Coast office, Torts Branch, Department of Justice, San Francisco, CA, 415-436-6630

## CONSENT KEEPER AGREEMENT

I, _____, while acting as appointed Keeper of the _____, do agree that I

     (Name of Consent Keeper)                                      (Name of Vessel)

will not allow equipment, tackle, apparel or furniture to be removed from this vessel.  Should any unusual

circumstances occur, I will contact a U.S. Marshals Service supervisor at _____ during the

                                             (Office Phone Number)

office hours of 8:30 a.m. to 5:00 p.m.   After office hours, I will contact the Chief Deputy or the U.S. Marshal

or another designated contact at the after hours number of _____.  At no time will I leave my

post or let ship or property out of my sight without being properly relieved. I assume full responsibility for the

safekeeping of this ship and its property.

DATED: _____     _____

                                     (Consent Keeper)

APPOINTED BY:  United States Marshals Service

          _____ District of _____

       BY: _____

              U.S. Marshal, Chief Deputy, or Supervisory Deputy

       Dated: _____

# MOTION AND ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

### (PRIVATE ACTIONS)

UNITED STATES DISTRICT COURT
_____ DISTRICT OF _____

_____,          CIVIL NO.
Plaintiff

v.                                          MOTION AND ORDER
                                            FOR APPOINTMENT OF
                                            SUBSTITUTE CUSTODIAN
_____
her engines, tackle, apparel,
furniture, equipment and all
other necessaries thereunto
appertaining and belonging, in rem,

_____
Defendant

PLAINTIFF, _____, by and through its attorneys _____, having appeared and made the following recitals:

1. On _____, 20 _____, the Complaint herein was filed praying that the vessel _____, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, be condemned and sold to pay Plaintiff's demands and claims and for other proper relief.

2. On _____, 20 _____, the Clerk of this Court issued a Warrant of Arrest of Vessel commanding the United States Marshal, for the _____ District of _____, to arrest and take into custody the Defendant vessel and to detain the same in his custody until further Order of the Court.

3. It is contemplated that the United States Marshal will seize the Defendant vessel forthwith.  Custody by the United States Marshal requires the services of one or more keepers alone and not including charges for wharfage and the other services usually associated with safekeeping vessels similar to this vessel.

4. The Defendant vessel is currently berthed at _____, who has agreed to assume the responsibility of safekeeping the said vessel and has consented to act as the custodian upon order of this Court, all for a sum, including wharfage and routine services required for the safekeeping of the particular vessel, at a rate of $ _____ per _____.  The United States Marshal is unable to perform or to have performed at a comparable rate these same services.  Additional services to be performed by _____, will include _____, (e.g. pumping), which services are to be performed at separate costs, not to exceed $ _____.  In any case, the transfer of the Defendant vessel to the substitute custodian for safekeeping will not be effected until the Court approves such custodianship and all such charges have been paid by the moving party.

5. _____ (Substitute Custodian) by affidavit appended hereto as Exhibit _____ and made a part hereof, avers that he has adequate facilities and supervision for proper maintenance and safekeeping of the vessel, her engines, tackle, appurtenances, furnishings [cargo] , etc., or for damage or injury sustained by third parties due to any acts, faults, or negligence of said substitute custodian or its

agents, it is

ORDERED that the plaintiff [and/or the substitute custodian (dependent upon who obtains the insurance)], in consideration of the United States Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the United States Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the vessel, her engines, tackle, appurtenances, furnishings, [cargo], etc. from the date of the transfer of possession of said vessel, her engines, tackle, appurtenances, furnishings, [cargo], etc., and it is further

ORDERED that plaintiff [and/or the substitute custodian (dependent upon who obtains the insurance)] shall defend the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and, further, shall indemnify and hold harmless and be responsible to pay and satisfy all claims and judgments that might arise out of said substitute custody and shall be responsible and indemnify and hold harmless the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, for all attorneys' fees, costs, expenses and disbursements incurred in defending against such claims or actions arising out of said substitute custody, and it is further

ORDERED that the United States Marshal for the_____ District of _____ shall surrender the possession of the Defendant vessel to the substitute custodian named herein upon executing the warrant in this action, and it is further

ORDERED that _____ be, and is hereby, appointed the custodian of said vessel to retain the same in his custody for possession and safekeeping for the aforementioned compensation until further Order of the Court, and it is further

ORDERED that all United States Marshal's costs be paid prior to release of said vessel, and it is further

ORDERED that the substitute custodian must receipt for the vessel and the United States Marshal must attest to the date and time of release on a certified copy thereof, and it is further

ORDERED that Plaintiff's attorney will serve the owner of Defendant _____ with a copy of this Order.

DATED this _____ day of _____, 20 _____, at:

_____.

_____

**United States District Judge**

PRESENTED BY:

_____

# AFFIDAVIT OF SUBSTITUTE CUSTODIAN

_____DISTRICT OF_____

UNITED STATES OF AMERICA

_____, being first duly sworn, deposes and
says that:                    (Custodian/Affiant)

1.    He or she is familiar with the Defendant vessel, at least to the extent of her size, type, construction material and apparent condition, and believes that he or she has adequate facilities and supervision for and can safely keep said vessel in place of the U. S. Marshal during the pendency of this suit and until further order of the Court, and in this regard, affiant states that he or she will perform the following services for said vessel during his custodianship:

    (Describe services, as, for example, provide dumping, provide firewatch, gangway guard, periodically inspect mooring lines, etc.)

_____

_____

_____

2.    The total charge for said services, excluding towage arranged for or performed by affiant (which itself should not exceed the sum of $_____), will be the sum of $_____ per_____ (hour, day, or month).

3.    Affiant has adequate liability insurance [or assets] adequate to respond in damages for loss of or injury to the Defendant vessel during said custody. Affiant has presented the aforesaid proof of insurance to the U. S. Marshal.

4.    Further, affiant agrees to accept substitute custodianship of the Defendant vessel, her engines, tackle, apparel, furniture, equipment, etc., in accordance with the Order Appointing Substitute Custodian.

5.    All costs and expenses incidental to the keeping of the vessel will be paid by the moving party. The U. S. Marshal does not assume liability for any acts of the substitute custodian or any costs incurred incidental to this Court appointed custodianship.

