```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
   ---------------------------X

   TAYLOR BUDOWICH
   CONSERVATIVE STRATEGIES, INC.

             Plaintiffs
                v.              Civil Action 21-3366 (JEB)

   NANCY PELOSI, et al.,

             Defendants

   ---------------------------X
                                  Washington, D.C
                                  Wednesday, January 5, 2022
                                  1:00 p.m.

         TRANSCRIPT OF A TELEPHONIC SCHEDULING CONFERENCE
            BEFORE THE HONORABLE JAMES E. BOASBERG
                  UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

For the Plaintiffs:           Christopher Dempsey, Esq.
                              Jared Burns, Esq.
                              Daniel Bean, Esq.
                              ABEL BEAN LAW, P.A.
                              100 N. Laura Street, Suite 501
                              Jacksonville, FL 32202
                              (904) 944-4100

For the Defendants:           Douglas N. Letter, Esq.
                              U.S. HOUSE OF REPRESENTATIVES
                              Office of General Counsel
                              219 Cannon House Office Building
                              Washington, DC 20515
                              (202) 225-9700

                              Loretta Lynch, Esq.
                              PAUL, WEISS, RIFKIND, WHARTON
                                 & GARRISON LLP
                              1285 Avenue of the Americas
                              New York, NY 10019-6064
                              (212) 373-3000

```
 1  APPEARANCES:  (Cont'd.)

 2  For Defendants:       Roberto J. Gonzalez, Esq.
                          PAUL, WEISS, RIFKIND, WHARTON
 3                           & GARRISON LLP
                          2001 K Street NW
 4                        Washington, DC 20006
                          (202) 223-7300
 5

 6

 7

 8

 9  Court Reporter:       Lisa Walker Griffith, RPR
                          U.S. District Courthouse, Room 6507
10                        Washington, D.C.  20001
                          (202) 354-3247
11

