UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAYLOR BUDOWICH, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> NANCY PELOSI, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:21-cv-03366-JEB |

## JOINT STATUS REPORT

In accordance with the Court's Order dated January 27, 2022, the Parties provide the following Joint Status Report:

1. On January 28, 2022, Defendant J.P. Morgan Chase Bank, N.A. ("JPMorgan") provided Plaintiffs with a redacted copy of the Select Committee subpoena at issue.

2. The redacted subpoena requests Plaintiffs' financial records, along with those of other undisclosed individuals and entities, for the period of "October 1, 2020 to the present." Paragraph 17 of the subpoena, "Document Production Instructions and Definitions," states: "This request is continuing in nature and applies to any newly-discovered information. Any record, document, compilation of data, or information not produced because it has not been located or discovered by the return date shall be produced immediately upon subsequent location or discovery."

**The Select Committee Defendants' Position:**

3. The Select Committee Defendants state that, to their knowledge, they have received all of the financial records requested, and do not anticipate issuing any more subpoenas to Defendant JPMorgan concerning Plaintiffs. The reference in the subpoena to its continuing nature

applies only to records within the period described in the subpoena (the language in the subpoena referring to records from "October 1, 2020 to the present" means records from October 1, 2020 to the date of the subpoena, November 23, 2021). Thus, the subpoena does not compel production of more financial records beyond Defendant JPMorgan's production made on December 24, 2021 (except in the unlikely event that responsive records are later discovered that should have been provided at that time).

4. Regarding any proposed briefing schedule, the Select Committee Defendants agree with Defendant JPMorgan that the parties be given until April 7, 2022 to file any response to Plaintiffs' amended complaint. This schedule provides adequate time for Defendants to fully respond to all issues. In the event that Plaintiffs file a motion for preliminary injunction or other appropriate motion in conjunction with an amended complaint, the Select Committee Defendants also support the Court's convening of a status conference to determine an appropriate briefing schedule.

**Defendant JPMorgan's Position:**

5. JPMorgan has no present intention to produce additional documents pursuant to the subpoena. The possibility that JPMorgan could do so at some point in the future is purely theoretical, thus obviating the need for a preliminary injunction to prevent imminent production. In addition to lacking standing, Plaintiffs have not articulated any legal basis for their position that the bank must provide Plaintiffs 10 days' notice before producing documents. Even if the Right to Financial Privacy Act applies to congressional committee subpoenas (which it does not), it would not require that the bank provide notice to Plaintiffs, much less 10 days' notice. JPMorgan has urged Plaintiffs to reconsider their intention to file for a preliminary injunction, as doing so would impose needless burden on the parties and the Court.

6.      Separately, Plaintiffs appear to be requesting leave to amend their Complaint as well.[1] Should the Court grant Plaintiffs leave to amend and Plaintiffs file an amended complaint by February 18, 2022, JPMorgan proposes a response date of April 7, 2022 for all Defendants.

7.      In the event Plaintiffs file a motion for a preliminary injunction and/or "other appropriate motion" (which has not been specified), and the Court grants Plaintiffs leave to amend the Complaint, JPMorgan proposes a status conference to discuss the corresponding briefing schedules.

**Plaintiffs' Position:**

8.      To avoid the need to move for a preliminary injunction, Plaintiffs offered, as an alternative to filing a motion for preliminary injunction, for JPMorgan to provide Plaintiffs with ten days' notice if JPMorgan intended to produce additional documents. Defendant JPMorgan declined this offer.[2]

9.      Based on the foregoing, Plaintiffs intend to seek relief to require Defendant JPMorgan to provide Plaintiffs with ten days' notice before JPMorgan produces additional documents pursuant to the subpoena, as is required by the Right to Financial Privacy Act. Without such relief, Plaintiffs will, again, have no meaningful opportunity to challenge the unlawful request for their records before those records are provided to the Select Committee. In other words, should the Select Committee change its position as to the pertinence of additional financial records and compels their production without notice, the scenario already complained of will repeat.

---

[1]   Plaintiffs cannot amend the Complaint as a matter of course, as more than 21 days have expired since service of the Complaint. *See* Fed. R. Civ. P. 15(a)(1)–(2).

[2]   Notwithstanding the Select Committee's representation in Paragraph 3 above that the subpoena at issue only compelled production of records up to and including November 23, 2022, Defendant JPMorgan refuses to confirm that it did not provide financial records beyond November 23, 2021.

10. Plaintiffs intend to move for leave to file an amended complaint and file a motion for preliminary injunction, or other appropriate motion, simultaneously, and ask that the Court provide them until February 18, 2022 to do so. Plaintiffs also believe that combining the preliminary injunction, or other appropriate motion, with motions to dismiss would conserve judicial resources and propose that responses to the preliminary injunction, or other appropriate motion, and motions to dismiss be filed by March 4, 2022; responses to the motions to dismiss and replies to the motion for preliminary injunction, or other appropriate motion, be filed by March 18, 2022; replies to the motions to dismiss be filed by March 25, 2021; and a hearing on the motions be scheduled at the Court's convenience.

Dated: February 3, 2022

Respectfully submitted,

ABEL BEAN LAW, P.A.

By: /s/ Christopher W. Dempsey
Christopher W. Dempsey
Daniel K. Bean (*pro hac vice*)
Jared J. Burns (*pro hac vice*)
100 N. Laura Street, Suite 501
Jacksonville, FL 32202
Telephone: (904) 944-4100
cdempsey@abelbeanlaw.com
dbean@abelbeanlaw.com
jburns@abelbeanlaw.com

**Counsel for Plaintiffs**

U.S. HOUSE OF REPRESENTATIVES

By: /s/ Douglas Letter
Douglas Letter
Office of General Counsel
5140 O'Neill House Office Building
Washington, DC 20515
Telephone: (202) 255-9700
Douglas.letter@mail.house.gov

**Counsel for House Defendants**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:   /s/ Loretta E. Lynch, Esq.
Loretta E. Lynch (*pro hac vice*)
Roberto J. Gonzalez (DC Bar No. 501406)
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7316
lelynch@paulweiss.com
rgonzalez@paulweiss.com

**Counsel for Defendant J.P. Morgan Chase Bank, N.A.**

5