IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAYLOR BUDOWICH, *et al.*,

                Plaintiffs,

                v.

NANCY PELOSI, in her official capacity as Speaker of the United States House of Representatives, *et al.*,

                Defendants.

No. 1:21-cv-03366 (JEB)

# DEFENDANT J.P. MORGAN CHASE BANK, N.A.'S
# OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL NOTICE

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

FACTUAL AND PROCEDURAL BACKGROUND.................................................................. 1

ARGUMENT ................................................................................................................ 3

I.    PLAINTIFFS LACK STANDING TO SEEK 10 DAYS' ADVANCE NOTICE OF FUTURE PRODUCTIONS RELATING TO THEM .................................................. 3

II.   THERE IS NO LEGAL BASIS FOR REQUIRING JPMCB TO GIVE PLAINTIFFS 10 DAYS' ADVANCE NOTICE OF ANY FUTURE PRODUCTIONS RELATING TO THEM .......................................................................... 5

III.  A MOTION TO COMPEL IS AN INAPPROPRIATE VEHICLE FOR REQUESTING 10 DAYS' ADVANCE NOTICE OF FUTURE PRODUCTIONS PURSUANT TO A CONGRESSIONAL SUBPOENA ...................................................... 8

IV.  PLAINTIFFS' MOTION IS PROCEDURALLY DEFECTIVE ..................................... 10

CONCLUSION .............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Petroleum Inst.* v. *EPA*,
 683 F.3d 382 (D.C. Cir. 2012) ...................................................................................................4

*Carney* v. *Adams*,
 141 S. Ct. 493 (2020) .............................................................................................................3, 4

*Cootes Drive LLC* v. *Internet L. Libr., Inc.*,
 No. 01-cv-00877, 2002 WL 424647 (S.D.N.Y. Mar. 19, 2002) ................................................7

*Dailey* v. *Bank of Am.*,
 106 F. App'x 533 (9th Cir. 2004) ..............................................................................................6

*Elsman* v. *Standard Fed. Bank*,
 46 F. App'x 792 (6th Cir. 2002) ................................................................................................6

*Guo Wengui* v. *Clark Hill, PLC*,
 338 F.R.D. 7 (D.D.C. 2021) (Boasberg, J.) ...............................................................................9

*Hoskins* v. *TCF Nat. Bank*,
 248 F. App'x 742 (7th Cir. 2007) ..............................................................................................5

*Hunt* v. *U.S. Securities & Exchange Comm'n*,
 520 F. Supp. 580 (N.D. Tex. 1981) ...........................................................................................9

*Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO*, Local Lodge No.
 1821, 80 F. Supp. 3d 247, 277-78 (D. Maine 2015) .................................................................9

*United States* v. *Miller*,
 425 U.S. 435 .............................................................................................................................6

*Off. of Thrift Supervision Dep't of Treasury* v. *Dobbs*,
 931 F.2d 956 (D.C. Cir. 1991) ..................................................................................................4

*Open Top Sightseeing USA* v. *Mr. Sightseeing, LLC*,
 48 F. Supp. 3d 87 (D.D.C. 2014) ..............................................................................................9

*Porter* v. *Warner Holding Co.*,
 328 U.S. 395 (1946) ..................................................................................................................8

*Sargeant* v. *Dixon*,
 130 F.3d 1067 (D.C. Cir. 1997) ................................................................................................6

*Swope* v. *Northumberland Nat. Bank*,
   625 F. App'x 83 (3d Cir. 2015) ...................................................................................5

*Trump* v. *New York*,
   141 S. Ct. 530 (2020)..................................................................................................4

*U.S. Sec. & Exch. Comm'n* v. *e-Smart Techs., Inc.*,
   No. CV 11-895, 2014 WL 12803208 (D.D.C. Apr. 16, 2014) (Boasberg, J.)...........9

