UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAYLOR BUDOWICH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:21-cv-03366-JEB |
| ) | |
| NANCY PELOSI, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY IN SUPPORT OF MOTION TO COMPEL NOTICE**

Plaintiffs were not afforded an opportunity to judicially challenge a subpoena the Select Committee issued to JPMorgan compelling production of Plaintiffs' private financial records prior to JPMorgan producing those records. JPMorgan willfully and intentionally provided insufficient notice and then refused to extend its self-selected deadline despite its actual notice that Plaintiffs were to seek judicial review of concerning the lawfulness of the subpoena at issue. Because JPMorgan's self-selected deadline was on Christmas Eve and Plaintiffs only received written notice of the Select Committee's subpoena around close of business the day prior, Plaintiffs were unable to obtain judicial review before JPMorgan produced Plaintiffs' private financial records.

JPMorgan willfully and intentionally engaged in these maneuvers to preclude judicial review despite having actual notice that Plaintiffs intended to challenge—and did challenge—the subpoena. It waited a full month to provide Plaintiffs notice of the subpoena, leaving them with no time to obtain a court order. Incredibly, JPMorgan now argues that this action is moot, and the Court cannot properly review the lawfulness of the subpoena at issue and its unlawful acts after-the-fact because it already produced Plaintiffs' private financial records. See ECF No. 34 at 16. In other words, JPMorgan now attempts to evade any judicial review, accountability, and

-1-

consequences concerning its unlawful and improper conduct by reliance on a timeline and scenario it purposefully created and manufactured in order to deny Plaintiffs their day in court.

To avoid repeating the above-described fundamentally inequitable scenario, Plaintiffs invoke the equitable power of this Court to protect their due process rights by requiring JPMorgan to provide Plaintiffs with ten (10) days' notice of its intent to produce additional records belonging to Plaintiffs pursuant to the subpoena at issue in this case.

In accordance with Local Rule LCvR 7(d), Plaintiffs submit this limited reply in support of their Motion to Compel Notice (ECF No. 31). Plaintiffs' Motion to Compel Notice explains the necessity of the relief requested and the basis for the Court's power to order such relief. Plaintiff submits this limited reply to refute Defendant JPMorgan Chase Bank, N.A.'s assertion that Plaintiffs did not properly confer before filing the motion and that Plaintiffs' Motion is not ripe.

Contrary to JPMorgan's averments, Plaintiffs adequately conferred regarding the relief requested in the Motion. On January 31, 2022, Plaintiffs requested, via email, that "JPMorgan agree[] to provide Plaintiffs with at least ten (10) days prior notice of any additional, intended production of financial records to the Select Committee flowing from the subpoena at issue or any subsequent subpoena issued by the Select Committee." On February 2, 2022, counsel for JPMorgan responded, stating "JPM declines to enter into the binding notice agreement that you propose . . . ." Thus, Plaintiffs fully satisfied the meet and confer obligation under Local Rule LCvR7(m). Moreover, page seven (7) of Plaintiffs' motion states: "Plaintiffs previously requested JPMorgan to provide such notice without the need to file a motion, but JPMorgan refused this reasonable compromise." See ECF No. 31 at 7. Thus, JPMorgan's contentions about not conferring and violating Local Rule 7(m) are incorrect.[1]

---

[1] Plaintiffs acknowledge that they failed to attach a proposed order with their original motion. However, they have included a proposed order as an attachment to this Reply.

Additionally, JPMorgan's ripeness argument ignores practical realities. JPMorgan argues that Plaintiffs' Motion is not ripe because JPMorgan claims it does not presently intend to produce additional records belonging to Plaintiffs under the subpoena at issue. See ECF No. 35 at 4–5. But absent the relief requested and based on prior, improper conduct of JPMorgan, Plaintiffs would never be given an opportunity to challenge such a production. Under JPMorgan's theory, there would never be a time when Plaintiffs' Motion would be ripe before JPMorgan would produce such records, leaving Plaintiffs in the same untenable position of having no opportunity to challenge the production before it occurs. Moreover, the ripeness and standing doctrines apply to claims, not specific motions of this sort. See St. Paul Fire & Marine Ins. Co. v. Luke Ready Air, LLC, 880 F. Supp. 2d 1299, 1306 (S.D. Fla. 2012) ("Challenges made on the basis of ripeness apply to claims rather than individual motions.").

Defendants' actions precluded judicial review of an overbroad subpoena. JPMorgan's conduct left Plaintiff Taylor Budowich with no time to challenge the disclosure of his personal financial records. It required Mr. Budowich, with less than twenty-four (24) hours' notice, to obtain a court order on a federal holiday.[2] To avoid repeating this scenario, which leaves Plaintiffs with no practical or meaningful ability to challenge the subpoena in this Court before documents are provided, Plaintiffs respectfully request that the Court enter an order requiring JPMorgan to provide Mr. Budowich with ten days' advance notice before producing additional records of Plaintiffs to the Select Committee.

---

[2] Additionally, JPMorgan has refused to advise whether it produced private financial records of Plaintiffs to the Select Committee beyond November 23, 2021, notwithstanding the Select Committee's unequivocal declaration that its subpoena only compelled production of records up to and including November 23, 2021. See ECF No. 28 at ¶ 3. JPMorgan has likewise failed to provide copies to Plaintiffs of their own financial records as produced to the Select Committee by imposing the obstacle of its proposed overbroad, expansive, and unduly limiting protective order. This conduct is consistent with JPMorgan's complete derogation of its obligation to safeguard the privacy interests of Plaintiffs in connection with the Select Committee investigation.

Date:  April 1, 2022                                  Respectfully submitted,

**ABEL BEAN LAW, P.A.**

*s/ Christopher W. Dempsey*
CHRISTOPHER W. DEMPSEY
DANIEL K. BEAN
JARED J. BURNS
100 N Laura Street, Suite 501
Jacksonville, Florida 32202
Telephone:  (904) 944-4100
Fax:  (904) 944-4122
Email: cdempsey@abelbeanlaw.com
dbean@abelbeanlaw.com
jburns@abelbeanlaw.com

*Attorneys for Plaintiffs*

-4-