### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TAYLOR BUDOWICH,** *et al.*, | |
| **Plaintiffs,** | |
| v. | **Civil Action No. 21-3366 (JEB)** |
| **NANCY PELOSI,** *et al.*, | |
| **Defendants.** | |

## <u>ORDER</u>

In response to the attempted insurrection on January 6, 2021, the U.S. House of
Representatives formed the Select Committee to Investigate the January 6th Attack on the United
States Capitol.  In November 2021, the Committee issued a subpoena to Defendant J.P. Morgan
Chase Bank to obtain records associated with the accounts of Plaintiff Taylor Budowich, a
former spokesperson for then-President Trump who had allegedly directed financial transactions
in connection with the January 6th "Stop the Steal" rally, and his business, Plaintiff Conservative
Strategies, Inc.  JPMorgan notified Plaintiffs on December 21st of the pending subpoena and its
intent to comply unless Budowich could provide within three days a legal basis for the Bank to
withhold the records.  As none was given, JPMorgan furnished the documents to the Select
Committee — too quickly, Plaintiffs complain, for them to intercede.  They thus brought this
action against the Committee and JPMorgan for, among other relief, the return of the records.
Plaintiffs also sought a temporary restraining order for the clawback of the records, which the
Court denied.  <u>See</u> Minute Order (January 20, 2022).

Although the horse may have already left the barn, Plaintiffs now move to compel JPMorgan to provide them with advance notice of at least ten days before producing any <u>additional</u> private financial records to the Committee.  The Court will deny this Motion, as Plaintiffs have utilized the wrong procedural vehicle and failed to provide a sufficient legal basis for the Court to act.

A.  <u>Wrong Procedural Vehicle</u>

JPMorgan first asserts that Plaintiffs do not have standing to bring this Motion.  The Court believes that this position is misguided because the doctrine of standing applies to individual claims, not motions.  <u>Cf.</u> <u>St. Paul Fire & Marine Ins. Co. v. Luke Ready Air, LLC</u>, 880 F. Supp. 2d 1299, 1306 n.2 (S.D. Fla. 2012) ("Challenges made on the basis of ripeness apply to claims rather than individual motions.").

In any event, a motion to compel is not the proper vehicle for pursuing Plaintiffs' desired relief.  Motions to compel are appropriately utilized in the discovery context, under both the Federal Rules of Civil Procedure and the Local Rules of the District Court for the District of Columbia.  Under Federal Rule 37, for example, "a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1); <u>see also</u> Fed R. Civ. P. 26 (outlining contexts where "motion[s] to compel discovery" may be used).  Local Rule 26.2 similarly addresses "motions to compel answers or responses" to proposed discovery, such as interrogatories and requests for admission or production.  <u>See</u> D.D.C. Local R. 26.2(d).  While there are some limited applications of motions to compel outside of the world of discovery — such as a motion to compel arbitration — Budowich cites nothing indicating that a motion to compel notice is among those narrow exceptions.  Such a motion is thus the wrong avenue to obtain notice regarding a private entity's responsiveness to a subpoena.

B.  <u>Insufficient Legal Basis</u>

Even if Plaintiffs had sought relief in the proper form — *e.g.*, via a motion for preliminary injunction, <u>see</u> <u>Hunt v. U.S. Sec. & Exch. Comm'n</u>, 520 F. Supp. 580, 610 (N.D. Tex. 1981) (granting preliminary injunction enjoining Securities and Exchange Commission "from violating Plaintiff's rights under Right to Financial Privacy Act" and addressing "in particular" defective customer-notice letters) — they would still come up empty.  This is because they have not articulated any legal basis to allow this Court to impose an advance-notice requirement upon JPMorgan in the event that the Bank decides to produce further records to the Committee.

Plaintiffs suggest that the Fifth Amendment's Due Process Clause can apply to "private actors," including JPMorgan, when there is "such a close nexus between the State and the challenged [private] action" that the action "may be fairly treated as that of the State itself."  ECF No. 31 (Pls. Motion to Compel Notice) at 4–5 (quoting <u>Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n</u>, 531 U.S. 288, 295 (2001)).  In particular, they maintain that the federal government can be held "responsible" for a private action when it has "exercised [its] coercive power," which includes the issuance of subpoenas.  <u>Id.</u> (quoting <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1004 (1982)).  If this is indeed the case, then Plaintiffs' target in this Motion should be Congress — the issuer of the subpoena — not its recipient, JPMorgan.

Although there can be a statutory right to notice in some circumstances, the Court agrees with Defendant that this is not one of them.  The Right to Financial Privacy Act, for example, does not entitle Plaintiffs to any relief, as it neither applies to congressional inquiries nor protects records relating to corporations such as Conservative Strategies.  <u>See</u> 12 U.S.C. §§ 3401, 3405; <u>see also</u> <u>Trump v. Deutsche Bank AG</u>, 943 F.3d 627, 641–45 (2d Cir. 2019), <u>vacated and</u>

remanded on other grounds sub nom. <u>Trump v. Mazars USA, LLP</u>, 140 S. Ct. 2019 (2020).

Even if the RFPA was applicable, furthermore, "it requires the <u>government authority</u> — not the

financial institution — to provide notice to the customer."  ECF No. 35 (Def. Opp.) at 5 (citing

12 U.S.C. §§ 3405, 3408).

   Perhaps sensing the weakness of their authorities, Plaintiffs fall back on the Court's

ability to enforce advance notice upon JPMorgan under the age-old doctrine of "broad equitable

powers."  Pls. Motion at 5.  The Court remains unpersuaded.  In the absence of an applicable

statute or controlling precedent, an amorphous claim of equity holds little vitality.  Plaintiffs

attempt to rely on <u>Porter v. Warner Holding Co.</u>, 328 U.S. 395 (1946), to support their position,

but such reliance is misguided.  As Defendants correctly note, <u>Porter</u> "addressed the power of the

court to decree the disgorgement of profits, rents, or property obtained in violation of the

Emergency Price Control Act."  Def. Opp. at 8.  That has no bearing on what is happening here.

   C. <u>Conclusion</u>

   The Court, accordingly, ORDERS that Plaintiffs' Motion to Compel Notice is DENIED.

/s/ <u><i>James E. Boasberg</i></u>
JAMES E. BOASBERG
United States District Judge

Date:  <u>April 14, 2022</u>