# EXHIBIT A

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 22-5123**                                                **September Term, 2021**

1:22-cv-00659-TJK

**Filed On:** May 25, 2022

Republican National Committee,

       Appellant

      v.

Nancy Pelosi, in her official capacity as Speaker of the United States House of Representatives, et al.,

       Appellees

      **BEFORE:**    Katsas, Rao, and Walker, Circuit Judges

## O R D E R

Upon consideration of the emergency motion for injunction pending appeal, the responses thereto, and the reply, it is

**ORDERED** that the motion for injunction pending appeal be granted and salesforce.com, inc. ("Salesforce") be enjoined from releasing the records requested by the House Select Committee pending further order of the court. Appellant has satisfied the stringent requirements for an injunction pending appeal. See <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008); <u>D.C. Circuit Handbook of Practice and Internal Procedures</u> 33 (2021). It is

**FURTHER ORDERED**, on the court's own motion, that the administrative injunction entered May 24, 2022, be dissolved. It is

**FURTHER ORDERED** that the following briefing schedule will apply:

| | |
|---|---|
| Appellant's Brief | May 31, 2022 |
| Appendix | May 31, 2022 |
| Appellees' Brief | June 7, 2022 |
| Reply Brief | June 10, 2022 |

The parties are directed to hand deliver the paper copies of their briefs and appendix to the Clerk's office by 4 p.m. on the date due.

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-5123**                                              **September Term, 2021**

Oral argument will be held before this panel on June 14, 2022 at 9:30 a.m.

While not otherwise limited, the parties are directed to address in their briefs the following issues:

Whether the Select Committee itself, as opposed to its Members, is immune from this lawsuit under the Speech and Debate Clause of the Constitution or under principles of federal sovereign immunity;

Whether Salesforce's compliance with the subpoena constitutes state action for purposes of the First Amendment claim.  If so, whether Salesforce is immune from this lawsuit under the Speech and Debate Clause; and

Whether the defendant Members of Congress or the Select Committee were indispensable parties to this lawsuit.

Appellant should raise all issues and arguments in the opening brief.  The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms.  While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known.  See <u>D.C. Circuit Handbook of Practice and Internal Procedures</u> 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  <u>See</u> D.C. Cir. Rule 28(a)(8).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Amy Yacisin
Deputy Clerk