6.    I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

DATED: _____

_____
        Signature

## ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

Under the application of plaintiff, United States of America, for an order appointing a substitute custodian in lieu of the U. S. Marshal in this case, and good cause appearing therefore, it is

ORDERED that plaintiff's application is granted; and it is further

ORDERED that the U. S. Marshal for this District transfer custody of the defendant vessels,

_____, their engines, tackle, boilers, and appurtenances, or whichever is said defendant vessels may be found and arrested within this District, from their present location in or near

_____, or wherever said vessels may be found in this District, to the custody of substitute custodian _____, by and through its authorized representatives, immediately following their arrest; and it is further

ORDERED that upon the transfer of said vessels to the substitute custodian, the aforesaid substitute custodian is hereby appointed to act as substitute custodian of the defendant vessels during *custodia legis* on behalf of this Court, in place and instead of the U. S. Marshal, until further order of this Court; and it is further

ORDERED that upon transfer of custody of the defendant vessels to the substitute custodian by the U. S. Marshal shall not be liable for any loss occurring while it remains in the custody of the substitute custodian; and it is further

ORDERED that upon transfer of custody of the defendant vessels to the substitute custodian by the U. S. Marshal, the substitute custodian shall cause the vessels to be towed from _____, or wherever transfer of custody of the vessels shall take place, to

_____, which is within the jurisdiction of this Court; and it is further

ORDERED that all reasonable expenditures of the U. S. Marshal shall be administrative expenses in this action and a first charge on the vessels herein, to be paid to the U. S. Marshal prior to the release of the defendant vessels or distribution of the proceeds of their sale; and it is further

ORDERED that all reasonable expenses of the substitute custodian in preparing the vessels for moving to the business address of the substitute custodian, and other related expenses, including costs of refueling and/or towing the vessels from their places of arrest to the business address of the substitute custodian, said expenses being approximately $_____ per vessel for the costs of tow,

and $_____ per hour for the costs of a mechanic to supervise the condition of the vessels during said tow, shall be administrative expenses in this action and a first charge on the vessels herein, to be paid to the substitute custodian, or to any party advancing funds to the substitute custodian, prior to the release of the defendant vessels or distribution of the proceeds of their sale; and it is further

ORDERED that all reasonable expenditures which may be incurred by the United States of America and the substitute custodian, or by any party advancing funds to the substitute custodian, in safekeeping and maintaining the vessels while they are in _custodia legis_, including costs of maintaining adequate port risk insurance on the vessels, which insurance shall be maintained by the United States Department of _____, while the vessels are in _custodia legis_ shall be administrative expenses in this action and a first charge on the defendant vessels herein, to be paid prior to the release of the vessels or the distribution of proceeds of their sale, said expenses of the substitute custodian being $_____ per day for the cost of watchmen, wharfage, fire protection, and shorepower; $_____ per hour for a one-time charge of cleaning the vessels of fungible and/or dangerous materials, such as flammable materials; and $_____ per hour for the cost of routine maintenance and preservation of the vessels, including the cost of mechanics for the care of engines during weekly starting or said engines and pumping of the vessels, said work to take a maximum of approximately four hours per week, per vessel; and it is further

ORDERED that during _custodia legis_ the substitute custodian shall not permit repairs or changes to be made to the vessels, except for routine maintenance required for the vessels' safekeeping, or in emergency situations, without an order of this Court.

DONE this _____ day of _____, 20_____.

_____
United States District Judge

**RETURN**

I HEREBY CERTIFY that in response to the within order Appointing Substitute Custodian, I surrendered

the possession of the Defendant vessel, its engines, tackle, apparel, furniture, equipment, and all other

necessaries thereunto appertaining and belonging to the within named substitute custodian at

_____ a.m./p.m. on _____.

By: _____   UNITED STATES MARSHAL


**RECEIPT**

I, _____, the substitute custodian named in the above Order,

hereby accept receipt in accordance with the terms of the said Order, of the Defendant vessel

_____, at _____, and at the

hour of _____, on the _____ day of _____, 20_____.  I

further understand that the vessel can ONLY BE RELEASED by the U. S. Marshal. Any person releasing

said vessel other than the U. S. Marshal will be responsible for all costs and fees due to the U.S.

Marshals Service.


Signed: _____

# HOLD HARMLESS AGREEMENT AND WAIVER

The undersigned _____, in order to obtain permission to board the

_____ for the purpose of visiting, inspecting, surveying, or appraising that

vessel, including, but not limited to, its engines, boilers, appurtenances, furnishings, cargo, etc., all of

which are presently under the custody and control of the U. S. Marshal for the _____ District

of _____ and/or his keeper, or by a substitute custodian appointed by the Court,

hereby agree on my own behalf and on behalf of any employer, principal, or party which I represent, as

follows:

1. The undersigned shall be liable for any damage to the aforesaid vessel, including, but not limited to, its engines, boilers, appurtenances, furnishings, cargo, etc., arising out of any actions or activities of any nature undertaken or performed by me in relation to my boarding the vessel, such liability to attach to me whether my actions or activities are negligent or not and whether the actions or activities of the U. S. Marshal, his keeper, the United States of America, and the substitute custodian are negligent or not, and

2. The undersigned shall hold harmless, indemnify, and defend the U. S. Marshal, his keeper, the United States of America, and the substitute custodian, whether the actions and activities of the aforesaid are negligent or not, against any claims and actions of any nature arising out of any actions or activities of any nature undertaken or performed by me, my agents, servants, employees, or others for whom I am responsible, in relation to my boarding the vessel, including, but not limited to, claims and actions by myself, my agents, servants, employees, and others for whom I am responsible, and, further, shall defend on behalf of the U. S. Marshal, his keeper, the United States of America, and the substitute custodian against all such claims and actions and shall be liable for payment and satisfaction of all judgments rendered or amounts agreed upon in settlement of such claims and actions, in addition to attorneys' fees, costs, disbursements, and court costs incurred in defending against such claims and actions, and

3. The undersigned hereby waives and surrenders all claims and actions for injury or damage to person or property that I may have against the U. S. Marshal, his keeper, the United States of America, and the substitute custodian, arising out of my boarding of the vessel whether the actions or activities of the U. S. Marshal, his keeper, the United States of America, and the substitute custodian are negligent or not, and further acknowledge and understand that the aforesaid parties make no warranties of any nature, expressed or implied, in relation to my boarding the vessel, and

4. The undersigned acknowledge and understand that the intent of this agreement and waiver is to cover all of my actions and activities while proceeding to, while aboard the vessel, and while departing from the vessel, as well as any other times and places which lead to an action or claim against the U. S. Marshal, his keeper, the United States of America, and the substitute custodian.