12
```

**P R O C E E D I N G S**

1
2      THE COURTROOM DEPUTY:  Good morning.  We are here
3  for a scheduling conference in civil matter 21-3366.  Taylor
4  Budowich Conservative Strategies, Inc. versus Nancy Pelosi
5  et.al.
6      Counsel, please identify yourselves, beginning with
7  the plaintiffs.
8      MR. DEMPSEY:  Good afternoon, Your Honor.  This is
9  Christopher Dempsey appearing on behalf of the plaintiffs
10 along with my colleagues, Daniel Bean and Jared Burns.
11     THE COURT:  Okay.  Welcome to you folks.
12     MR. LETTER:  Good afternoon, Your Honor.  This is
13 Douglas Letter, the General Counsel of the U.S. House of
14 Representatives.
15     THE COURT:  Good afternoon to you.
16     And do we have someone representing JP Morgan Chase
17 today?
18     MS. LYNCH:  Good afternoon, Your Honor and to the
19 parties.  This is Loretta Lynch with the firm of Paul Weiss
20 in the New York Office.  I'm joined by my colleague, Roberto
21 Gonzalez and Rosy Bell (ph) on behalf of JP Morgan Chase.
22     THE COURT:  Thank you, Ms. Lynch, for being here.
23 Your role may not be terribly involved going forward but I
24 appreciate your being here.
25     All right.  So we've got an amended TRO motion that

1   has been filed by the plaintiffs.  So I wanted to get people
2   on the line just as we did last time and set a schedule for
3   hearing this.
4           Mr. Letter, anything you want to say preliminarily
5   or can we go ahead and do that?
6           MR. LETTER:  Your Honor, we can go ahead.  The only
7   thing I wanted to observe, I may be wrong but I believe that
8   counsel for plaintiffs were aware at least as of December
9   27th that the records had already been turned over.  So I
10  think that's a week ago.  So I just ask that Your Honor take
11  that into account in setting whatever briefing schedule you
12  determine for our response.  That plaintiffs, I believe, took
13  a week to make this request after they had learned that, at
14  least then, that they had learned when the records had
15  already been turned over.  At this point, I don't have
16  anything further to say, Your Honor.  But I'll wait for you.
17          THE COURT:  Okay.  So again, let me ask the
18  plaintiffs, obviously -- we figure out deadlines when there
19  is something impending immediately.  And according to the
20  rule, before that happens, we set a very expedited schedule.
21  Here, the records have been turned over.  And this is really
22  a call back motion and a motion that may not be used or
23  otherwise relied on by the committee.
24          So is there anything that you are particularly
25  worried that is going to happen in the next few days,

1   Mr. Dempsey?

2           MR. DEMPSEY:  Yes, Your Honor.  As pointed out on
3   page 27 of our emergency motion for temporary restraining
4   order, the Select Committee planned televised hearings and a
5   release of the series of reports to reveal their findings and
6   is preparing to go public in the couple of weeks or months.
7   So plaintiffs represent that there continues to be an
8   exigency here that would best be served by an expedited
9   briefing schedule.

10          THE COURT:  Sure.  If there is no -- the question is
11  whether we're in TRO land or in PI land for a timetable.  So
12  do you want to respond to that?

13          MR. DEMPSEY:  Well, our motion is clearly a hybrid,
14  Your Honor, as we are requesting the call back relief in the
15  form of a preliminary injunction.  And then a TRO to issue
16  precluding the Select Committee from utilizing or using, or
17  facilitating any derivative use of the financial records
18  produced by JP Morgan to the Select Committee.

19          THE COURT:  Right.  That's what typical is to file a
20  TRO and PI for this.  I just want to talk about specific
21  deadlines as we set a schedule.  All right.

22          Well how about, Mr. Letter, a week to respond?

23          MR. LETTER:  Your Honor, we can certainly do that.
24  And maybe I should have said this preliminarily.  And I know
25  you are only talking about scheduling today but I do want to

1   get this on the record.  That a week should be fine.

2           And I think as Your Honor may already be aware,

3   there is very significant D.C. Circuit precedent that Brown

4   and Williamson, Ferrer and Hearst versus Black cases all make

5   absolutely clear that there is no authority under the

6   Separation of Powers Doctrine, there is no authority for the

7   Courts to issue the kind of relief that is being sought here.

8           I may be wrong but I don't think that plaintiffs

9   dealt with any of that case law in its filing.  But anyway,

10  yes, Your Honor, we can file within a week.

11          THE COURT:  All right.  But this would still be TRO

12  and depending on what I rule on that, we'll see about the

13  necessity for a PI here.

14          So Ms. Lynch, I don't know if you have had an

15  opportunity to review the motion and whether it even calls

16  from a response for you, because I'm not sure seeking to

17  enjoin your client to or from doing anything.  But I don't

18  want to preclude you from weighing in if you would like.

19          MS. LYNCH:  Thank you, Your Honor.  We actually

20  would defer to the Court on that.  As we read the newly

21  submitted request for TRO injunction, there was no relief

22  sought specifically against the bank.  And pending either

23  clarification by the plaintiffs of that point, we did not

24  envision that the bank would be the main responding party,

25  that would be the House.  But of course, if the Court wants

1  us to submit something simply avering that, we will.
2          THE COURT: Okay. And when you say the main
3  responding party, the question is whether you should be
4  responding at all I guess.
5          MS. LYNCH: Yes.
6          THE COURT: I'm sorry, that would be your point
7  though, wouldn't it, Ms. Lynch?
8          MS. LYNCH: Yes, we don't see any relief sought
9  against the bank in the TRO motion. But if Court would
10 prefer to hear from us, we would respond.
11         THE COURT: Okay. Mr. Dempsey, you are not seeking
12 -- any need to enjoin the bank, any reason why they need to
13 respond to your motion?
14         MR. DEMPSEY: That is correct, Your Honor. We see
15 no need for the the defendant, JP Morgan Chase to respond
16 substantively to our motion as the relief we're seeking
17 within the context of our emergency motion is against the
18 Select Committee defendants. The relief we're seeking at
19 large, however, with JP Morgan will come later.
20         THE COURT: Okay.
21         So Ms. Lynch, you are off the hook. You are
22 obviously welcome to be present at the hearing but I won't
23 require you to respond.
24         So Mr. Dempsey, if I give the government a week,
25 would you like to file a reply or do you want to just go to a

1  hearing right away?
2           MR. DEMPSEY:  Plaintiffs would definitely like to
3  file a reply.  We don't need an extra week beyond the
4  government's response, just a couple of days.
5           THE COURT:  It's your motion.  You are the one who
6  is seeking an accelerated timetable.  So I'll let you have as
7  much time as you like.  But I can -- whatever date you would
8  like to reply.
9           MR. DEMPSEY:  Three days upon the filing of the
10  defendant's, Select Committee defendant's response to our
11  emergency motion.
12          THE COURT:  Three business days actually end up
13  being six days.  So is that what would you like?
14          MR. DEMPSEY:  No, Your Honor.  Calendar days.
15          THE COURT:  I know, but I don't put deadlines on the
16  weekends.  So my point is that three business days from the
17  12th, the third business day is the weekend.  If you want to
18  do it two days, that would be the 14th.  But you can file
19  whatever you want.  But I don't require parties to file on
20  the weekends.
21          MR. DEMPSEY:  Thank you, Your Honor.  How about the
22  17th for the plaintiff's reply deadline?
23          THE COURT:  All right.  Acknowledging that there is
24  a holiday.  Are you aware of that?
25          MR. DEMPSEY:  I was not Your Honor, I apologize.