*UMG Recordings, Inc.* v. *Does 1-4*,
   No. 06-0652, 2006 WL 1343597 (N.D. Cal. March 6, 2006)....................................7

*Texas* v. *United States*,
   523 U.S. 296 (1998)....................................................................................................4

**Statutes**

12 U.S.C. §§ 3405, 3408...................................................................................................5

Cable Communications Policy Act....................................................................................7

Emergency Price Control Act ............................................................................................8

Right to Financial Privacy Act ("RFPA") ......................................................................5, 9

**Other Authorities**

Article III of the Constitution .......................................................................................3, 4

Fed. R. Civ. P. 37(a)(3)(A), (B).........................................................................................9

Fed. R. Civ. P. 45, 45(b) .................................................................................................7, 8

Defendant J.P. Morgan Chase Bank, N.A. ("JPMCB" or the "Bank") respectfully submits this Opposition to Plaintiffs' Motion to Compel Notice filed February 18, 2022 (ECF No. 31) (the "Motion" or "Mot."). For the reasons stated herein, JPMCB respectfully requests that this Court deny the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

For a full statement of the factual and procedural background of this litigation, JPMCB respectfully refers the Court to its contemporaneously filed Memorandum of Points and Authorities in Support of its Motion to Dismiss the Amended Complaint ("Memorandum in Support of MTD"), which is incorporated by reference. Below JPMCB describes the facts relevant to this Motion. For the avoidance of any doubt, JPMCB disagrees with Plaintiffs' rendition of the facts in their Motion.

On November 22, 2021, the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee") subpoenaed Plaintiff Taylor Budowich for testimony and documents, including financial records. In response, Mr. Budowich provided testimony and produced documents. *See* Am. Compl. ¶¶ 57-64, ECF No. 30, & Ex. A, Nov. 22, 2021 Budowich Subpoena.

On November 23, 2021, the Select Committee issued a subpoena to JPMCB requiring the production of records relating to Plaintiff Mr. Budowich, Plaintiff Conservative Strategies, Inc., and any accounts for which either Plaintiff is a signator or controlling party, among other designations. *See* Am. Compl. Ex. B.

On December 21, 2021, JPMCB voluntarily elected to send a letter to Mr. Budowich notifying him that "J.P. Morgan Chase Bank, N.A. received a subpoena . . . concerning a request for information involving you and/or your accounts" from the Select Committee. *See* Am. Compl. Ex. F, Letter from JPMorgan Chase & Co. The Bank also stated that it was obligated to

comply with the Select Committee's subpoena "in a timely manner," and that, in the absence of "documentation legally obligating it to stop taking such steps," the Bank would comply with the Subpoena. *Id.* The letter requested that Mr. Budowich send any such documentation by December 24, 2021, at 5:00 p.m. Eastern Time. *Id.* Finally, the Bank emphasized that it was providing "merely a notification" that it had received the subpoena and that Mr. Budowich should contact the Select Committee if he would like the Bank to send him a copy of the subpoena or with any questions. *Id.*

On December 23, 2021, Plaintiffs' counsel emailed JPMCB acknowledging receipt of the letter, requesting a copy of the full subpoena, and asking JPMCB to extend the December 24, 2021 deadline. *See* Am. Compl. Ex. I, Dec. 23, 2021 Email. The next day, Plaintiffs' counsel emailed JPMCB's in-house counsel to thank her for their discussion earlier that morning and to inform JPMCB that Plaintiffs' counsel had sent a "written request to the Committee's counsel for an extension for JPMorgan to respond to the Committee's unlawful subpoena." *See* Am. Compl. Ex. I, Email from Daniel K. Bean. Plaintiffs' counsel stated that they "followed that with a telephone call [to the Committee] an hour later," but had not "received a response to either transmission." *Id.* The email also stated that Mr. Budowich would be filing that day a petition for declaratory relief and requested that "JPMorgan delay its response to the subpoena." *Id.* Plaintiffs' counsel did not cite any legal basis that would allow the Bank to refuse to produce the subpoenaed documents by the Select Committee's deadline. *Id.*

As Plaintiffs admitted, "the Select Committee refused to extend the deadline for when JPMorgan could produce documents in order to provide Mr. Budowich with an opportunity to seek judicial relief." *See* Am. Compl. ¶ 5. Having received no extension from the Select Committee to its December 24th 5:00 p.m. Eastern Time deadline, JPMCB produced the

2

required documents. After the production, Plaintiffs initiated this action. *See* Compl., ECF No. 1.