DATED: _____     SIGNED: _____


DATED: _____     WITNESS: _____

**U. S. Marshal's Advance Deposit Declaration and Application for Relief**

I,_____, pursuant to 28 U.S.C. § 1921, the U.S. Marshals

Service Manual and/or Local Admiralty Rule (L.A.R. _____) hereby declare and aver

upon information officially provided to me that _____, Counsel

of Record for the Arresting Party in this action was requested on _____,

20___ , to pay to the U.S. Marshal by _____, 20___ , an additional ten

days of custodial expenses.  As of_____, 20___, the requested

advance had not been made and only _____ days of expenses remain on

deposit.  Pursuant to 28 U.S.C. § 1921, the U.S. Marshals Service Manual 11.4 E.3.(b)

and/or Local Admiralty Rule (L.A.R. _____) this Court is requested to order the release of

the _____and the payment by the arresting party and its

counsel of all outstanding administrative expenses.



United States Marshals Service POLICY DIRECTIVES

**SERVICE OF PROCESS**

**11.4  FOREIGN PROCESS**

**A.**  **Background:**  The Hague Service Convention became effective in the United States in 1969.  By joining the convention, the United States government undertook a reciprocal treaty obligation toward those countries which have also adopted the convention, to serve in the United States documents issued by foreign judicial authorities.  By its terms, the convention applies only to foreign documents which are related to civil or commercial cases; it does not apply to documents which relate to criminal proceedings.

**B.**  **Responsibilities of the Department of Justice:**

   1.  By executive order, the president has designated the Department of Justice (DOJ) as the "central authority" for the United States.  Under Article 2 of the convention, the assistant attorney general in charge of the Civil Division is responsible for directing and supervising the functions of the "central authority" (28 C.F.R. § 0.49).

   2.  Upon receipt in the Department of Justice, convention service requests are referred to the Civil Division, Office of Foreign Litigation, for processing and referral to the appropriate U.S. Marshal for execution.  Inquiries concerning the Convention should be directed to the Director, Office of Foreign Litigation, Civil Division, Department of Justice, Washington, D.C. 20530 (telephone: 202-514-7455).

   3.  The Office of Foreign Litigation assigns a control number to each request and screens it for completeness, accuracy, and compliance with the terms of the Convention.  Defective requests are returned to the foreign requesting authority for corrective action.  The request is then assembled and transmitted to the appropriate U.S. Marshal in a manner designed to keep the administrative burden to a minimum.

   4.  U.S. Marshals should not serve any foreign documents that are sent to them directly from abroad.  All such requests should be returned to the foreign requesting authority under cover of a brief letter informing them that under Article 3 of the convention only the United States "central authority" is authorized to receive foreign convention requests.

**C.**  **Form CIV-224, Record of Service of Foreign Judicial Document:**  To facilitate processing of Hague Service Convention requests, the Office of Foreign Litigation extracts the pertinent information from each foreign service request and enters it in Part I of form CIV-224, *Record of Service of Foreign Judicial Document*.  Part I of the form will contain the following information:

   1.  The U.S. Marshal's office that is to execute the request

   2.  The date of transmittal to the U.S. Marshal

   3.  Department of Justice file/control number

   4.  Whether the foreign request is made under the convention or under 28 U.S.C. §§ 1781, 1696

5.      The identity of the foreign authority requesting the service

6.      The name and address of the person or company to be served

7.      Any special instructions for service

8.      Whether a $15 service fee is attached or has been previously paid or whether the request is to be executed free of charge under existing international agreements

9.      In order to establish service, the U.S. Marshal's office will ordinarily have to complete form OBD-95 along with the applicable USMS service of process forms.

**D.      Responsibilities of U.S. Marshals:**  Convention requests referred to the U.S. Marshals consist of Form CIV-224 (with Part I completed), the "Summary" form required by the conventions, the documents to be served, and, where necessary, an English translation.

1.      **Procedures:**

a.      Upon receipt, the U.S. Marshal should review the documents for completeness and note any special instructions.  If the documents appear incomplete, or if any questions arise, the U.S. Marshal should call the Office of Foreign Litigation at (202) 514-7455.

b.      Foreign documents should be served promptly; unless specifically instructed otherwise, service should be attempted not later than two weeks after the request has been received from the DOJ, and the request should be returned to DOJ within four weeks.

c.      Although the $15 flat fee is not reflective of the present USMS fee schedule, the fee is required by DOJ procedures for non-convention countries.  The service fee should be deposited to the U.S. Marshal's deposit fund account, regardless of whether service is actually made.  The fee covers all charges, regardless of the actual expenses incurred in making or attempting to make service.  No refunds should be made to the DOJ where the actual expenses are less than $15, and no additional bills for expenses in excess of $15 should be submitted.  Do not mail copies of receipts (form USM-303) to the DOJ.  The service fee is not assessed in respect to requests which emanate from Convention countries, unless the foreign country concerned imposes a fee for the service of American judicial documents.  The Civil Division will determine whether a particular request must be accompanied by the $15 payment.  If the service fee does not accompany the form CIV-224, the U.S. Marshal's office can assume that the Civil Division has determined payment is not required.

d.      Unless directed otherwise, foreign process should be served in accordance with Rule 4 of the *Federal Rules of Civil Procedure*.

2.      **First-class mail service should not be mixed with certified mail service.**

a.      If certified mail service (in those states that allow such service) or first-class mail service (in those states that allow such service) is not acknowledged (the Form USM-299 is not returned to the U.S. Marshal within 20 days), the U.S. Marshal must attempt personal service.  The U.S. Marshal should immediately contact the Office of Foreign Litigation and request duplicate copies of the foreign documents for personal service.

b.      If personal service is attempted, the U.S. Marshal should make at least three attempts to serve since the United States is under a treaty obligation to serve the foreign documents.  Furthermore, because the requests come from abroad, the name or address of the person to be served may be misspelled.  If it appears that the name or street address is incorrectly stated, the U.S. Marshal should check the local telephone or postal directory before returning the request to the Department of Justice unexecuted.  The U.S. Marshal should not unduly delay the service of foreign documents in this country since the Hague Convention imposes reciprocal obligations and if the United States unduly delays the service of foreign process, the foreign central authorities may not serve American documents sent to them for service in a timely manner.