```
 1              THE COURT:  So the 18th is the next business day.
 2              MR. DEMPSEY:  Thank you, Your Honor.  I will follow
 3     your lead.
 4              THE COURT:  Fair enough.  The 18th.  Then for the
 5     hearing, can you do the 20th, Mr. Dempsey?
 6              MR. DEMPSEY:  Yes, sir, I'm wide open on the 20th.
 7     And I assume my colleagues' schedules will permit this as
 8     well.  Will this be via zoom or in person?
 9              THE COURT:  This would be via zoom.
10              So Mr. Letter, how about if we said 10:00 on the
11     20th, can you do that?
12              MR. LETTER:  Absolutely, Your Honor.
13              THE COURT:  Okay.  Mr. Dempsey, 10:00 works for you?
14              MR. DEMPSEY:  Yes, Your Honor.
15              THE COURT:  Ms. Lynch?
16              MS. LYNCH:  Yes, Your Honor.
17              THE COURT:  Okay.  So what I'm actually going to do
18     is, you have to file by the 18th at noon because I want
19     enough time to review that, Mr. Dempsey, so I'll put that in
20     the order.
21              So what I am going to do is issue a minute order
22     shortly that will say government's opposition due January
23     12th, I'm sorry, plaintiff's reply January 18th by noon.
24     Hearing January 20, 10:00 on the TRO.
25              So anything else that, Mr. Dempsey, you would like
```

1  me to address today?

2          MR. DEMPSEY:  Yes, Your Honor.  Plaintiffs renew
3  their request for a copy of the subpoena that was served on
4  defendant JP Morgan Chase by the Select Committee defendant.

5          THE COURT:  Okay.

6          Mr. Letter, you were going to look into that, what
7  did you decide?

8          MR. LETTER:  Yes, Your Honor.  We looked into it.
9  And our practice is that we don't provide copies of subpoenas
10 when it's not to the recipients.  So the bank was the
11 recipient of the subpoena.  But our normal practice is not to
12 provide a full copy of the subpoena otherwise.

13         THE COURT:  All right.  So you can, Mr. Dempsey, if
14 you think that is improper or that I should require
15 otherwise, you can so state in your reply.

16         MR. DEMPSEY:  Yes, Your Honor.

17         THE COURT:  Okay.  Mr. Letter, anything else for
18 your side?

19         MR. LETTER:  No, Your Honor.  I know I could look
20 this up but I'm sorry.  Do you happen to know page limit on
21 this filing?

22         THE COURT:  It's the same page limit as anything
23 else which is 45 pages but I certainly hope that you are not
24 going to be in that neighborhood.

25         MR. LETTER:  Okay, so 45 pages, Your Honor, is that

1  what you're saying?
2          THE COURT:  I view the neighborhood as very
3  expansive.
4          Ms. Lynch, anything else?
5          MS. LYNCH:  No, thank you, Your Honor.
6          THE COURT:  All right.  Thank you, everyone.  Stay
7  warm and I'll see you in a couple of weeks.
8          (Whereupon, at 1:14 p.m., the hearing concluded.)

CERTIFICATE OF REPORTER

I, Lisa Walker Griffith, certify that the foregoing is a correct transcript from the record of the remotely reported proceedings in the above-entitled matter.

Please Note: This hearing was held in compliance with the COVID-19 pandemic and the standing orders of this court, and is therefore subject to the technological limitations of court reporting remotely, including static, signal interference and other restrictions.

_____  1-10-2022
Lisa Walker Griffith, RPR                   Date