Plaintiffs also filed a motion for a temporary restraining order and later a motion for a temporary restraining order and/or preliminary injunction. Both were denied by the Court. The Parties submitted a Joint Status Report on February 3, 2022, in which the Select Committee Defendants represented that "they had received all of the financial records requested and do not anticipate issuing any more subpoenas to Defendant JPMorgan concerning Plaintiffs." *See* ECF 28. Further, with respect to whether there may be future productions pertaining to Plaintiffs, the Bank stated it had "no present intention to produce additional documents pursuant to the subpoena." *Id*. On February 18, 2022, Plaintiffs filed an Amended Complaint and a "Motion to Compel Notice." *See* ECF Nos. 30, 31.

## **ARGUMENT**

Having twice been denied injunctive relief by this Court, Plaintiffs have now filed a "Motion to Compel Notice." The Motion asks the Court to order JPMCB to provide 10 days' notice in advance of any future productions regarding Plaintiffs to the Select Committee. Plaintiffs' Motion should be denied because Plaintiffs lack standing; there is no legal basis for requiring 10 days' advance notice; this Motion is not the appropriate vehicle for the relief sought; and the Motion is procedurally defective.

### I.   PLAINTIFFS LACK STANDING TO SEEK 10 DAYS' ADVANCE NOTICE OF FUTURE PRODUCTIONS RELATING TO THEM

Plaintiffs fail to demonstrate a justiciable case or controversy under Article III of the Constitution, which requires "an injury that is concrete, particularized, and imminent rather than conjectural or hypothetical." *Carney* v. *Adams*, 141 S. Ct. 493, 499 (2020) (internal quotations omitted). Because any future productions by JPMCB relating to Plaintiffs are hypothetical or

3

speculative, Plaintiffs do not have standing to seek a court order requiring 10 days' advance notice of any such productions.

The ripeness doctrine requires Plaintiffs to allege "an injury-in-fact that is imminent or certainly impending." *See Am. Petroleum Inst.* v. *EPA*, 683 F.3d 382, 386-87 (D.C. Cir. 2012) (internal quotations omitted) ("[R]ipeness ensures that Article III courts make decisions only when they have to, and then, only once."). Plaintiffs' request for judicial intervention here "is not ripe for adjudication" because it rests "upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas* v. *United States*, 523 U.S. 296, 296 (1998) (internal quotations omitted).

The Motion demonstrates that it rests on "contingencies and speculation," *see Trump* v. *New York*, 141 S. Ct. 530, 535 (2020), that fail to present this Court with an issue that is "concrete, particularized, and imminent," *see Carney*, 141 S. Ct. at 499; *see also, e.g.*, *Off. of Thrift Supervision Dep't of Treasury* v. *Dobbs*, 931 F.2d 956, 959 (D.C. Cir. 1991) (rejecting an appellant's request "upon [a] purely speculative assumption that [a subpoenaing entity] will pursue future use of . . . subpoenaed testimony" and finding that a request for "testimony [to] be sealed against future use . . . [is] ripe only at the time when that future use is a real, not a speculative, possibility"). Plaintiffs cannot identify any future, additional productions relating to Plaintiffs that may be made to the Select Committee.