c.      In some jurisdictions, substituted "mail and nail" service is permissible if the service address is verified but the subject cannot be located.  If such a provision is in force in a given district and the person to be served cannot be found, the U.S. Marshal should reproduce a copy of the service documents (if necessary) and make the substituted service.

d.      If it is determined that the subject of the request has moved to another district (or if the request was sent to the incorrect U.S. Marshal), and his or her correct address is available, the U.S. Marshal should forward the entire service request to the U.S. Marshal in the proper district.  In such cases, the transmittal memorandum or referral note should state that the service fee has been previously collected in the first district; the second district should serve the document without any additional charges.

e.      If, as sometimes happens, the service check is returned dishonored by the local bank or Federal Reserve authorities, return the check to the Office of Foreign Litigation and a replacement check will be requested through the U.S. Department of State and replaced by the embassy of that country.

f.      After service has been made or after at least three unsuccessful endeavors have been made, the process server should complete Part II of form CIV-224 as per instructions on the reverse side of the form.  Since the original of that form is sent abroad, all entries should be typed or legibly printed.  Please note that if service has not been made, specific reasons, not generalities such as "subject cannot be located," should be given in the remarks section of the form.

g.      The district office should keep copy No. 2 of Form CIV-224 for its records.  All other copies of the form should be returned to the Office of Foreign Litigation.

**B.**      **Translations:**  Questions frequently arise concerning the policies of the United States "central authority" regarding the service of untranslated foreign language documents under the convention.  The following brief summary will assist in responding to such inquiries:

1.      If the convention forms and accompanying documents are written in a language other than English or French, the Office of Foreign Litigation will return them unserved to the foreign requesting authority under Articles 4, 5, and 7 of the convention, except in those cases where we have been requested to effect service by delivery to an addressee who accepts it voluntarily.  Where such a request is made, the Office of Foreign Litigation will instruct the U.S. Marshal to inform the intended recipient that acceptance is purely voluntary.

2.      If all documents and the convention forms are in French only (or if the documents and forms are in another foreign language but are accompanied by French translations), the

requests comply with Article 7 of the convention and the Office of Foreign Litigation will, therefore, transmit them to the U.S. Marshal for service.

3.      Whether either of the foregoing methods of service gives adequate notice to comply with due process of law (i.e., where a foreign plaintiff subsequently seeks to enforce here a foreign judgment based upon such service, and the domestic judgment debtor claims that he or she did not receive adequate notice) is for resolution by United States courts on a case-by-case basis.

**C.      Service in the Absence of a Treaty or Convention:**

1.      **Procedures:**

   a.      Under 28 U.S.C. § 1781, the Department of State is empowered to receive from foreign courts requests for service of foreign judicial documents and to transmit them to the appropriate agency of the United States government for execution. Requests so received through diplomatic channels are transmitted to the Department of Justice, which in turn refers them to the appropriate U.S. Marshal's office with instructions that the requests be executed in the same manner as are service requests under the Hague Service Convention, as discussed above.

   b.      No court order is needed to serve foreign documents received by the United States government through diplomatic channels since it is an aspect of the conduct of foreign relations of the United States to honor government-to-government requests, and the attorney general has express statutory authority to direct the USMS in the performance of governmental functions (28 U.S.C. § 561[a]).

   c.      28 U.S.C. § 1696 also authorizes district courts to receive directly from foreign tribunals requests for service of foreign judicial documents and to order their service.  Alternately, a litigant before a foreign tribunal may apply to the district courts for an order to cause a foreign judicial document to be served in this country.  When such court orders are issued, they will be referred by the clerk of the court or by the foreign litigant to the U.S. Marshals' office along with the foreign documents to be served.  The standard flat fee arrangement applicable to requests transmitted by the Department of Justice to U.S. Marshal offices does not apply to court-ordered service of documents.  In such instances, the U.S. Marshal should follow the ordinary rules and procedures which govern the service of documents issued by the clerk of the district court.  Return on such service should be made to the clerk of the court or to the party that has petitioned the court for such an order, as the case may be; do not send the return on service in such cases to the Department of Justice.

   The United States does not object to the service of foreign process in this country by methods other than those which are set forth above, provided that no compulsion is used in effecting such service [28 U.S.C. § 1696(b)].  For example, foreigners are free to serve process by mail, by private process server, through local diplomatic or consular officer, or by any other means acceptable to the foreign court.

**D.      Service of American Judiciable Documents in Foreign Countries:**  With increasing frequency, litigants before American courts require judicial documents to be served in foreign countries.  Some who seek service abroad, especially where the suit is pending in federal court, assume that the U.S. Marshals' offices will make such service for them; others may know that the USMS has only a limited function with respect to foreign service, but they often turn to the USMS

for information on how to serve documents abroad.  When and how the USMS becomes involved in the service of American legal documents abroad are described below.

1. **Factors Affecting Ability to Serve:**  The ability to serve American judicial documents (i.e., a summons and complaint, show-cause order, motion, judgment, notice of appeal) abroad will depend on factors such as the following:

   a.   Whether service is to be made in a "common law" or in a "civil  law" jurisdiction

   b.   Whether the person to be served is an American or a foreigner

   c.   Whether a "long-arm" statute authorizes extraterritorial service

   d.   Whether the document to be served originates from a state or federal tribunal

   e.   Whether a treaty in effect between the United States and the requested country contains relevant provisions and the extent to which international judicial assistance is governed (or limited) by the laws of the requested state

2. **Service Abroad Under the Hague Service Convention:**  The convention machinery preempts other methods of service which are calculated to provide effective notice (e.g., service by mail) unless other means of service are authorized by the law of the foreign country.  See Rule 4(f) of the *Federal Rules of Civil Procedure*.  **It is not the responsibility of the USMS to prepare the requests** for foreign service of process.  In civil actions pending in American federal courts, Rule 4 of the *Federal Rules of Civil Procedure* permits private parties and attorneys to effectuate service of process; thus private persons may lawfully serve American federal court process on a person located in a foreign country by mailing the process with the appropriate form USM-94, *Request for Service Abroad of Judicial or Extrajudicial Documents*, completed with their identity and address in the space provided.  It should be stated on the Form USM-94 that the applicant is authorized to make service pursuant to Rule 4(c)(2) of the *Federal Rules of Civil Procedure*.  The U.S. Marshal should make the forms available upon request.

3. **Service in Countries with Which the United States Has No Treaty Arrangement:**  The USMS is not responsible for serving American judicial documents in foreign countries with which the United States has no treaty arrangement.