In fact, Plaintiffs admit that the Select Committee "avers it has received all requested financial records" from JPMCB relating to Plaintiffs and that the Bank "has no present intention to produce additional documents" relating to Plaintiffs pursuant to the subpoena. *See* Mot. at 3 (citing Joint Status Report ("JSR"), ECF No. 28, at 2). The Select Committee has further confirmed it does "not anticipate issuing any more subpoenas to Defendant JPMorgan

4

concerning Plaintiffs." JSR at 1. Plaintiffs offer no evidence to dispute these statements. Accordingly, there is no basis for the Court to order JPMCB to provide 10 days' notice in advance of any future, additional productions. Any such productions are not anticipated and are speculative at best.

Because no ripe dispute exists for this Court to adjudicate, the Motion should be denied.

## II.  THERE IS NO LEGAL BASIS FOR REQUIRING JPMCB TO GIVE PLAINTIFFS 10 DAYS' ADVANCE NOTICE OF ANY FUTURE PRODUCTIONS RELATING TO THEM

Plaintiffs cite no legal basis for an order requiring JPMCB to give them 10 days' advance notice of any future productions to the Select Committee relating to Plaintiffs. Plaintiffs do not assert the Right to Financial Privacy Act ("RFPA") as a legal basis for the Motion. Nevertheless, as discussed in greater detail in JPMCB's Memorandum in Support of MTD, the RFPA is not applicable to the subpoena issued to JPMCB because the RFPA does not apply to congressional subpoenas. *See* Memorandum in Support of MTD at 9 (citing *Trump et al.* v. *Deutsche Bank AG, et al.*, 943 F.3d 627, 641 (2d Cir. 2019), *vacated and remanded sub nom. on other grounds by Trump* v. *Mazars USA, LLP*, 140 S. Ct. 2019 (2020)). Even if the RFPA were applicable, it requires the *government authority*—not the financial institution—to provide notice to the customer. *See* 12 U.S.C. §§ 3405, 3408; Memorandum in Support of MTD at 10. The Court should decline Plaintiffs' invitation to impose a notice requirement on the Bank that is not found in applicable law.

Plaintiffs are also incorrect in arguing that the Fifth Amendment's Due Process Clause is a basis for their request for 10 days' advance notice. As discussed in JPMCB's Memorandum in Support of MTD, the Due Process Clause binds government actors, not private parties like JPMCB. *See, e.g.*, *Swope* v. *Northumberland Nat. Bank*, 625 F. App'x 83, 86 (3d Cir. 2015); *see also Hoskins* v. *TCF Nat. Bank*, 248 F. App'x 742, 743 (7th Cir. 2007) ("The bank is not a state

5

actor."); *Dailey* v. *Bank of Am.*, 106 F. App'x 533, 533 (9th Cir. 2004) (affirming district court's determination that the bank was not a state actor); *Elsman* v. *Standard Fed. Bank*, 46 F. App'x 792, 798 (6th Cir. 2002) (finding plaintiff's due process claim "without merit" because defendant bank was not a state actor).

Moreover, Plaintiffs are incorrect when they assert that private parties that produce documents pursuant to government subpoenas become state actors whose actions are subject to the Due Process Clause. *See* Pls.' Mot. at 5 ("Here, the Select Committee issued a subpoena to JPMorgan. The subpoena, of course, was an exercise of the Select Committee's coercive power. Therefore, JPMorgan's actions can be attributed to the federal government and the Fifth Amendment's Due Process Clause applies." (internal citations omitted)). Plaintiffs have not provided any authority for that assertion because, indeed, there is none.

The Due Process Clause is also inapplicable here because the subpoenaed documents are JPMCB's records; the documents are not the property of Plaintiffs. *See United States* v. *Miller*, 425 U.S. 435, 440-41 ("On their face, the documents subpoenaed here [microfilms or checks, deposit slips, and other records relating to target's accounts] are not respondent's 'private papers' . . . these are the business records of the banks."). There could be no deprivation of Plaintiffs' property interests that would implicate the Due Process Clause's protections in the first place. *See Sargeant* v. *Dixon*, 130 F.3d 1067, 1070 (D.C. Cir. 1997) ("Absent an underlying property or liberty interest . . . one has no entitlement to procedural due process and hence no right to be heard." (internal quotations omitted)). Simply stated, Plaintiffs do not have a constitutionally protected property interest in JPMCB's records.