E. **Service of American Subpoenas Abroad:**

1. **Policy:**

   a.   U.S. Marshals are not authorized to travel to foreign countries to deliver subpoenas in either criminal or civil cases.  U.S. Marshals may, however, mail subpoenas to an American national or resident who is in a foreign country in an appropriate case (e.g., in a civil case, under the Hague Service Convention).  If a federal court issues an order requiring a U.S. Marshal to serve a subpoena abroad, the U.S. Marshal should immediately consult with the Office of General Counsel.

   b.   U.S. Marshals are cautioned not to attempt to personally serve subpoenas in foreign countries without obtaining express approval from, and guidance by, the Director, USMS.

   The United States Consular Regulations provide in pertinent part as follows [22 C.F.R. § 92.86]:

"When directed by the Department of State, officers of the Foreign Service will serve a subpoena issued by a court of the United States on a national or resident of the United States who is in a foreign country unless such action is prohibited by the law of the foreign country."

c.    Upon receipt of a federal court subpoena in a criminal case, the U.S. Marshal should contact the USMS liaison with the Department of Justice, Criminal Division, Office of International Affairs (OIA).  When necessary, OIA will notify the U.S. embassy in the witness' country.  If the witness is a foreign national, OIA will coordinate the witness' appearance with the Department of Homeland Security as the witness may need a special entry visa.

d.    A witness who is served with a subpoena abroad must be given necessary travel and attendance expenses as prescribed in 28 U.S.C. § 1783(b).

## F.    Service on a Foreign State or on an Agency or Instrumentality of a Foreign State:

1.    **Policy:**  Service on foreign states or their agencies or instrumentalities must be made in accordance with the relevant provisions of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1608.  U.S. Marshals may become involved with such requests only in the following two cases:

a.    In the case of service upon a foreign state or political subdivision of a foreign state, 28 U.S.C. § 1608 (a)(2) authorizes service, "...  by  delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents."  The U.S. Marshal will be required to dispatch the required convention forms with respect to those countries that have joined the Hague Service Convention (the request, the certificate, the summary and form USM-94).

b.    In the case of service upon an agency or instrumentality of a foreign state, 28 § U.S.C. 1608(b)(2) authorizes service, "...  by  delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents."

2.    **Procedures:**  Service upon an agent of an agency or instrumentality of a foreign state is performed in the same manner as upon an agent of a private corporation.

Should any questions arise concerning the procedures to be followed in making service upon a foreign state or an agency or instrumentality of a foreign state, U.S. Marshals should telephone the Office of Foreign Litigation for assistance.

## G.    Service on Foreign Diplomats or on the Premises of Foreign Embassies, Consulates or International Organizations:

1.    **Background:**  U.S. Marshals should be aware that service of process on foreign diplomats or members of their families is regulated by specialized treaties (such as the 1961 Vienna Convention on Diplomatic Relations).  In addition, U.S. Marshals should know that various treaty provisions prohibit United States officials from entering certain premises for purposes of serving legal documents (such as the 1963 Vienna Convention on Consular Relations, or the U.N. Headquarters Agreement).

Questions relating to such service will most likely arise only in the District of Columbia and in New York, and it is beyond the purview of this section to cover this complex

subject.  However, following the enactment by Congress of the Diplomatic Relations Act, the State Department issued on January 1, 1979, a "Guidance to Law Enforcement Authorities in the Metropolitan Washington Area on Diplomatic Immunity and Related Matters."

2. **Policy:**  U.S. Marshals should not attempt to serve foreign officials or to serve a process on the premises of foreign missions or international organizations without first obtaining authorization from the Office of General Counsel, U.S. Marshals Service.

**H.** **Parties of the Hague Service Conventions and Mailing Addresses for Service Requests:**

| Country: | Central Authority: |
|---|---|
| Andorra | Ministeri d'Afers Exteriors<br>Prat de la Creu<br>Edifici del Govern<br>Andorra la Vella<br>Principat d'Andorra<br>Tel: 376-875-700<br>Fax: 376-869-559 |
| Anguilla | The Registrar of the Supreme Court<br>Anguilla |
| Antigua & Barbuda | (1) The Governor General<br>Antigua & Barbuda<br><br>(2) Registrar of the High Court<br>High Street<br>St. John's, Antigua, West Indies<br>Telephone: (809) 462-3147 |
| Argentina | Ministry of Foreign Affairs<br>International Trade and Worship Treaty Bureau<br>Esmeralda 1212-15th Floor<br>1007 Buenos Aires, Argentina<br>Tel: (5411) 4819-7000 |
| Aruba | Procurator General<br>L.G. Smith Boulevard 42-44<br>Oranjestad, Aruba<br>Tel: (279) 834-387<br>Fax: (279) 838-891 |
| Bahamas | Attorney General's Office<br>P.O. Box N3007<br>East Hill Street<br>Nassau, Bahamas<br>Tel: (242) 502-0400 |
| Barbados | The Registrar of the Supreme Court of Barbados<br>Law Courts, Bridgetown, Barbados<br>Telephone: (809) 42-75537 |
| Belarus | Ministry of Justice<br>Division of Execution of International Treaties |

|  | Department of Legal Provision of Foreign Relations<br>Kollektornaya St. 10<br>Minsk 220048<br>Belarus<br>Contact: Ms. Marina Zhandarova<br>Telephone: 375-17-211-0185 |
|---|---|
| Belgium | Le Ministere de la Justice<br>Administration de la Legislation<br>Place Poelaert 4<br>1000 Bruxelles<br>Telephone: 511-42-00<br>Telex: 62-440 Min Jus |
| **Country** | **Central Authority** |
| Belize | The General Registry<br>Supreme Court Building<br>P.O. Box 87<br>Belize City, Belize |
| Bermuda | The Registrar of the Supreme Court<br>Sessions House<br>21 Parliament St.<br>Hamilton HM 12, Bermuda<br>Telephone: 8069-292-1350 |
| Botswana | The Minister of State in the Office of the<br>President of the Republic of Botswana<br>Lobatse, Botswana |
| British Virgin Islands | The Registrar of the Supreme Court<br>British Virgin Islands |
| Canada | **Federal Central Authority:**<br>Director, Legal Advisory Division<br>Department of External Affairs<br>125 Sussex Drive<br>Ottawa, Ontario<br>Canada KIA 0G2<br>Telephone: (613) 995-0119<br><br>**For Alberta:**<br>Attorney-General for Alberta<br>Attn: Executive Director - Court Services<br>9833-109th Street<br>Edmonton, Alberta<br>Canada T5K 2E8<br>Telephone: (403) 427-4992<br><br>**For British Columbia:**<br>Ministry of the Attorney-General<br>for British Columbia<br>Office of the Deputy Minister<br>Fifth Floor, 910 Government Street<br>Victoria, British Columbia, |