Plaintiffs similarly provide no support for their assertion that JPMCB's prior production was somehow "an attempt to eliminate [Plaintiffs'] ability to obtain . . . judicial intervention,"

6

*see* Mot. at 3, rather than JPMCB's compliance with a deadline that the Select Committee declined to extend despite Plaintiffs' request for an extension. Additionally, Plaintiffs have not provided any legal support for their argument that a financial institution may refuse to comply with a subpoena because a customer indicates it will seek judicial relief. *See id.* at 4-6. In any event, these assertions do not provide a legal basis on which the Court may require 10 days' advance notice.

Plaintiffs' reliance on *Cootes Drive LLC* v. *Internet L. Libr., Inc.*, No. 01-cv-00877, 2002 WL 424647, at *2 (S.D.N.Y. Mar. 19, 2002), for "[t]he requirement that prior notice must be given," is misplaced. *Cootes Drive* involved Federal Rule of Civil Procedure 45(b), which "requires a party issuing a subpoena for the production of documents to a non-party to provide prior notice to all parties to the litigation." Of course, Federal Rule of Civil Procedure 45(b) applies to third-party subpoenas issued in the course of federal court litigation, not to subpoenas issued by congressional committees. Rule 45(b)'s notice requirement also falls on the *subpoenaing party*, not the subpoenaed party. Here, JPMCB was the subpoenaed party, not the subpoenaing party. Hence, Rule 45(b) and a case relying on it do not provide any support for Plaintiffs' request for 10 days' advance notice of any future productions pursuant to a congressional subpoena relating to them.

Plaintiffs also rely on *UMG Recordings, Inc.* v. *Does 1-4*, No. 06-0652, 2006 WL 1343597, at *3 (N.D. Cal. March 6, 2006), but that case is likewise inapposite. In *UMG Recordings*, the plaintiff sued a number of John Doe defendants for copyright infringement and, knowing the defendants' IP addresses, sought leave of Court to subpoena the defendants' internet service provider for the defendants' identifying information. *Id.* at *1. The Court declined to decide whether the Cable Communications Policy Act, which requires subpoenaed internet

7

service providers to provide customers an opportunity to prohibit or limit disclosure, applied. The Court held that, in any event, "in [the] interest of fairness" and pursuant to its ability under Federal Rule of Civil Procedure 45 to quash or modify subpoenas, it would require the internet service providers to provide the defendants notice of the subpoenas and 15 days to object. *UMG Recordings* involves subpoenas issued in the course of federal civil litigation. It did not involve congressional subpoenas and thus provides no basis for requiring 10 days' advance notice of any future, speculative productions pursuant to a congressional subpoena.

Plaintiffs' reliance on *Porter* v. *Warner Holding Co.*, 328 U.S. 395 (1946), is similarly off the mark. Plaintiffs cite this case for the proposition that a court has "broad equitable powers" to deliver "complete rather than truncated justice." *Id.* at 398. *Porter*, however, addressed the power of the court to decree the disgorgement of profits, rents, or property obtained in violation of the Emergency Price Control Act. The Court relied on enumerated authority in the statute that "expressly authorizes the District Court, upon a proper showing, to grant a permanent or temporary injunction, restraining order, or other order." *Id.* at 399. No such express authorization is made in any statute relevant to the issues raised here by Plaintiffs.

Having provided no legal basis for the judicial order they seek, Plaintiffs' Motion should be denied.