Canada V8V 1X4
Telephone: (604) 387-5211
**For Manitoba:**

Attorney-General for Manitoba c/o Director -
Civil Legal Services
Woodsworth Building, 6th Floor
405 Broadway
Winnipeg, Manitoba
Canada, R3C OV8
Telephone: (204) 945-2847

**For New Brunswick:**
Attorney-General for New Brunswick
P.O. Box 6000
Fredericton, New Brunswick
Canada, E3B 5H1
Telephone: (506) 453-2208

**For Newfoundland:**
Department of Justice
Confederation Building
St. John's, Newfoundland
Canada A1C 5T7
Telephone: (709) 576-2869

**For Nova Scotia:**
Attorney General of Nova Scotia
Legal Services Division
P.O. Box 7
Halifax, Nova Scotia
Telephone: (902) 424-4024

**For Ontario:**
Ministry of the Attorney General for Ontario
Reciprocity Office: Civil Law Division
18 King St. East
Toronto, Ontario
Canada M5C 1C5
Telephone: (416) 965-2570

**For Prince Edward Island:**
Attorney General of Prince Edward Island
Office of the Deputy Minister
P.O. Box 2000
Charlottetown, Prince Edward Island, Canada C1A 7N8
Telephone: (902) 368-4570

**For Quebec:**
Ministre de la Justice du Quebec
a/s Le service juridique
1200 route de l'Eglise
5eme étage
Ste-Foy, Quebec
Canada G1V 4M1
Telephone: (418) 643-1436

**For Saskatchewan:**
Minister of Justice for Saskatchewan
Att: Director of Sheriff Services
1874 Scarth St., 10th Floor
Regina, Saskatchewan
Canada S4P 3V7
Telephone: (306) 787-5488

**For Yukon:**
Director of Court Services
Department of Justice
Box 2703
Whitehorse, Yukon Y1A 2C6
Telephone: (403) 667-5942

**For Northwest Territories:**
Deputy Minister of Justice
Government of the Northwest Territories
Box 1320
Yellowknife, Northwest Territories
Canada X1A 2L9
Telephone: (613) 995-0119

Cayman Islands          The Clerk of the Courts
                        Grand Cayman
                        Cayman Islands

China                   Bureau of International Judicial Assistance
                        Ministry of Justice of the People's Republic of China
                        10 Chaoyangmen Nandajie
                        Chaoyang District
                        Beijing 100020

Cyprus                  Ministry of Justice
                        Office of Permanent Secretary
                        125 Athalassa Avenue
                        2024 Nicosia, Cyprus
                        Tel: 357-22-805955
                        Fax: 357-22-518356

Czech Republic          Ministerstvo Spravedlnosti
                        Ceske Socialisticke
                        Republiky/Ministry of Justice
                        of the Czech Republic
                        128 10 Praha 2, Vysehradska 16
                        Prague, Czech Republic

Denmark                 Ministry of Justice
                        Justitsministeriet
                        Slotsholmsgade 10
                        1216 Kobenhavn K.
                        Copenhagen, Denmark
                        Telephone: 120906
                        Telex: 15530

Djibouti                        Unknown

Estonia                         The Ministry of Justice of the Republic of Estonia

Egypt                           Ministry of Justice
                                Office of International Judicial Cooperation
                                New Annex Building, 7th Floor
                                Nobar Street
                                Cairo, Egypt
                                Tel: 011-20-2-795-6059

Falkland Islands                The Registrar of the Supreme Court
                                Stanley, Falkland Islands

Fiji                            Chief Registrar of the High Court of Fiji
                                Government Buildings
                                Suva, Fiji

Finland                         Ministry of Justice
                                10 Etelaesplanadi
                                Helsinki 13, Finland
                                Telephone: 358-0-1601

France                          Ministere de la Justice
                                Bureau de l'Entraide Judiciaire Internationale D4
                                13 Place Vendome
                                75042 Paris (I er), Cedex 01, France
                                Telephone: 261-80-22; Telex: 211-802F

Germany                         **For Baden-Wurttemberg:**
                                Justizministerium Baden-Wurttemberg
                                Schillerplatz 4
                                 70173 Stuttgart 1, Federal Republic of Germany
                                Telephone: 21931

                                **For Bavaria:**
                                Bayerisches Staatsministerium der Justiz
                                Justizpalast
                                Prielmaeyerstrasse 7
                                 80335 Munchen
                                Munich, Germany

                                For correspondence the following address should be used:
                                Bayerisches Staatsministerium der Justiz
                                80097 Muenchen
                                Munich, Germany

                                **For Berlin:**
                                Senator fur Justiz
                                Salzburger Strasse 21-25
                                10825 Berlin, Germany

                                **For Brandenburg:**
                                Da Ministerium der Justiz
                                Des Landes Brandeburg

Heinrich-Mann-Alee 107
14460 Potsdam, Germany

**For Bremen:**
Prasident des Landgerichts Bremen
Domsheide 16
28195 Bremen, Germany

**For Hamburg:**
Prasident des Amtsgerichtes Hamburg
Sievekingplatz 1
20335 Hamburg

**For Hesse:**
Hessischer Minister der Justiz
Luisenstrasse 13
65185 Wiesbaden, Germany

**For Lower Saxony:**
Niedersachsisher Minister der Justiz
Am Waterlooplatz 1
30169 Hannover, Germany

**For Mecklenburg-Western Pomerania:**
Der Minister fur Justiz
Bundes- und Europaangelegenheiten
des Landes Mecklenburg- Vorpommern
Demmlerplatz 14
19053 Schwerin, Germany