### III. A MOTION TO COMPEL IS AN INAPPROPRIATE VEHICLE FOR REQUESTING 10 DAYS' ADVANCE NOTICE OF FUTURE PRODUCTIONS PURSUANT TO A CONGRESSIONAL SUBPOENA

A motion to compel is also an inappropriate vehicle for pursuing the relief Plaintiffs seek. Plaintiffs do not cite any authority that a "Motion to Compel Notice" is the appropriate form of motion for obtaining advance notice of productions pursuant to a congressional subpoena. Under the Federal Rules of Civil Procedure and Local Rules of the District Court for the District of Columbia (the "Local Rules" or "LCvR"), "motions to compel" are used for discovery purposes.

8

The Federal Rules allow a party to move for "an order compelling disclosure or discovery," when, for example, another party has failed to make a disclosure, failed to produce documents, or failed to answer an interrogatory. *See* Fed. R. Civ. P. 37(a)(3)(A), (B); *see also, e.g.*, *Guo Wengui* v. *Clark Hill, PLC*, 338 F.R.D. 7, 15 (D.D.C. 2021) (Boasberg, J.) (granting plaintiff's motion to compel discovery); *U.S. Sec. & Exch. Comm'n* v. *e-Smart Techs., Inc.*, No. CV 11-895, 2014 WL 12803208, at *1 (D.D.C. Apr. 16, 2014) (Boasberg, J.) (granting motion to compel following discovery dispute); *accord* LCvR 26.2 Discovery (identifying initial disclosure requirements in discovery); LCvR 30.4 Form of Responses to Interrogatories and Requests for Admission or Production of Documents (outlining requirements for motions seeking court to compel responses and objections). Plaintiffs' Motion concerns productions pursuant to a congressional subpoena. The Motion is not about compelling responses to discovery. Therefore, a motion to compel is inappropriate.

The appropriate vehicle, if any, for the injunctive relief Plaintiffs seek would be a temporary restraining order or preliminary injunction. *See, e.g.*, *Hunt* v. *U.S. Securities & Exchange Comm'n*, 520 F. Supp. 580, 610 (N.D. Tex. 1981) (granting Plaintiffs' request for preliminary injunction to require notice prior to subpoena compliance in accordance with the RFPA). A temporary restraining order or a motion for a preliminary injunction, of course, demand that the moving party demonstrate a likelihood of succeeding on the merits; a likelihood of suffering irreparable harm in the absence of immediate, preliminary relief; that the balance of equities tips in favor of the movant; and that the relief would be in the public interest. *See Open Top Sightseeing USA* v. *Mr. Sightseeing, LLC*, 48 F. Supp. 3d 87, 89 (D.D.C. 2014); *see also Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO*, Local Lodge No. 1821, 80 F. Supp. 3d 247, 277-78 (D. Maine 2015) (noting that a court examines "the same four factors" in

determining whether to issue a temporary restraining order or a preliminary injunction). Plaintiffs cannot satisfy these requirements for the reasons already discussed. Plaintiffs should not be permitted to circumvent these requirements by titling their request a "Motion to Compel Notice."

## IV. PLAINTIFFS' MOTION IS PROCEDURALLY DEFECTIVE

Plaintiffs' Motion is also noncompliant with the Local Rules. In particular, Plaintiffs' counsel did not attempt to meet and confer with JPMCB regarding their intention to file this Motion, in violation of LCvR 7(m). The Motion does not include the required statement that the parties met and conferred, nor whether the Motion was opposed, also in violation of LCvR 7(m). The Motion also does not include a proposed order, in violation of LCvR 7(c).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel Notice should be denied.

Dated: March 25, 2022

Respectfully submitted,

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

*/s/ Loretta E. Lynch*
Loretta E. Lynch (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3118
lelynch@paulweiss.com

Roberto J. Gonzalez (DC Bar No. 501406)
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
rgonzalez@paulweiss.com

*Counsel for Defendant
J.P. Morgan Chase Bank, N.A.*