**For Nothrhine-Westphalia:**
Justizminister des Landes Nordrhein-Westfalen
Cecilienallee 3
40474 Dusseldorf , Germany

**For Rhineland-Palatinate:**
Ministerium der Justiz
Ernst-Ludwig-Strasse 3
55116 Mainz, Germany

**For Saarland:**
Minister der Justiz des Saarlandes
Zahringerstrasse 12
66119 Saarbrucken, Germany

**For Saxony:**
Sachsisches Staatsministerium der Justiz
Archivstrasse 1
01097 Dresden, Germany

**For Saxony-Anhalt:**
Ministerium der Justiz
des Landes Sachsen-Anhalt
Wilhelm-Hopfner-Ring 6
39116 Magdeburg, Germany

**For Schleswig-Holstein:**
Der Justizminister des Landes Schleswig-Holstein
Lorentzendamm 35
24103 Kiel, Germany

**For Thuringia:**
Thuringer Justizministerium
Alfred-Hess Strasse 8
99094 Erfurt, Germany

| | |
|---|---|
| Gibraltar | The Registrar of the Supreme Court<br>Gibraltar |
| Greece | Ministry of Foreign Affairs<br>Department of Administrative and Judicial Affairs<br>D-3 Section, Department 2<br>Zalakosta 1, Athens, Greece |
| Guernsey | The Bailiff<br>Bailiff's Office<br>Royal Court House<br>Guernsey<br>Channel Islands |
| Hong Kong | The Chief Secretary of Hong Kong<br>Central Government Offices<br>Lower Albert Road, Hong Kong<br>Telephone: 011-852-8102954 |
| Ireland | Master of the High Court<br>Dublin, Ireland<br>or a practicing Solicitor, Country Registrar, or District County Clerk |
| Isle of Man | The First Deemster and Clerk of the Rolls<br>Roll's Office<br>Douglas, Isle of Man |
| Israel | Director of Courts<br>Directorate of Courts<br>Russian Compound<br>Jerusalem<br>Telephone: 246919 |
| Italy | L'Ufficio unico degli ufficiali<br>giudiziari presso la corte d'appello la corte<br>d'appello di Roma (The Registry of the<br>Court of Appeal in Rome)<br>Rome, Italy |
| Japan | The Minister of Foreign Affairs<br>2-2-1 Kasumigaseki, Chiyoda-ku<br>Tokyo 100, Japan<br>Telephone: 81-3-3581-4015 |

| | |
|---|---|
| Jersey | The Attorney General<br>Jersey, Channel Islands |
| Kiribati | Unknown |
| Korea, Republic of<br><br>(South Korea) | Ministry of Court Administration, Attn:  Director of International<br>Affairs<br>967 Seocho-dong<br>Seocho-gu, Seoul<br>137-750, Republic of Korea |
| Latvia | Ministry of Justice<br>Brivibas Boulevard 34<br>LV - 1536 Riga |
| Lithuania | Ministry of Justice<br>Department of International Law<br>Gedimino 30<br>Vilnium, Lithuania |
| Luxembourg | Parquet general pres la Cour superieure de Justice<br>12 Cote d'Eich<br>Luxembourg-Ville<br>Telephone: 475981 or 26765 or 41464 |
| Macau | Transmit requests to the Portuguese Central Authority |
| Malawi | The Registrar of the High Court of Malawi<br>P.O. Box 30244<br>Chichiri<br>Blantyre 3<br>Malawi |
| Mexico | Secretaria de Relaciones Exteriores<br>Direccion General de Asuntos Juridicos<br>Av. Ricardo Flores Magon No. 1 - Anexo 2<br>Planta Alta<br>Colonia Tlatelolco<br>06995 Mexico, D.F.<br>Tel: 011-52-55-5782-4144 |
| Montserrat | The Registrar of the High Court<br>Montserrat |
| Netherlands | The Public Prosecutor with the<br>District Court of the Hague<br>Juliana van Stoleberglaan 2-4<br>The Hague, the Netherlands<br>Telephone: 82-40-41 |
| Nevis | Ministry of Legal Affairs<br>P.O. Box 186<br>Government Headquarters<br>St. Kitts-Nevis, West Indies |

|  | Telephone: 809-465-2521 |
|---|---|
| Norway | Ministry of Justice<br>Boks 8005<br>Oslo/Dep, Oslo 1, Norway |
| Pakistan | Solicitor<br>Ministry of Law and Justice<br>Islamabad, Pakistan |
| Pakistan | Other authorities in addition to Central Authority within their respective territorial jurisdictions:<br><br>Registrars of:<br>Lahore High Court, Lahore<br>Peshawar High Court, Peshawar<br>Baluchistan High Court, Quetta<br>High Court of Sind, Karachi |
| Pitcairn | The Governor and Commander-in-Chief, Pitcairn<br>British High Commission<br>Reserve Bank of New Zealand Building (9th Floor)<br>2 The Terrace (P.O. Box 1812)<br>Wellington 1<br>New Zealand |
| Poland | Ministry of Justice<br> Department of International Cooperation and European Law<br>Al. Ujazdowskia 11<br>00-950 Warsaw, Poland<br>Telephone: 48-22-628-4431 (ext. 247)<br>Fax: 48-22-628-0949 |
| Portugal | Direccao-Geral dos Servicas Judiciarios<br>Ministerio de Justica<br>Av. Casal Ribeiro 48<br>1098 Lisboa Codex<br>Lisbon, Portugal<br>Telephone: 351-21-315-52 82<br>Fax: 351-21-353-87 02 |
| St. Christopher | Ministry of Legal Affairs<br>P.O. Box 186<br>Government Headquarters<br>St. Kitts-Nevis, West Indies<br>Telephone: 809-465-2521 |
| St. Helena | The Supreme Court<br>Saint Helena |
| St. Lucia | The Registrar of the High Court of Justice<br>Registry Department<br>Peynier Street<br>Castries, St. Lucia, W.I.<br>Telephone: (809) 452-1257 |

| | |
|---|---|
| St. Vincent | Ministry of Foreign Affairs<br>St. Vincent and the Grenadines<br>W.I.<br>Telephone: (809) 456-1111 |
| Seychelles | The Registrar, Supreme Court<br>Victoria Mahe, Republic des Seychelles |
| Slovak Republic | Ministerstvo Spravodlivosti Slovenskej Republicky<br>Zupne namestie 13, 813 11 Bratislava<br>Slovak Republic |
| Solomon Islands | Unknown |
| Spain | Secretaria General Tecnica<br>Subdirecion de Cooperacion Juridica Internacional<br>Ministerio de Justicia<br>San Bernado, 45<br>28015 Madrid, Spain<br>Telephone: (34)(1) 390-2328 |
| Sweden | Ministry of Justice<br>Division for Criminal and International Judicial Cooperation<br>Central Authority<br>SE-103 33 Stockholm, Sweden<br>Tel: 46(8) 405-5057<br>Fax: 46(8) 405-4676 |
| Switzerland | The Federal Justice and Police Department<br>Federal Office for Police Matters<br>International Judicial and Extrajudicial Assistance<br>Bundesrain 20<br>3003 Bern, Switzerland<br>Telephone: 011-41-31-322-4310<br>Fax: 011-41-31-322-5380 |
| Turkey | General Service of Civil Affairs<br>Ministry of Justice<br>Ankara, Turkey |
| Turks and Caicos | The Registrar of the Supreme Court<br>Turks and Caicos Islands |
| Tuvalu | Unknown |
| Ukraine | Ministry of Justice |
| United Kingdom | Her Majesty's Principal Secretary of State<br>for Foreign and Commonwealth Affairs<br>London SW1A 2AL<br><br>**For England and Wales:**<br>The Senior Master of the Supreme Court of Judicature<br>Royal Courts of Justice<br>Strand<br>London WC2A 2LL, United Kingdom |

**For Scotland:**
The Scottish Executive Justice Department
Civil Justice and International Division
Hayweight House
23 Lauriston Street
Edinburgh, EH3 9 DQ
Telephone: +44.131.221.6815
Fax: +44.131.221.6894

**For Northern Ireland:**
The Master (Queen's Bench and Appeals)
Royal Courts of Justice
Chichester Street
Belfast, BT1 3JF

Virgin Islands                    The Registrar of the Supreme Court
                                  British Virgin Islands

I.      **Service of Civil Process on Central and South American Countries:**

1.      **Introduction:**  The Inter-American Convention on Letters Rogatory and the Additional Protocol to the Convention is a treaty entered into to facilitate the service of civil process between the United States and the treaty countries.  The parties to the treaty are the United States and Argentina, Brazil, Chile, Colombia, Ecuador, Guatemala, Mexico, Panama, Paraguay, Peru, Uruguay and Venezuela. Treaty provisions are similar to those contained in the Hague Service Convention.  Under the treaty, the Department of Justice, Civil Division, Office of International Judicial Assistance, will function as the central authority to transmit outgoing requests for service of process from the United States to the treaty countries, as well as to process incoming requests for service in the United States from the treaty countries.

2.      **Responsibilities:**

a.      **U.S. Marshal:**  The U.S. Marshal must provide private parties and attorneys with forms USM-272 and USM-272A for documents that are being served abroad.  A service fee of $25 will accompany the documents if it is determined by DOJ.

b.      **Parties and Attorneys:**  The parties and attorneys are responsible for completing the forms USM-272 and USM-272A, the Spanish version, and sending the forms in triplicate directly to the United States central authority for further transmission to the Treaty country, or in Mexico by sending documents directly to the central authority as a border state.  The mailing address for the United States central authority is:

Office of International Judicial Assistance
Department of Justice
Civil Division
1100 L Street, N.W.
Room 11006
Washington, D.C.  20530 (for regular mail deliveries) or 20005 (for courier deliveries)

3.      **Procedures:**

a.      For incoming requests from the treaty countries, the Office of International Judicial Assistance will forward the requests to the appropriate U.S. Marshal's office for service and processing in the same manner as those received under the Hague Service Convention.

b.      Any requests for information concerning the treaty should be directed to OFL at (202) 514-7455.

4.      **Foreign Central Authorities:**  According to the Organization of American States, the following are addresses of foreign central authorities under the Inter-America Convention on Letters Rogatory:

**J.      Inter-American Convention on Letters Rogatory Foreign Central Authorities:**

| Country: | Central Authority: |
| --- | --- |
| Argentina | Minister of Foreign Affairs<br>International Trade and Worship Treaty Bureau<br>Esmeralda 1212-15th Floor<br>1007 Buenos Aires, Argentina |
| Brazil | Ministerio da Justica<br>Esplanada dos Ministerios - Bloco T<br>70064-900 - Brasilia, DF<br>Telephone: 011-55-61-218-3000<br>Fax: 011-55-61-224-0954 |
| Chile | Ministry of Foreign Affairs<br>Compania Esq.<br>Morande, Ex edificio Deo<br>Congreso<br>Santiago, Chile |
| Colombia | No central authority designated |
| Ecuador | Ministry of Foreign Affairs<br>Departmento de Juridico<br>Carrion y Diez de Agosto<br>Quito, Ecuador<br>Telephone: (011)(593)(02) 230100<br>Contact: Sr. Diego Cordovez, Minister |
| Guatamala | Presidencia de la Corte Suprema de Justica<br>3ER Nivel<br>Centro Civico<br>21 Calle 7-70, Zona 1<br>Guatemala City, Guatamala, C.A.<br>Telephone: (011)(502)(2) 232-0516 (ext. 4000) |
| Mexico | Direccion General De Asuntos Juridicos<br>Direccion Juridicio Contenciosa<br>Departmento De Exhortos Y<br>Relaciones Con Embajadas<br>Secretaria De Relaciones Exteriores<br>Flores Magon No. 1, Col. Tlaltelolco<br>Mexico, D.F., Mexico |

Telephone: (011)(905) 782 3624
**Note:** Mexico does not consider service by private individuals valid

Panama
Ministerio de Relaciones Exteriores
Calle 24, Plaza Porras
Panama 1, Republic of Panama

Paraguay
Ministerio de Relacciones Exteriores
Jeoleary y Eayala
Asuncion, Paraguay
Telephone: (011)(595)(21) 444 457

Peru
Documents can be forwarded to the Embassy of Peru:
Embassy of Peru
Consular Section
1700 Massachusetts Ave. N.W.
Washington, D.C. 20036

Supreme Court of Justice
Paseo de la Republica
SN Lima 1, Peru
Telephone: (011)(51)(14) 284853, 283690

Uruguay
Ministry of Education and Culture
(Asesoria Autoridad Central de Cooperacion Juridica Internacional)
Reconquista, #535
Montevideo, Uruguay
Telephone: (011)(598)(02) 46016, 403873

Venezuela
Herique Meier Echeverria
Ministerio de Justicia
Division de Tramites Legales
Central Simon Bolivar
Torre Norte, Piso 25
Caracas, Venezuela 1010
Telephone: (02) 483-1280, 483-7978, and 483-9933
Fax: (02) 483-7515